UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD.<br>Plaintiff,<br><br>v.<br><br>RICHARD C. SOMERVILLE, ANNE ROCHE-SOMERVILLE, and SOLAR CONSTRUCTION, INC. F/K/A GLOBE RUBBER WORKS, INC.<br>Defendants. | Civil Action No. 05 10323 DPW<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANT ANNE ROCHE-SOMERVILLE**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

### FIRST DEFENSE

Defendant, Anne Roche-Somerville ("Roche-Somerville") hereby answers plaintiff Globe Composite Solutions, Ltd. f/k/a Kalm-Forsyth Global Innovations, Ltd.'s ("Globe Composite") complaint.

Roche-Somerville answers each separately numbered paragraph of the Complaint as follows:

### Parties

1. Roche-Somerville has insufficient information with which to admit or deny the allegations contained in paragraph 1.

2. Admitted except that the principal place of business is 344 Keene Street, Duxbury, Massachusetts, 02332.

8. Insofar as paragraph 8 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, insofar as paragraph 8 refers to a document, the document speaks for itself and no further answer is necessary.

9. Insofar as paragraph 9 is not directed at Roche-Somerville, no answer is required. Further answering, Roche-Somerville states that she is not a party to the Asset Purchase Agreement.

10. Insofar as paragraph 10 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, insofar as paragraph 10 refers to a document, the document speaks for itself and no further answer is necessary.

11. Insofar as paragraph 11 is not directed at the Roche-Somerville, no answer is required. To the extent that an answer is required, insofar as paragraph 11 refers to a document, the document speaks for itself and no further answer is necessary.

12. Insofar as paragraph 12 is not directed at Roche-Somerville, no answer is required. Further answering, Roche-Somerville states that insofar as the allegations of paragraph 12 refer to a document, the document speaks for itself and no further answer is necessary.

13. Insofar as paragraph 13 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, insofar as paragraph 13 refers to a document, the document speaks for itself and no further answer is necessary.

14. Insofar as paragraph 14 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, Roche-Somervilles admits that certain aspects of certain Globe Rubber operations were subject to certain levels of security clearance but denies the remaining allegations of paragraph 14.

15. Insofar as paragraph 15 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, the allegations are denied.

16. Insofar as paragraph 16 is not directed at Roche-Somerville, no answer is required. To the extent that any further answer is required, Roche-Somerville states that the Asset Purchase Agreement speaks for itself. To the extent that any further answer is required, the allegations are denied.

17. Insofar as paragraph 17 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, Roche-Somerville is without sufficient information and/or knowledge to respond to paragraph 17 and states that the Complaint does not indicate which actions are being referenced as "the actions described above." Further answering, Roche-Somerville is without sufficient information and/or knowledge to know what knowledge the plaintiff acquired during the one and a half (1 ½) year due diligence period prior to the closing during which time the plaintiff and/or its representative(s) and its agent(s) were on site at the Globe Rubber with full access to all of Globe Rubber's business and personnel.

18. Insofar as paragraph 18 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, Roche-Somerville is without sufficient information and/or knowledge to answer the first sentence of paragraph 18. Insofar as the second sentence of paragraph 18 refers to a document, the document speaks for itself and no further answer is necessary. As to the remaining allegations in the second sentence, Roche-Somerville is without sufficient information and/or knowledge to admit or deny whether the Non-Solicitation Agreement was known to Globe Composite until October 2004. Further answering the second sentence, Roche-Somerville states that

4

during the one and a half (1 ½) year due diligence period prior to the closing, the plaintiff and/or its representative(s) and its agent(s) were on site at Globe Rubber with full access to all of Globe Rubber's business and personnel. As to the third sentence in paragraph 18, Roche-Somerville is without sufficient information and/or knowledge of whether and when the plaintiff had prior notice of the Non-Solicitation Agreement. Roche-Somerville admits that Shuster Corporation sued Globe Composite and Somerville based upon Globe Composite's knowing and intentional conduct in Massachusetts Superior Court for Bristol County, *Shuster Corporation v Globe Composite and Richard Somerville*, Civil Action Number BRCV2005-00056.

19. Insofar as paragraph 19 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, to the extent paragraph 19 sets forth conclusions of law and not allegations of fact, no answer is necessary. To the extent that paragraph 19 alleges allegations of fact, paragraph 19 is denied.

20. Insofar as paragraph 20 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, paragraph 20 is denied.

21. Denied, except Roche-Somerville admits on one occasion she expressed her opinion that "you're getting a real bargain." Further answering, Roche-Somerville states that the opinion was not relied upon by the plaintiff and was not part of the Asset Purchase Agreement between Globe Composite, Globe Rubber and Somerville, which contained an integration clause. Further answering, Roche-Somervilles states that when she expressed her opinion she believed and continues to believe it is true. The remaining allegations are denied.

22. Insofar as paragraph 22 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, paragraph 22 is denied.

23. Insofar as paragraph 23 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, to the extent plaintiff must make any expenditure to defend against the Shuster claims, Roche-Somerville states that such expenditures are due to plaintiff's own knowing and intentional conduct for which Roche-Somerville is not liable.

24. Insofar as paragraph 24 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, insofar as paragraph 24 refers to a document, the document speaks for itself and no further answer is necessary. To the extent that any further answer is required, the allegations are denied.

25. Insofar as paragraph 25 is not directed at Roche-Somerville, no answer is required. To the extent the allegation refers to a document, the document speaks for itself.

26. Insofar as paragraph 26 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, paragraph 18 is admitted.

27. Insofar as paragraph 27 is not directed at Roche-Somerville, no answer is required. To the extent that an answer is required, paragraph 27 is denied.

### Count I
### (Breach of Contract)

28. Insofar as paragraph 28 is not directed at Roche-Somerville, no answer is required.

29. Insofar as paragraph 29 is not directed at Roche-Somerville, no answer is required.

30. Insofar as paragraph 30 is not directed at Roche-Somerville, no answer is required.

## Count II
## (Fraud)

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## Count III
## (G.L. c. 231A, § 1)

35. Insofar as paragraph 35 is not directed at Roche-Somerville, no answer is required.

36. Insofar as paragraph 36 is not directed at Roche-Somerville, no answer is required.

37. Insofar as paragraph 37 is not directed at Roche-Somerville, no answer is required.

38. Insofar as paragraph 38 is not directed at Roche-Somerville, no answer is required.

39. Insofar as paragraph 39 is not directed at Roche-Somerville, no answer is required.

40. Insofar as paragraph 40 is not directed at Roche-Somerville, no answer is required.

### Claim IV
### (Violation of G.L. c. 93a)

41. Roche-Somerville denies that she is engaged in trade or commerce as those terms are defined by M.G.L. c. 93A. Roche-Somerville denies any remaining allegations contained in paragraph 41.

42. Denied.

43. Insofar as Roche-Somerville denies the allegations of the acts as set forth in paragraph 42, Roche-Somerville denies such acts were made knowingly and willfully. Roche-Somerville denies any remaining allegations contained in paragraph 43.

44. Denied.

45. Denied.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff's claims must fail due to the equitable doctrine of Estoppel.

### FOURTH DEFENSE

Plaintiff's claims must fail due to the equitable doctrine of Laches.

### FIFTH DEFENSE

Plaintiff's claims must fail due to the equitable doctrine of Waiver.

### SIXTH DEFENSE

Plaintiff's claims must fail due to the equitable doctrine of Unclean Hands.

### SEVENTH DEFENSE

Plaintiff's claims are barred by its failure to mitigate damages.

### EIGHTH DEFENSE

Plaintiff's claims must fail to the extent that they are precluded by Section 7.7 of the Asset Purchase Agreement.

### NINTH DEFENSE

Plaintiff's claim must fail to the extent that they are precluded by Section 10.7 of the Asset Purchase Agreement.

### TENTH DEFENSE

Plaintiff fails to state the circumstances constituting fraud with particularity.

### ELEVENTH DEFENSE

Plaintiff's fraud claims must fail because of its failure to demonstrate reasonable reliance.

### TWELFTH DEFENSE

Any statements made by Roche-Somerville are not actionable since they constitute statements of opinions.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the fact that any statements made by the Roche-Somerville were true.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the fact that any statements made by the Roche-Somervilles were believed by her to be true.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by its own material breach of contract.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred by its unfair and/or deceptive acts or practices in violation of M.G.L. c. 93A.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by its own fraud.

### JURY DEMAND

The Defendant hereby demands a trial by jury on all issues and claims so triable.

WHEREFORE, the defendant respectfully request that this Honorable Court enter judgment dismissing plaintiff's complaint with prejudice in its entirety, with costs and attorney's fees assessed against the plaintiff and grant such other further relief to the defendant as justice may require.

### COUNTERCLAIM

The Defendant Anne Roche-Somerville ("Roche-Somerville"), the Plaintiff-in-Counterclaim hereby asserts the following counterclaim.

#### Parties

1. The Plaintiff-in-Counterclaim Roche-Somerville is an individual residing at 344 Keene Street, Duxbury, Massachusetts 02332.

2. Upon information and belief, the Defendant-in-Counterclaim Globe Composite Solutions, Ltd., f/k/a Kalm-Forsythe Global Innovations, Ltd. ("Globe Composite") is a Texas Corporation with a principal place of business at 10440 N. Central Expressway, Suite 1475, Dallas, Texas 75231.

3. Upon information and belief, the Defendant-in-Counterclaim Carl W. Forsythe ("Forsythe") is an individual residing in Texas and is the President and CEO of Globe Composite.

## Jurisdiction and Venue

4. Supplemental jurisdiction is conferred by 28 U.S.C. § 1367 because this Counterclaim arises from the same nucleus of operative facts that give rise to the Complaint, for which jurisdiction is proper pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391 (a) because Globe Composite is doing business in this district, the claims arose in this district and the defendants-in-counterclaim are located in this district.

## Factual Background

6. On or about August 3, 2004, Globe Composite, Solar Construction, Inc. f/k/a Globe Rubber Works, Inc. ("Globe Rubber") and Richard C. Somerville ("Somerville") entered into an Asset Purchase Agreement (the "Asset Purchase Agreement").

7. Disputes have arisen between Globe Composite and Forsythe on the one hand, and Globe Rubber and Somerville on the other hand, which are the subject of this action.

8. In its complaint, Globe Composite has asserted a meritless claim against Roche-Somerville for a purpose other than that for which the suit was brought against Roche-Somerville.

9. Roche-Somerville was named in the suit to put pressure on Somerville, Roche-Somerville's husband, to abandon the monies to which he is entitled under the Asset Purchase Agreement, various notes, an employment agreement, and an escrow agreement.

10. The suit against Roche-Somerville constitutes abuse of process.

## Count I
## (Abuse of Process)
### Roche-Somerville v. Globe Composite and Forsythe

11. Roche-Somerville re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 10 as if fully set forth herein in their entirety.

12. The suit against Roche-Somerville is without merit and merely an attempt to involve her in a dispute based on her relationship with the co-defendants.

13. At the time the defendants-in-counterclaim brought suit, they knew or had reason to know that the actions against Roche-Somerville were groundless.

14. In bringing suit against Roche-Somerville, the defendants-in-counterclaim used process for ulterior motives.

15. As a result of the defendants-in-counterclaim's actions, Roche-Somerville has been damaged in an amount to be determined at trial.

## Count II
## (Violation of M.G.L. c. 93A)

12

## Roche-Somerville v. Globe Composite and Forsythe

16. Roche-Somerville re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 15 as if fully set forth herein in their entirety.

17. At all times materials Globe Composite and Forsythe were engaged in trade or commerce.

18. The actions and/or inactions by Globe Composite and Forsythe, including among others, those as set forth above related to their ongoing trade or commerce and constitute unfair and/or deceptive acts or practices prescribed by M.G.L. c. 93A §§ 2 & 11.

19. The unfair and/or deceptive acts or practices, including among others, those as set forth above, were done knowingly and/or willfully.

20. The defendants-in-counterclaim's acts and/or omissions occurred substantially and primarily within the Commonwealth of Massachusetts.

21. As a direct and proximate result of the unfair and/or deceptive acts or practices of the defendants-in-counterclaim, Roche-Somerville has suffered and continues to suffer damages.

22. As a result of the defendants-in-counterclaim's violations of G.L. c. 93A, Roche-Somerville is entitled to three times her actual damages plus interest, costs, expert fees and reasonable attorney's fees.

## **JURY DEMAND**

The plaintiff-in-counterclaim hereby demands a trial by jury on all issues and claims so triable.

## PRAYERS FOR RELIEF

WHEREFORE, the defendant/plaintiff-in-counterclaim respectfully requests that this Honorable Court award the following relief:

1. Enter judgment on Count I of the Counterclaim in favor of Roche-Somerville and against the Globe Composite and Forsythe jointly and severally, in the amount of Roche-Somerville's damages plus interest, costs and expenses, including attorney's fees.

2. Enter judgment on Count II of the Counterclaim in favor of plaintiff-in-counterclaim and against Globe Composite and Forsythe, jointly and severally, in the amount of three times plaintiff-in-counterclaim's damages plus interest, costs and expenses, including attorney's fees and expert fees.

3. Grant such other and further relief to the defendant/plaintiff-in-counterclaim as justice may require.

Respectfully submitted,
The Defendant, Anne Roche-Somerville
By her attorney,

Mark S. Furman (BBO# 181680)
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue
Boston, MA 02199
(617) 218-2000

Dated: March 29, 2005

## CERTIFICATE OF SERVICE

I, Mark S. Furman, hereby certify that on March 29, 2005, I served the above Answer and Counterclaim upon the plaintiff by causing a copy to be hand delivered to Evan T. Lawson, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210-2414.

_____
Mark S. Furman

15