UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD.<br>Plaintiff,<br><br>v.<br><br>RICHARD C. SOMERVILLE, ANNE ROCHE-SOMERVILLE, and SOLAR CONSTRUCTION, INC. F/K/A GLOBE RUBBER WORKS, INC.<br>Defendants. | Civil Action No. 05 10323 DPW |

## OPPOSITION OF ANNE ROCHE-SOMERVILLE TO (i) PLAINTIFF'S MOTION FOR ATTACHMENT; AND (ii) MOTION FOR ATTACHMENT ON TRUSTEE PROCESS

Anne Roche-Somerville ("Roche-Somerville"), a defendant in the above captioned action, hereby opposes plaintiff Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd.'s ("Globe Composite") Motion for Attachment and Motion for Attachment on Trustee Process (collectively, the "Motions"). As grounds therefor, Roche-Somerville states as follows:

### SUMMARY

Globe Composite's Motions should be denied because there is no reasonable likelihood that Globe Composite will succeed on its claims against Roche-Somerville, let alone in an amount equal to or greater than that which it seeks to attach. The action against Roche-Somerville is incredulous given her nonexistent role in the negotiations leading up to Globe Composite's purchase of assets of Solar Construction, Inc. f/k/a

Globe Rubber Works, Inc. ("Globe Rubber"). Roche-Somerville is the wife of the prior owner of Globe Rubber, Richard C. Somerville ("Somerville"), and expressed her opinion that Globe Composite was getting "a real bargain" when the Asset Purchase Agreement was signed. This was nothing more than the wife of a business owner expressing her pride in her husband's business. Roche-Somerville never commented on the corporate health or whether or not Globe Rubber was in compliance with its contractual obligations.

That Globe Composite now seeks to attach all of Roche-Somerville's assets based on this one comment is astonishing and is nothing more than a tactic by the plaintiff to strike fear in Roche-Somerville in an attempt to gain leverage in its action against her husband. Moreover, the fact that Globe Composite initially sought to attach Roche-Somerville's assets *ex parte* in the face of the flimsy allegations in the Complaint against her further evidences the economic bullying tactic of the plaintiff.

Roche-Somerville was never a party to the Asset Purchase Agreement between and among Globe Composite, Globe Rubber, or Somerville, nor has she been an officer, director, or shareholder of Globe Rubber. Roche-Somerville's opinion is not actionable as it was merely that - an opinion - which Roche-Somerville believed to be true at the time she expressed her view. At the time that Roche-Somerville expressed her opinion, she was not even an employee of Globe Rubber; any contention that Globe Composite reasonably relied on Roche-Somerville's opinion is absurd, particularly in light of the extensive due diligence Globe Composite performed for over one year prior to the time that Roche-Somerville expressed her opinion.

The actual disputes in this action lie between and among Globe Composite, Globe Rubber, Carl Forsythe ("Forsythe"), and Somerville. That Roche-Somerville is even named as a party to this suit constitutes an abuse of process, which is the subject of a counterclaim filed by her today. Roche-Somerville was clearly not engaged in trade or commerce during any relevant period of time and thus is not subject to any liability pursuant to M.G.L. c. 93A.

Not only are the claims against Roche-Somerville not actionable but, in reality, they were brought with the ulterior motive of putting pressure on Roche-Somerville's husband, defendant Somerville, to abandon his claim to the monies to which he is entitled under the Asset Purchase Agreement, various notes, an employment agreement, and an escrow agreement.

Even if the claims against Roche-Somerville or any other defendant in this action warranted relief to Globe Composite, which Roche-Somerville expressly denies, Globe Composite should not be permitted to attach any of the defendants' assets as its interests, if any, are more than adequately protected pursuant to Article 7 of the Asset Purchase Agreement. Article 7 provides the exclusive remedy under the Asset Purchase Agreement for Globe Composite and gives it an escrow fund totaling $190,000 and a right of set-off against monies owed to Somerville and/or Globe Rubber by Globe Composite. The amounts owed by Globe Composite are approximately $2,000,000. Somerville is also entitled to receive a 7.5% equity interest in Globe Composite under the Asset Purchase Agreement, which interest was valued at approximately $750,000.

Because there is no likelihood that the plaintiff will prevail on any of its claims against Roche-Somerville and because, even if it did, any potential recovery is less than

monies placed in escrow or subject to set-off rights under the Asset Purchase Agreement, Globe Composite's attempt to bully Roche-Somerville through economic warfare should not be allowed and the Motions should be denied.

## FACTUAL BACKGROUND

Roche-Somerville's husband, Somerville, began working at Globe Rubber in or about 1956 and he eventually acquired Globe Rubber in or about 1984.

In or about February 2003, Forsythe approached Somerville and initiated negotiations related to Globe Composite's potential acquisition of the Globe Rubber business. During the negotiations that ensued over approximately one and a half (1 ½) years, Forsythe personally, and/or through his agent(s) and representative(s) including, without limitation, John Boodee ("Boodee"), examined financial and operational aspects of Globe Rubber and conducted detailed due diligence, including investigations into all aspects of Globe Rubber's business. Globe Rubber provided Forsythe and/or his agent(s) or his representative(s) with full access to the Globe Rubber facility and its personnel. Boodee was embedded within the Globe Rubber facility and operations for an extensive period of time.

In or about August 2004, Globe Composite, Globe Rubber and Somerville executed the Asset Purchase Agreement, a copy of which is attached to the Affidavit of Richard C. Somerville without exhibits as **Exhibit A**. On that day, Roche-Somerville expressed her opinion to Forsythe that he was "getting a real bargain." At the time Roche-Somerville expressed her opinion, she believed her opinion to be true. To this day, Roche-Somerville believes her statement to be true. Roche-Somerville never represented that Globe Rubber was in "good corporate health and was in compliance with

its contractual obligations," nor did she ever state to Forsythe "you're getting a real jewel." At the time Roche-Somerville stated her opinion, she was not an officer, director or shareholder of Globe Rubber; she was not even an employee. She was simply the wife of the owner who was stating her opinion.

Roche-Somerville denies that, under any legal theory or against any defendant in this case, Globe Composite has suffered substantial damages. To the extent Globe Composite suffered any damages, however, its interests are more than adequately protected pursuant to the $190,000 held in escrow and the set-off rights provided for in the Asset Purchase Agreement. The Asset Purchase Agreement represents an extensively negotiated expression of the rights as between Globe Composite, Globe Rubber, and Somerville, which is a fully integrated document. The parties to the Asset Purchase Agreement were represented by counsel who negotiated all channels of recovery available for claims. It was agreed that the only remedy available would be through indemnification and that even that right would be subject to limits, with the parties having set aside $190,000 in escrow to satisfy claims and with Globe Composite obtaining a contractual right to set-off any legitimate claims it had under the Asset Purchase Agreement against Globe Composite's substantial liabilities to Globe Rubber and/or Somerville.

In this case, Globe Composite and Forsythe are currently in default to Somerville under three promissory notes in the total amount of $750,000. Furthermore, there is currently $190,000 in escrow, $165,000 of which was designated to satisfy indemnification claims arising out of the parties' Asset Purchase Agreement. Therefore, there is currently at least $940,000 available in security under outstanding promissory

notes and in the escrow account to satisfy any of its claims that Globe Composite can actually prove. This $950,000 does not even include the additional amounts owed by Globe Composite to Somerville under an Employment Agreement, which is in excess of $1,000,000, or Somerville's right to a 7.5% equity interest in Globe Composite, which was valued at $750,000. Globe Composite has more than adequate protection and its Motions should be denied.

## ARGUMENT

In accordance with Rule 64, Fed. R. Civ. P., the substantive standard for an attachment is governed by Mass. R. Civ. P. Rule 4.1(c) which provides that that an order for attachment may only be entered:

> after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment.

Mass. R. Civ. P. 4.1(c). The standard for trustee process is governed by Mass. R. Civ. P. 4.2(c), which is identical to the above quoted language. The Rules also require the movant to support the motion by affidavit setting forth "specific facts sufficient to warrant the required findings." Mass. R. Civ. P. 4.1(c) & (h); Mass. R. Civ. P. 4.2.

The central question on Globe Composite's Motions is whether Globe Composite is likely to prevail on the merits and obtain damages in the necessary amount. See Hamilton v. Arnold, 135 F. Supp. 2d. 99, 104 (D. Mass. 2001) (Groton, J.) (citations omitted). Not only are the allegations against Roche-Somerville groundless, but they were put forth with ulterior motives to induce Somerville to allow Globe Composite to

6

shirk its monetary obligations to him under the Asset Purchase Agreement. Globe Composite is unlikely to succeed on any of its claims against Roche-Somerville.

Given that Roche-Somerville's statement of opinion does not form the basis for any cause of action, the terms and conditions of the Asset Purchase Agreement, Globe Composite's exhaustive due diligence in the year prior to the execution of the Asset Purchase Agreement, and Globe Composite's conduct and financial achievements following the Asset Purchase Agreement, it is highly unlikely that Globe Composite will succeed on the merits of its claims.

Additionally, Globe Composites' right, if any, are adequately protected pursuant to the escrow and set-off rights provided under the Asset Purchase Agreement, which greatly exceeds any potential recovery that may be available to Globe Composite.

Accordingly, Globe Composite is not entitled to any attachment or trustee process against Roche-Somerville's assets.

### 1. Globe Composite's Fraud Claims Will Fail

Globe Composite will fail on its fraud claim against Roche-Somerville. Roche-Somerville's expression of her opinion that Globe Composite was getting a good deal and the denied allegation that it was a gem of a company in no way forms the basis for a fraud cause of action. In order to establish fraud, Globe Composite must establish a false statement of material fact made with knowledge of its falsity, reliance on the statement, and damages resulting from such reliance. See Rodowicz v. Massachusetts Mutual Life Insurance Co., 192 F.3d 162, 175 (1st Cir. 1999)(citation omitted) *as amended, rehearing en banc denied* 195 F.3d 65.

Roche-Somerville's expression of her opinion that Globe Composite was "getting a real bargain" was not a material statement of fact, it was clearly her opinion and there was nothing about the context in which it was stated where it could have been construed otherwise. It is well established that statements of opinion do not for the basis for a fraud action in Massachusetts. See id. at 175. The statement made by Roche-Somerville was clearly her opinion and nothing more. A statement that someone is getting "a good deal" or "a bargain" necessarily is a matter of opinion as it represents nothing more than the subjective belief of one person. Roche-Somerville's statement was nothing more than her opinion and it is not actionable.

Even if Roche-Somerville's statement could be construed as something more than her opinion, which she expressly denies, she was not a party to the negotiations between Globe Composite and Globe Rubber, nor was she in any position at Globe Rubber to be making representations on behalf of the company and Globe Composite knew this. Accordingly, Globe Composite did not rely on any such statement or, to the extent it did, such reliance cannot be construed as reasonable. Globe Composite engaged in extensive due diligence for over a year prior to executing the Asset Purchase Agreement. Any contention that it reasonably relied on Roche-Somerville's opinion as to the value of Globe Rubber or otherwise is absurd.

Roche-Somerville's statement expression of her opinion did not constitute fraud and this claim should fail and the Motions should be denied.

### 2. Roche-Somerville Did Not Violate M.G.L. c. 93A

Besides the fact that Roche-Somerville's statement of her opinion does not give rise to any action, she was never a person engaged in commerce or trade such that she

8

could be liable pursuant to Chapter 93A. See, e.g., Arthur D. Little v. Dooyang Corp., 147 F.3d 47, 55 (1<sup>st</sup>Cir. 1998)(chapter 93A imposes liability for those engaged in trade or commerce). Even if Roche-Somerville was engaged in trade or commerce sufficient to expose her to 93A liability, which she expressly denies, her statement of opinion in no way rises to the level of falling "within the penumbra of some common-law, statutory, or other established concept of unfairness...." See id. (quoting Linkage Corp. v. Trustees of Boston University, 425 Mass. 1 (1997)). Accordingly, the 93A claim against Roche-Somerville is improper and should fail and the Motions should be denied.

### 3. Globe Composite Has Adequate Security To Obtain Satisfaction For any Judgment; The Motions Represent Ulterior Motives

Attachment of Roche-Somerville's assets is inappropriate as there is no cognizable claim against her. The plaintiffs seek attachment and/or trustee process merely for annoyance purposes and in their bad faith attempt to get Roche-Somerville's husband to give up monetary claims he has against him.

In assessing the appropriateness of a motion for attachment, the court looks to "the attendant circumstances, including the strength of the plaintiff(s) case and the location, current use, valuation and current interests in the property sought to be attached." Montague Corp. v. Simon Worldwide, Inc., 2001 WL 1226854 (Mass. Super. 2001) (Lauriat, J.) citing Anderson Foreign Motors v. New England Toyota Distributors, Inc., 492 F. Supp. 1383, 1390 (D. Mass. 1980) (Garrity, J.).

If it is ultimately determined that any monies are owed to Globe Composite, it has a minimum of $940,000 of obligations to Globe Rubber and/or Somerville against which it is entitled to exercise set off rights pursuant to Article 7.6 of the Asset Purchase Agreement. This figure doesn't even include the substantial rights Somerville has against

Globe Composite pursuant to his Employment Agreement, which exceeds $1,000,000, or Globe Composite's ability to seek to reach Somerville's 7.5% interest in Globe Composite to satisfy a legitimate claim. Not only is the plaintiff's case against Roche-Somerville without merit, but even it there was merit to any claims against her or Somerville, there is more than sufficient security in the form of the escrow fund and the right to set-off the monies owed to Somerville. The Motions should be denied.

## CONCLUSION

Globe Composite's Motions are wholly inappropriate. Globe Composite has failed to make the requisite showing of a likelihood of success against Roche-Somerville because its claims against her are wholly without merit. Moreover, the requested attachment and/or trustee process is unreasonable and unnecessary because there is currently at least $940,000 available in security to Globe Composite under outstanding promissory notes and in an escrow account to satisfy any claims that it may ultimately prove. More likely there is over $2,000,000 in available security in the unlikely event Globe Composite succeeds on any of its claims. None of those claims lie against Roche-Somerville. The Motions for Attachment should be denied.

WHEREFORE, Anne Roche-Somerville respectfully requests that the Plaintiff's Motion for Attachment and Motion for Attachment on Trustee Process be denied.

Respectfully submitted,
Anne Roche-Somerville,
By her attorneys,

_____
Mark S. Furman (BBO# 181680)
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue
Boston, MA 02199
(617) 218-2000

Dated: March 29, 2005

## CERTIFICATE OF SERVICE

I, Mark S. Furman, hereby certify that on March 29, 2005, I served a copy of the above *Opposition to (i) Plaintiff's Motion for Attachment; and (ii) Motion for Attachment on Trustee Process* upon the plaintiff by causing a copy to be hand delivered, to Evan T. Lawson, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210-2414.

_____
Mark S. Furman