UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
RICHARD C. SOMERVILLE and           )
SOLAR CONSTRUCTION, INC. F/K/A      )
GLOBE RUBBER WORKS, INC.            )
          Plaintiffs-in-Counterclaim )
                                    )
                                    )   Civil Action No.
                                    )   05-10323DPW
v.                                  )
                                    )
GLOBE COMPOSITE SOLUTIONS, LTD.     )
F/K/A KALM-FORSYTHE GLOBAL          )
INNOVATIONS, LTD. and CARL FORSTYHE, )
          Defendants-in-Counterclaim. )
_____ )

## ANSWER OF GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSTYHE GLOBAL INNOVATIONS, LTD.

FIRST DEFENSE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. To the extent Paragraph 5 states legal conclusions, no response is required.

6. To the extent Paragraph 6 states legal conclusions, no response is required.

7. Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd. ("Globe Composite") is without sufficient information to admit or deny Paragraph 7.

8. Globe Composite is without sufficient information to admit or deny Paragraph 8.

9. Globe Composite is without sufficient information to admit or deny Paragraph 9.

10. Admitted.

11. Globe Composite is without sufficient information to admit or deny Carl Forsythe's ("Forsythe") personal actions. Globe Composite denies the remainder of Paragraph 11.

12. Globe Composite admits that it executed an Asset Purchase Agreement with Globe Rubber and Richard Somerville ("Somerville") in August 2004. Globe Composite admits that Exhibit A is a copy of the Asset Purchase Agreement. Globe Composite admits that Exhibit B is the Globe Rubber Disclosure Schedule. These documents speak for themselves and require no further response.

13. Exhibit A is a document that speaks for itself. No further response is necessary.

14. Exhibit A is a document that speaks for itself. Globe Composite admits that Exhibit C is a promissory note executed by Globe Composite and payable to Somerville. Globe Composite admits that Exhibit D is a promissory note executed by Globe Composite and payable to Somerville. Globe Composite admits that Exhibit E is a promissory note executed by Globe Composite and Forsythe and payable to Somerville.

15. Exhibit C is a document that speaks for itself. No further response is necessary.

16. Exhibit D is a document that speaks for itself. No further response is necessary.

17. Exhibit E is a document that speaks for itself. Globe Composite denies the remaining allegations of Paragraph 17.

18. To the extent Paragraph 18 states legal conclusions, no response is required. Globe Composite denies the remaining allegations of Paragraph 18.

19. Exhibit F is a document that speaks for itself. No further response is necessary.

20. Exhibit A is a document that speaks for itself. No further response is necessary.

21. Exhibit A is a document that speaks for itself. Globe Composite is without sufficient information to admit or deny the remainder of Paragraph 21.

22. Exhibit G is a document that speaks for itself. No further response is necessary.

23. Exhibit G is a document that speaks for itself. No further response is necessary.

24. Exhibit G is a document that speaks for itself. No further response is necessary.

25. Exhibit G is a document that speaks for itself. No further response is necessary.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Globe Composite denies that it wrongfully demanded all escrow funds. Globe Composite is without sufficient information to admit or deny the remainder of Paragraph 38.

39. Exhibit H is a document that speaks for itself. No further response is necessary.

40. Denied.

41. Denied.

42. Admitted.

43. Denied.

44. Denied.

45. Globe Composite is without sufficient information to admit or deny Paragraph 45.

46. To the extent Paragraph 46 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 46.

47. Globe Composite re-alleges and incorporates herein by reference its responses as set forth above.

48. To the extent Paragraph 48 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 48.

49. To the extent Paragraph 49 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 49.

50. Globe Composite re-alleges and incorporates herein by reference its responses as set forth above.

51. To the extent Paragraph 51 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 51.

52. To the extent Paragraph 52 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 49.

53. Globe Composite re-alleges and incorporates herein by reference its responses as set forth above.

54. To the extent Paragraph 54 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 54.

55. To the extent Paragraph 55 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 55.

56. To the extent Paragraph 56 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 56.

57. Globe Composite re-alleges and incorporates herein by reference its responses as set forth above.

58. To the extent Paragraph 58 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 58.

59. To the extent Paragraph 59 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 59.

60. To the extent Paragraph 60 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 60.

61. Globe Composite re-alleges and incorporates herein by reference its responses as set forth above.

62. To the extent Paragraph 62 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 62.

63. To the extent Paragraph 63 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 63.

64. To the extent Paragraph 64 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 64.

65. Paragraph 65 is not directed to Globe Composite. Globe Composite is without sufficient information to admit or deny Paragraph 65.

66. Paragraph 66 is not directed to Globe Composite. Globe Composite is without sufficient information to admit or deny Paragraph 66.

67. Paragraph 67 is not directed to Globe Composite. Globe Composite is without sufficient information to admit or deny Paragraph 67.

68. Paragraph 68 is not directed to Globe Composite. Globe Composite is without sufficient information to admit or deny Paragraph 68.

69. Paragraph 69 is not directed to Globe Composite. Globe Composite is without sufficient information to admit or deny Paragraph 69.

70. Globe Composite re-alleges and incorporates herein by reference its responses as set forth above.

71. To the extent Paragraph 71 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 71.

72. To the extent Paragraph 72 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 72.

73. To the extent Paragraph 73 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 73.

74. To the extent Paragraph 74 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 74.

75. Globe Composite re-alleges and incorporates herein by reference its responses as set forth above.

76. To the extent Paragraph 76 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 76.

77. To the extent Paragraph 77 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 77.

78. Globe Composite is without sufficient information to admit or deny Paragraph 78.

79. Denied.

80. Denied.

81. To the extent Paragraph 81 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 81.

82. To the extent Paragraph 82 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 82.

83. To the extent Paragraph 83 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 83.

84. Globe Composite re-alleges and incorporates herein by reference its responses as set forth above.

85. To the extent Paragraph 85 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 85.

86. To the extent Paragraph 86 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 86.

87. To the extent Paragraph 87 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 87.

88. To the extent Paragraph 88 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 88.

89. To the extent Paragraph 89 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 89.

90. To the extent Paragraph 90 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 90.

91. Paragraph 91 is not directed to Globe Composite. Globe Composite is without sufficient information to admit or deny Paragraph 91.

92. Exhibit A is a document that speaks for itself. No further response is necessary.

93. Exhibit A is a document that speaks for itself. No further response is necessary.

94. Exhibit A is a document that speaks for itself. No further response is necessary.

95. Admitted.

96. Exhibit A is a document that speaks for itself. No further response is necessary.

97. To the extent Paragraph 97 states legal conclusions, no response is required. Globe Composite denies the remainder of Paragraph 97.

98. Paragraph 98 is not directed to Globe Composite. Globe Composite is without sufficient information to admit or deny Paragraph 98.

99. Paragraph 99 is not directed to Globe Composite. Globe Composite is without sufficient information to admit or deny Paragraph 99.

100. Paragraph 100 is not directed to Globe Composite. Globe Composite is without sufficient information to admit or deny Paragraph 100.

## SECOND DEFENSE

The Complaint in counterclaim fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs-in-counterclaim's claims must fail because of the doctrine of unclean hands.

## FOURTH DEFENSE

Plaintiffs-in-counterclaim's claims must fail because of the doctrine of estoppel.

FIFTH DEFENSE

To the extent Globe Composite has any obligations to the Plaintiffs-in-counterclaim, such obligations have been fully, completely, and properly performed in every respect.

SIXTH DEFENSE

Plaintiffs-in-counterclaim's fraud claims must fail because they have failed to state the circumstances constituting fraud with particularity.

SEVENTH DEFENSE

Plaintiffs-in-counterclaim's claims are barred by their own material breach of contract.

EIGHTH DEFENSE

Plaintiffs-in-counterclaim's claims are barred by their own fraud.

NINTH DEFENSE

Plaintiffs-in-counterclaim's claims are barred by their own unfair and deceptive acts or practices in violation of G.L. c. 93A.

By its attorneys,

\_\_\_/s/ Kristina A. Engberg\_\_\_\_
Evan T. Lawson, BBO# 289280
Kristina A. Engberg, BBO# 629441
J. Mark Dickison, BBO# 629170
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, Massachusetts  02210
(617) 439-4990

<u>CERTIFICATE OF SERVICE</u>

    I, Kristina A. Engberg, hereby certify that on April 18, 2005, I served the above Answer upon the defendants by sending a copy via first class mail to Mark S. Furman, Tarlow, Breed, Hart & Rodgers, P.C., 101 Huntington Avenue, Boston, MA 02199.

                                               ___/s/ Kristina A. Engberg___
                                               Kristina A. Engberg