UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
GLOBE COMPOSITE SOLUTIONS, LTD.        )
F/K/A KALM-FORSYTHE GLOBAL             )
INNOVATIONS, LTD.                      )
            Plaintiff,                 )
                                       )         Civil Action No.
v.                                     )         05-10323DPW
                                       )
RICHARD C. SOMERVILLE, ANNE ROCHE-     )
SOMERVILLE, and GLOBE CONSTRUCTION,    )
INC. F/K/A GLOBE RUBBER WORKS, INC.    )
            Defendants.                )
_____)


_____
                                       )
RICHARD C. SOMERVILLE and              )
SOLAR CONSTRUCTION, INC. F/K/A         )
GLOBE RUBBER WORKS, INC.               )
            Plaintiffs-in-Counterclaim )
                                       )
                                       )
v.                                     )
                                       )
GLOBE COMPOSITE SOLUTIONS, LTD.        )
F/K/A KALM-FORSYTHE GLOBAL             )
INNOVATIONS, LTD. and CARL FORSTYHE,   )
            Defendants-in-Counterclaim.)
_____)


## ANSWER OF CARL W. FORSYTHE

FIRST DEFENSE

1. Admitted.

2. Admitted.

3. Admitted.

    4.        Admitted.

    5.        To the extent Paragraph 5 states legal conclusions, no response is required.

    6.        To the extent Paragraph 6 states legal conclusions, no response is required.

    7.        Carl W. Forsythe ("Forsythe") is without sufficient information to admit or deny Paragraph 7.

    8.        Forsythe is without sufficient information to admit or deny Paragraph 8.

    9.        Forsythe is without sufficient information to admit or deny Paragraph 9.

    10.       Admitted.

    11.       Forsythe admits that he or his agents and representatives examined some financial and operational aspects of Globe Rubber Works, Inc. Forsythe denies the remainder of Paragraph 11.

    12.       Forsythe admits that Exhibit A is a copy of the Asset Purchase Agreement. Forsythe admits that Exhibit B is the Globe Rubber Disclosure Schedule. These documents speak for themselves and require no further response.

    13.       Exhibit A is a document that speaks for itself. No further response is necessary.

    14.       Exhibit A is a document that speaks for itself. Forsythe admits that Exhibit C is a promissory note executed by Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd. ("Globe Composite") and payable to Somerville. Forsythe admits that Exhibit D is a promissory note executed by Globe Composite and payable to Somerville. Forsythe admits that Exhibit E is a promissory note executed by Globe Composite and Forsythe and payable to Somerville.

15. Exhibit C is a document that speaks for itself. No further response is necessary.

16. Exhibit D is a document that speaks for itself. No further response is necessary.

17. Exhibit E is a document that speaks for itself. Forsythe denies the remaining allegations of Paragraph 17.

18. To the extent Paragraph 18 states legal conclusions, no response is required. Forsythe denies the remaining allegations of Paragraph 18.

19. Exhibit F is a document that speaks for itself. No further response is necessary.

20. Exhibit A is a document that speaks for itself. No further response is necessary.

21. Exhibit A is a document that speaks for itself. Forsythe denies the remaining allegations of Paragraph 21.

22. Exhibit G is a document that speaks for itself. No further response is necessary.

23. Exhibit G is a document that speaks for itself. No further response is necessary.

24. Exhibit G is a document that speaks for itself. No further response is necessary.

25. Exhibit G is a document that speaks for itself. No further response is necessary.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Forsythe denies that Globe Composite wrongfully demanded all escrow funds. Forsythe is without sufficient information to admit or deny the remainder of Paragraph 38.

39. Exhibit H is a document that speaks for itself. No further response is necessary.

40. Denied.

41. Denied.

42. Admitted.

43. Denied.

44. Denied.

45. Forsythe is without sufficient information to admit or deny Paragraph 45.

46. To the extent Paragraph 46 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 46.

47. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

48. To the extent Paragraph 48 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 48.

49. To the extent Paragraph 49 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 49.

50. Paragraph 50 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 50.

51. Paragraph 51 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 51.

52. Paragraph 52 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 52.

53. Paragraph 53 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 53.

54. Paragraph 54 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 54.

55. Paragraph 55 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 55.

56. Paragraph 56 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 56.

57. Paragraph 57 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 57.

58. Paragraph 58 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 58.

59. Paragraph 59 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 59.

60. Paragraph 60 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 60.

61. Paragraph 61 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 61.

62. Paragraph 62 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 62.

63. Paragraph 63 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 63.

64. Paragraph 64 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 64.

65. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

66. To the extent Paragraph 66 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 66.

67. To the extent Paragraph 67 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 67.

68. To the extent Paragraph 68 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 68.

69. To the extent Paragraph 69 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 69.

70. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

71. To the extent Paragraph 71 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 71.

72. To the extent Paragraph 72 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 72.

73. To the extent Paragraph 73 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 73.

74. To the extent Paragraph 74 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 74.

75. Forsythe re-alleges and incorporates herein by reference its responses as set forth above.

76. To the extent Paragraph 76 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 76.

77. To the extent Paragraph 77 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 77.

78. To the extent Paragraph 78 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 78.

79. Denied.

80. Denied.

81. To the extent Paragraph 81 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 81.

82. To the extent Paragraph 82 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 82.

83. To the extent Paragraph 83 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 83.

84. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

85. To the extent Paragraph 85 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 85.

86. To the extent Paragraph 86 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 86.

87. To the extent Paragraph 87 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 87.

88. To the extent Paragraph 88 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 88.

89. To the extent Paragraph 89 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 89.

90. To the extent Paragraph 90 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 90.

91. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

92. Exhibit A is a document that speaks for itself. No further response is necessary.

93. Exhibit A is a document that speaks for itself. No further response is necessary.

94. Exhibit A is a document that speaks for itself. No further response is necessary.

95. Admitted.

96. Exhibit A is a document that speaks for itself. No further response is necessary.

97. To the extent Paragraph 97 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 97.

98. To the extent Paragraph 98 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 98.

99. To the extent Paragraph 99 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 99.

100. To the extent Paragraph 100 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 100.

## SECOND DEFENSE

The Complaint in counterclaim fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs-in-counterclaim's claims must fail because of the doctrine of unclean hands.

## FOURTH DEFENSE

Plaintiffs-in-counterclaim's claims must fail because of the doctrine of estoppel.

## FIFTH DEFENSE

To the extent Forsythe has any obligations to the Plaintiffs-in-counterclaim, such obligations have been fully, completely, and properly performed in every respect.

## SIXTH DEFENSE

Plaintiffs-in-counterclaim's fraud claims must fail because they have failed to state the circumstances constituting fraud with particularity.

## SEVENTH DEFENSE

Plaintiffs-in-counterclaim's claims are barred by their own material breach of contract.

## EIGHTH DEFENSE

Plaintiffs-in-counterclaim's claims are barred by their own fraud.

## NINTH DEFENSE

Plaintiffs-in-counterclaim's claims are barred by their own unfair and deceptive acts or practices in violation of G.L. c. 93A.

By his attorneys,

____/s/ Kristina A. Engberg_____
Evan T. Lawson, BBO# 289280
Kristina A. Engberg, BBO# 629441
J. Mark Dickison, BBO# 629170
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, Massachusetts  02210
(617) 439-4990

CERTIFICATE OF SERVICE

    I, Kristina A. Engberg, hereby certify that on May 4, 2005, I served the above Answer upon the defendants by sending a copy via first class mail to Mark S. Furman, Tarlow, Breed, Hart & Rodgers, P.C., 101 Huntington Avenue, Boston, MA 02199.

                                                    __/s/ Kristina A. Engberg_____
                                                    Kristina A. Engberg