UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD.<br>   Plaintiff,<br><br>v.<br><br>RICHARD C. SOMERVILLE, SOLAR CONSTRUCTION, INC. F/K/A GLOBE RUBBER WORKS, INC. and ANNE ROCHE-SOMERVILLE<br>   Defendants. | Civil Action No. 05 10323 DPW |
| RICHARD C. SOMERVILLE, SOLAR CONSTRUCTION, INC. F/K/A GLOBE RUBBER WORKS, INC. and ANNE ROCHE-SOMERVILLE<br>   Plaintiffs-in-Counterclaim,<br><br>v.<br><br>GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD. and CARL W. FORSYTHE,<br>   Defendants-in-Counterclaim. | |

<u>**DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM, ANNE ROCHE-SOMERVILLE, IN HER INDIVIDUAL CAPACITY AND IN HER CAPACITY AS TEMPORARY EXECUTRIX OF THE ESTATE OF RICHARD C. SOMERVILLE AND SOLAR CONSTRUCTION, INC. F/K/A GLOBE RUBBER WORKS, INC.'S AUTOMATIC DISCLOSURE STATEMENT**</u>

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2(A), Defendants/Plaintiff's-In-Counterclaims, Anne Roche-Somerville ("Roche-

1

Somerville") in her individual capacity and in her capacity as Temporary Executrix of the Estate of Richard C. Somerville and Solar Construction, Inc. f/k/a Globe Rubber Works, Inc. ("Globe Rubber"), by their attorneys, hereby submit this Automatic Disclosure Statement. Roche-Somerville and Globe Rubber recognize that this disclosure obligation continues throughout the case and reserve their right to supplement this statement as additional witnesses and documents are identified and/or located.

## Disclosures

I. NAMES, ADDRESSES AND TELEPHONE NUMBERS OF PERSONS PRESENTLY KNOWN TO ROCHE-SOMERVILLE AND/OR GLOBE RUBBER LIKELY TO HAVE DISCOVERABLE INFORMATION RELEVANT TO THE CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, RICHARD C. SOMERVILLE, GLOBE RUBBER AND/OR ANNE ROCHE-SOMERVILLE'S COUNTERCLAIMS.

    A.    SUBJECT MATTERS

1. Negotiations and agreements between Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd. ("Globe Composite"), Carl Forsythe ("Forsythe"), Richard C. Somerville (Somerville) and Globe Rubber (the "Agreements").
2. Globe Composite's breach of its obligations under the Agreements, including, but not limited to, the alleged problems with the gaskets.
3. Carl W. Forsythe's breach of his obligations under the Agreements.
4. Somerville and/or Globe Rubber's damages.
5. Non-Solicitation Agreement between Globe Rubber and Shuster Corporation, Inc. ("Shuster") including, but not limited to, Globe Composite's treatment of the Non-Solicitation Agreement.
6. Roche-Somerville's relationship to Globe Rubber and statements allegedly made by her concerning Globe Rubber.
7. Roche-Somerville's Damages.
8. Globe Composite's alleged damages.
9. The financial status of Globe Rubber before and after closing.

    B.    WITNESSES

Anne Roche-Somerville
344 Keene Street
Duxbury, MA 02332
Telephone Number: (781) 837-9401

2

Mrs. Roche-Somerville is one of the Defendants in this matter. She has certain knowledge as to issues 1, 2, 4, 6 and 7 above.

Carl W. Forsythe
3922 Windsor Ave.
Dallas, Texas 75205

Mr. Forsythe is the President and CEO of Globe Composite and he was the primary negotiator and contact at Globe Composite for the Agreements at issue in this case and he was involved in Globe Composite's decision to renege on its obligations under the Agreements. He is expected to have certain knowledge as to all issues set forth above.

John P. Boodee
Globe Composite Solutions, Ltd.
10440 N. Central Expressway, Suite 1475
Dallas, TX 75321

Mr. Boodee is the Chief Operating Officer of Globe Composite and he engaged in due diligence investigations of Globe Rubber on behalf of Globe Composite prior to the execution of the Agreements. He is expected to have certain knowledge as to issues 1, 2, 3, 4 and 9 above.

Roger Fasnacht
1590 Great Pond Road
North Andover, MA 01845
Telephone Number: (978) 686 - 3710

Mr. Fasnacht worked for Globe Rubber up to the sale, for Globe Composite after the sale, assisted Globe Composite in preparing for post-closing operations and assisted in Globe Composite's financing efforts for the closing. He is expected to have certain knowledge as to issues 1, 2, 3, 5, 6, 7 and 9 above.

Robert Karnes
Globe Composite Solutions, Ltd.
254 Beech Street
Rockland, MA 02370-0183
Telephone Number: (781) 871 - 3700

Mr. Karnes is the Vice President of Research and Development Engineering of Globe Composite and he engaged in research and development at Globe Rubber prior to the execution of the Agreements. He is expected to have certain knowledge as to issues 1, 2, 3, 5, 8 and 9 above.

> Kevin Lynch
> Globe Composite Solutions, Ltd.
> 254 Beech Street
> Rockland, MA 02370-0183
> Telephone Number: (781) 871 - 3700

Mr. Lynch was the liaison for government contracts at Globe Rubber. He is currently employed at Globe Composite and he has been involved with Globe Composite's contracts with PRC DeSoto. He is expected to have certain knowledge as to issues 1, 2, 3 and 8 above.

> Charlie Stoddard
> Globe Composite Solutions, Ltd.
> 254 Beech Street
> Rockland, MA 02370-0183
> Telephone Number: (781) 871 - 3700

Mr. Stoddard worked in the Quality Control Department of Globe Rubber and he continues to work at Globe Composite. He is expected to have certain knowledge as to issues 2, 3, 4 and 8 above.

> Nancy Walker
> Globe Composite Solutions, Ltd.
> 254 Beech Street
> Rockland, MA 02370-0183
> Telephone Number: (781) 871 - 3700

Ms. Walker worked in the Quality Control Department of Globe Rubber and she continues to work at Globe Composite. She is expected to have certain knowledge as to issues 2, 3, 4 and 8 above.

> Mr. Mahoney
> PRC DeSoto International
> One PPG Place
> Pittsburgh, PA 15272

Mr. Mahoney has been involved in Globe Composite's acquisition of raw materials to manufacture baffles. He is expected to have certain knowledge as to issues 2, 4 and 8 above.

> Robert Murray
> Globe Composite Solutions, Ltd.
> 254 Beech Street
> Rockland, MA 02370-0183
> Telephone Number: (781) 871 - 3700

Mr. Murray he has been involved in Globe Composite's acquisition of raw materials from PRC DeSoto to manufacture baffles. He is expected to have certain knowledge as to issues 2, 4 and 8 above.

Steven Shuster
103 William Street
Dartmouth, MA 02748
Telephone Number: (508) 999 – 3261

Mr. Shuster is the President of Shuster Corporation and he has been involved in attempts to enforce the Globe Rubber/Shuster Corporation non-solicitation agreement against Globe Composite. He is expected to have certain knowledge as to issue 5 above.

John Barber
Address is currently unavailable

Mr. Barber is a former employee of Shuster Corporation and he may have been involved in attempts to negotiate sales between Globe Composite and National Oilwell. He is expected to have knowledge as to issues 1, 2, 4, 5 and 8 above.

Representative from Electric Boat
General Dynamics
75 Eastern Point Road
Groton, CT 06340

Representative(s) from Electric Boat, General Dynamics, including, but not limited to John Troppolos, Ethan Sutherland and Jim Campesie are expected to have certain knowledge as to issues 2, 4 and 8 above.

William R. Rodgers, Esquire/Stephen Kutenplon, Esquire
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199
(617) 218-2018

Mr. Rodgers and Mr. Kutenplon served as legal counsel for Somerville and Globe Rubber throughout the negotiation and post-closing period. Mr. Rodgers and/or Mr. Kutenplon have knowledge as to issues 1, 4 and 9 above.

Mark G. Johnson, Esquire
Winstead Sechrest & Minick
5400 Renaissance Tower
1201 Elm Street, Suite 5400
Dallas, TX 75270
Telephone: (214) 745-5600

Mr. Johnson served as legal counsel to Carl Forsythe and Globe Composite. Mr. Johnson is expected to have certain knowledge as to issues 1, 2, 3, 8 and 9 above.

Thomas R. Hudnall, Esquire
Winstead Sechrest & Minick
5400 Renaissance Tower
1201 Elm Street, Suite 5400
Dallas, TX 75270
Telephone: (214) 745-5647

Mr. Hudnall served as legal counsel to Carl Forsythe and Globe Composite. Mr. Hudnall is expected to have certain knowledge as to issues 1, 2, 3, 8 and 9 above.

Carol Hamilton
BankNorth
Address is currently unavailable.

Ms. Hamilton is expected to have certain knowledge as to issues 1, 2, 5, 8, and 9 above.

Mark Kozol, CPA
Clarke Snow & Riley, LLP
25 Newport Avenue Ext.
Quincy, MA 02171

Mr. Kozol is expected to have certain knowledge as to issues 1, 2, 5, 8 and 9 above.

Representative, BDO Seidman, LLP
150 Federal Street
Suite 900
Boston, MA 02110

The Representative from BDO Seidman is expected to have certain knowledge as to issues 1, 2, 5, 8, and 9 above.

Representative, The Property and Casualty Initiative, LLC
148 State Street, Suite 620
Boston, MA

The representative from the Property and Casualty Initiative is expected to have certain knowledge as to issues 1, 2, 5, 8, and 9 above.

>Representative, Massachusetts Business Development Corporation
>500 Edgewater Drive, Suite 555
>Wakefield, MA 02102

The representative from the Massachusetts Business Development Corporation is expected to have certain knowledge as to issues 1, 2, 5, 8, and 9 above.

The Investors in Kalm-Forsythe Global Innovations, Ltd.

The investors in Kalm-Forythe Global Innovations, Ltd. are expected to have certain knowledge as to issues 1, 2, 5, 8, and 9 above.

Kalm-Forythe Global Innovations, Ltd. Limited Partners, including without limitation all individuals receiving a copy of the Confidential Private Placement Memorandum

Kalm-Forythe Global Innovations, Ltd. Limited Partners are expected to have certain knowledge as to issues 1, 2, 5, 8, and 9 above.

Roche-Somerville and Globe Rubber's investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these disclosures, Roche-Somerville and Globe Rubber reserve the right to supplement these disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.

II. <u>DOCUMENTS RELEVANT TO THE DISPUTE WHICH ARE WITHIN THE PLAINTIFF'S POSSESSION, CUSTODY OR CONTROL</u>

Below is a description by category of all documents, data compilation and/or tangible things in Roche-Somerville and/or Globe Rubber's possession, custody or control which it may use to support its claims or defenses. All documents are either currently located or will be transferred to the offices of Tarlow, Breed, Hart & Rodgers, P.C., 101 Huntington Avenue, Suite 500, Boston, MA 02199 within the next 14 business days and Roche-Somerville and Globe Rubber agree to make such documents available for inspection and copying pursuant to Fed. R. Civ. P. 26(a)(1)(B).

1. Documents concerning the negotiations of the Asset Purchase and Sale Agreement, and the documents and agreements contemplated thereby.

2. Documents concerning the due diligence conducted by Kalm-Forsythe Global Solutions, Ltd. prior to the execution of the Asset Purchase Agreement.

3. The Asset Purchase and Sale Agreement and related documents, including the exhibits of the Asset Purchase and Sale Agreement.

4. The Employment Agreement between Richard Somerville and Globe Composite, documents concerning the Employment Agreement, and documents concerning Somerville's termination.

5. Documents concerning the Escrow Agreement.

6. Documents concerning the due diligence items for Globe Rubber and Globe Composite.

7. Documents concerning the negotiations of the terms of the Letter of Intent.

8. Purchase Orders from various entities, including but not limited to General Dynamics; Northop Grumman; Electric Boat Corp.; Port Authority of NY and NJ; and Defense Supply Center.

9. The Non-Solicitation Agreement between Globe Rubber and Shuster Corporation and documents concerning the Non-Solicitation Agreement.

10. Globe Rubber United States Corporation Tax Returns.

11. The KFGI Confidential Private Placement Memorandum concerning KFGI's acquisition of Globe Rubber and documents concerning the Private Placement Memorandum, and drafts.

12. Kalm-Forsythe Global Innovations, Ltd. Partnership Agreement, and documents concerning the Partnership Agreement.

13. Documents concerning potential purchase orders from the United States Postal Service for Sorters.

14. Documents concerning various Globe Rubber government contracts.

15. Globe Rubber Works Valuation as of February 1, 2004, and documents concerning the Valuation.

16. Documents concerning John Boodee serving on a consultant basis.

17. Documents concerning Richard Somerville's demands for the payment of the $400,000 Promissory Note, the $200,000 Promissory Note and the $150,000 Promissory Note.

18. Various publicly available Globe Composite Press Releases.

Roche-Somerville and Globe Rubber's investigation and discovery concerning this case is continuing and, if additional information is obtained after the date of these disclosures, Roche-Somerville and Globe Rubber reserve the right to supplement these disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.

III. **DAMAGES**

This suit is intended to recover damages suffered by Somerville, Globe Rubber and Roche-Somerville for the conduct set forth in the Counterclaims. The following calculation of damages does not include non-monetary damages and/or claims for relief Somerville and/or Globe Rubber seek against the Plaintiff/Defendant-in-Counterclaim, Globe Composite and/or Defendant-in-Counterclaim, Forsythe.

The damages fall into the following categories:

A. **Somerville's Damages**

1. The $400,000 Note
   At present, these damages are calculated as follows:

   Original Amount of Note:                                              $400,000

   Interest to date:                                                      $48,800
   Interest on the Note is calculated at 18 percent per annum, beginning December, 4, 2004, through the date of these disclosures. For each month the $400,000 Note remains outstanding, interest at the rate of 18 percent per annum, continues to accrue.

   Costs and Expenses, including attorneys' fees associated with the enforcement or collection of the $400,000 Note are collectible, the amount of which have not been determined. The outstanding balance for cost and expenses, including attorneys' fees accrues interest at 1 ½ percent per month.

2. The $200,000 Note
   At present, these damages are calculated as follows:

   Original Amount of Note:                                              $200,000

   Interest to date:                                                      $24,400
   Interest on the Note is calculated at 18 percent per annum, beginning December, 2004, through the date of these disclosures. As long as the $200,000 Note remains outstanding, interest at the rate of 18 percent per annum continues to accrue.

   Costs and Expenses, including attorneys' fees associated with the enforcement or collection of the $200,000 Note are collectible, the amount of which have not been determined. The outstanding balance for cost and expenses, including attorneys' fees is subject accrues interest at 1 ½ percent per month.

3. The $150,000 Note
   At present, these damages are calculated as follows:

   Original Amount of Note:                                              $150,000

   Interest to date:                                                      $18,300
   Interest on the Note is calculated at 18 percent per annum, beginning December, 2004, through the date of these disclosures. As long as the $150,000 Note remains outstanding, interest at the rate of 18 percent per annum continues to accrue.

Costs and Expenses, including attorneys' fees associated with the enforcement or collection of the $150,000 Note which are collectible, the amounts of which have not been determined. The outstanding balance for cost and expenses, including attorneys' fees accrues interest at 1 ½ percent per month.

4. Employment Agreement
   At present, the damages calculated pursuant to Paragraph 8(f) of the Employment Agreement are as follows:

   | | |
   |---|---:|
   | Prorated Salary for 2/05-8/05 | $100,000 |
   | Bonus, 2004-2005 | $50,000 |
   | Salary, 2005-2006 | $200,000 |
   | Bonus, 2005-2006 | $50,000 |
   | Salary, 2006-2007 | $200,000 |
   | Bonus, 2006-2007 | $50,000 |
   | Salary, 2007-2008 | $200,000 |
   | Bonus, 2007-2008 | $50,000 |
   | Salary, 2008-2009 | $200,000 |
   | Bonus, 2008-2009 | $50,000 |

5. Equity Interest                                                                $750,000
   At present, Roche-Somerville does not have sufficient information to value Somerville's 7.5% equity interest in Globe Composite pursuant to Article 3, §3.2 of the Asset Purchase Agreement. However, based upon Section 3.2 of the Asset Purchase Agreement, Roche-Somerville values Somerville's 7.5% equity interest to be no less than $750,000.

6. Breach of the Implied Covenant of Good Faith and Fair Dealing
   All of the damages set forth above.

7. Breach of Fiduciary Duty
   All of the damages set forth above.

8. Fraud
   All of the damages set forth above.

11

9. 93A Triple Damages
At present, these damages are calculated as follows:

Triple Damages:

| | |
|---|---|
| Sub-Total Before Triple Damages: | $2,931,500*+ |
| Total with Triple Damages | $8,794,500*+ |

*Plus interest and attorney's fees.
+Excluding damages for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing and breach of the asset purchase agreement.

| | |
|---|---|
| Attorneys' Fees | To be determined. |

D. **Globe Rubber's Damages**

1. Asset Purchase Agreement
All of damages as set forth above.

2. Escrow Amounts
At present, these damages are calculated as follows:

   a. Escrow Amounts, Pursuant to § 2.4(d) of the Asset Purchase Agreement
   $165,000*

   b. Sewer Line Remedial Measures:    $25,000*
   *Excluding Interest

3. Breach of Implied Covenant of Good Faith and Fair Dealing
All of the damages as set forth above.

E. **Roche-Somerville v. Globe Composite and Forsythe**
1. Abuse of Process
At present, Roche-Somerville possesses insufficient information to formulate an estimate as to damages.

2. 93A Violation
At present, Roche-Somerville possesses insufficient information to formulate an estimate as to damages. Roche-Somerville, will be seeking, triple damages, interest costs and attorney fees.

These initial computations are subject to continuing analysis and will be revised or supplemented if and as necessary according to Rule 26(e) of the Federal Rules of Civil Procedure, except for claims of interest, which should be assumed by the parties and which do not call for any specific supplementation.

9. INSURANCE AGREEMENTS

Roche-Somerville and Globe Rubber are not aware of any insurance policy that would satisfy part or all of a judgment against Roche-Somerville and/or Globe Rubber or that would indemnify or reimburse Roche-Somerville and/or Globe Rubber for any payments made to satisfy any judgment.

10. EXPERT TESTIMONY

Roche-Somerville and/or Globe Rubber have not yet determined who, if anyone, they intend to call as an expert witness at the trial in this action. Roche-Somerville and/or Globe Rubber reserve the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

        Respectfully submitted,

        The Defendant, Anne Roche Somerville, in her individual capacity and in her capacity as Temporary Executrix of the Estate of Richard C. Somerville and the Defendant/Plaintiff-in-Counterclaim, Solar Construction Inc., f/k/a Globe Rubber Works, Inc.

        By their attorneys,

        */s/ Mark S. Furman*
        Mark S. Furman (BBO# 181680)
        Jennifer C. Roman (BBO#643223)
        Tarlow Breed Hart & Rodgers, P.C.
        101 Huntington Avenue
        Boston, MA 02199
        (617) 218-2000

Dated: August 5, 2005

## CERTIFICATE OF SERVICE

 I, Jennifer C. Roman, hereby certify that on August 5, 2005, I served the above document upon the Plaintiff/Defendant-in-Counterclaim by causing a copy to be faxed and mailed, to Evan T. Lawson and Kathryn E. Pieczarka, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210-2414.

_____
Jennifer C. Roman