UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. f/k/a KALM-FORSYTHE GLOBAL INNOVATIONS, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> RICHARD C. SOMERVILLE, ANNE ROCHE-SOMERVILLE, and SOLAR CONSTRUCTION, INC. f/k/a GLOBE RUBBER WORKS, INC., <br><br> *Defendants*. | Civil Action No. 05-10323 (DPW) |
| RICHARD C. SOMERVILLE, and SOLAR CONSTRUCTION, INC. f/k/a GLOBE RUBBER WORKS, INC., <br><br> *Plaintiffs-in-Counterclaim*, <br><br> v. <br><br> GLOBE COMPOSITE SOLUTIONS, LTD. f/k/a KALM-FORSYTHE GLOBAL INNOVATIONS, LTD., and CARL W. FORSYTHE, <br><br> *Defendants-in-Counterclaim*. |  |

**PLAINTIFF'S ASSENTED TO MOTION FOR LEAVE
TO FILE *REVISED* FIRST AMENDED COMPLAINT**

Pursuant to Fed.R.Civ.P. 15, the plaintiff, Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd., respectfully requests leave from the Court to file a *revised* First Amended Complaint to only clarify the claim for declaratory judgment to add that the two

additional promissory notes, claimed to be due by the defendants, be declared unenforceable. The revised First Amended Complaint no longer adds a reach and apply defendant and no longer seeks to reach and apply the proceeds of an insurance policy. Currently pending before the Court is *Plaintiff's Partially Assented to Motion for Leave to File First Amended Complaint*. By this motion, the plaintiff withdraws the pending motion and seeks leave to file a revised First Amended Complaint. The defendants assent to the filing of this motion and the revised First Amended Complaint. The proposed revised First Amended Complaint is filed herewith.

On August 15, 2005, the plaintiff filed a partially assented to motion for leave to file a First Amended Complaint to: (1) add one reach and apply defendant and to reach and apply the proceeds of an insurance policy; and (2) clarify the claim for declaratory judgment, requesting that the two additional promissory notes claimed to be due by the defendants be declared unenforceable. The defendants assented to clarifying the claim for declaratory judgment but opposed the addition of a reach and apply defendant and the portion seeking to reach and apply the proceeds of an insurance policy.

On August 29, 2005, the defendants filed an opposition to the reach and apply portion of the First Amended Complaint, providing information that no defendants were beneficiaries of the life insurance policy that the plaintiff sought to reach and apply the proceeds of. This information was necessary for the plaintiff to evaluate the addition of a reach and apply defendant. Having reviewed this helpful information, the plaintiff withdraws the portion of its First Amended Complaint that sought the addition of a reach and apply defendant and sought to reach and apply the proceeds of an insurance policy. The defendants assent to the plaintiff's withdrawal.

As a result, the plaintiff now seeks leave to file a Revised First Amended Complaint,

which clarifies the declaratory judgment claim and no longer seeks the addition of a reach and apply defendant.

      WHEREFORE, the plaintiff requests that the Court grant it leave to file the Revised First Amended Complaint.

                              Respectfully Submitted,
                              GLOBE COMPOSITE SOLUTIONS, LTD.
                              f/k/a KALM-FORSYTHE GLOBAL
                              INNOVATIONS, INC.
                              By its counsel,

                                  /s/ **Kathryn E. Pieczarka**
                              Evan T. Lawson, BBO #289280
                              Kathryn E. Pieczarka, BBO #658785
                              LAWSON & WEITZEN, LLP
                              88 Black Falcon Avenue, Suite 345
                              Boston, Massachusetts 02210
                              (617) 439-4990

**Assented to by:**

   /s/ **Jennifer C. Roman**
Mark S. Furman (BBO# 181680)
Jennifer C. Roman (BBO# 643223)
Tarlow, Breed, Hart & Rodgers, PC
101 Huntington Avenue, Suite 500
Boston, MA 02199
(617) 218-2000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD. *Plaintiff*, v. ESTATE OF RICHARD C. SOMERVILLE, ANNE ROCHE-SOMERVILLE and SOLAR CONSTRUCTION, INC., INC. F/K/A GLOBE RUBBER WORKS, INC. *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-10323DPW  JURY TRIAL DEMANDED |

### *REVISED* FIRST AMENDED COMPLAINT

PARTIES

1. The plaintiff Globe Composite Solutions, Ltd., f/k/a Kalm-Forsythe Global Innovations, Ltd. (Globe Composite) is a Texas Corporation with a principal place of business at 10440 N. Central Expressway, Suite 1475, Dallas, Texas, 75231.

2. The defendant Solar Construction, Inc., f/k/a Globe Rubber Works, Inc. (Globe Rubber) is a Massachusetts Corporation with a principal place of business at 254 Beech Street, Rockland, Massachusetts, 02370.

3. The defendant Richard C. Somerville (Somerville) was an individual residing at 344 Keene Street, Duxbury, Massachusetts, 02332 and the President, Treasurer, Director, and Assistant Clerk of Globe Rubber. On June 6, 2005, Somerville passed away. Upon information and belief, Roche-Somerville has been appointed the executrix

of his estate.

4. The defendant Anne Roche-Somerville (Roche-Somerville) is an individual residing at 344 Keene Street, Duxbury, Massachusetts, 02332. Roche-Somerville is the executrix of Somerville's Estate.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred by 28 U.S.C. § 1332 because there is diversity among the parties and the amount in controversy exceeds $75,000.

6. Venue is proper in the District of Massachusetts under 28 U.S.C. 1391(a) because Globe Rubber is doing business in this district, the claims arose in this district, and the defendants are located in this district.

## FACTS COMMON TO ALL CLAIMS

7. At all material times before closing the asset purchase in issue in this case, Globe Rubber was a contractor supplying goods and services to the United States Government, including, but not limited to, suppliers to the United States Navy. Prior to Globe Composite's acquisition of Globe Rubber's assets, Globe Rubber entered into one or more contracts or agreements with contractors who build submarines for the United States Navy. Specifically, Globe Rubber entered into contracts with General Dynamics Corporation and Newport News Shipbuilding, Inc. to supply synthetic-material submarine parts that would be used to build submarines for the United States Navy.

8. The contracts with General Dynamics Corporation and Newport News Shipbuilding, Inc. required that Globe Rubber's synthetic-material submarine parts conform to the United States Government's specifications.

9. In or about August 2004, Globe Composite entered into an Asset Purchase

Agreement with Globe Rubber and Somerville (Agreement), attached as Exhibit A. In the Agreement, Globe Composite purchased identified assets of Globe Rubber for approximately $898,000.

10. Pursuant to the Agreement, Globe Composite paid Somerville approximately $1.5 million in cash and issued a $400,000 promissory note, a $200,000 promissory note, and a $150,000 promissory note to Somerville for identified intellectual property, totaling approximately $2.25 million.

11. In the Agreement, Globe Rubber retained identified liabilities relating to its products and contracts, including, *inter alia*:

> (i) Any Liability arising out of or relating to products of Globe [Rubber] to the extent manufactured or sold prior to [July 1, 2004]; . . . (ii) any Liability under any Contract assumed by [Globe Composite] . . . that arises after [July 1, 2004] if and only to the extent that such arises out of or relates to any Breach that occurred prior to [July 1, 2004].

Exh. A, § 2.5(b).

12. In the Agreement, Globe Composite assumed only identified liabilities of Globe Rubber, including, *inter alia*:

> (vi) any Liability arising after the Effective Date under any of the Globe [Rubber] Contracts (except for any Globe [Rubber] Contract not listed on Schedule 4.17(a) of the Disclosure Schedule, whose failure to be so listed constitutes a Breach of Section 4.17 hereof) other than any Liability thereunder for a material Breach that occurred prior to the Effective Date.

Exh. A, § 2.5(a). The Disclosure Schedule is attached as Exhibit B.

13. In the Agreement, Globe Rubber and Somerville made numerous representations and warranties including, *inter alia*:

3

> § 4.10.  Globe [Rubber] has no liabilities or obligations of any material nature which are required to be reflected on Globe [Rubber]'s financial statements . . . in order to fairly present its financial condition, except for liabilities or obligations reflected in Globe [Rubber]'s Year-End Balance Sheet or Globe [Rubber]'s Interim Balance Sheet and Liabilities incurred in the Ordinary Course of Business since the respective dates thereof.
>
> § 4.12.  Since the date of Globe [Rubber]'s Year-End Balance Sheet, there has not been any material adverse change in the business, operations, properties, prospects, assets, or condition of Globe [Rubber], and to the knowledge of Globe [Rubber] and Somerville no event has occurred or circumstance exists that may be reasonably foreseen by a prudent person as likely to result in such a material adverse change.
>
> § 4.14.  (i) . . . [T]o Globe [Rubber]'s and Somerville's Knowledge, Globe [Rubber] is in full compliance, in all material respects, with each Legal Requirement and Governmental Authorization that is applicable to it or to the conduct or operation of its business or the ownership or use of any of its assets; (ii) to Globe [Rubber]'s and Somerville's Knowledge, no even has occurred or circumstance exists that (with or without notice or lapse of time) may constitute or result in a material violation by Globe [Rubber] of, or a material failure on the part of Globe [Rubber] to comply with, any Legal Requirement or Governmental Authorization.
>
> § 4.17(a).  Schedule 4.17(a) of the Disclosure Schedule contains a complete and accurate list, and Globe [Rubber] and Somerville have delivered to [Globe Compliance] true and complete copies, of (i) each executory Globe [Rubber] Contract that involves the performance of services or delivery of goods or materials by or to Globe [Rubber] of an amount or value in excess of $10,000.

Exh. A.

    14.  The required government specifications with respect to Globe Rubber's products are subject to security clearance.

15. In or about late August 2004, Globe Composite gained interim security clearance and partial access to the government specifications. In or about December 2004, Globe Composite discovered that Globe Rubber and Somerville had prepared numerous certifications that its products met government specifications, knowing that the certifications were false, and gave these certifications to, *inter alia*, Newport News Shipbuilding, Inc. and General Dynamics Corporation.

16. The value of assets and intellectual property purchased by Globe Composite was dependant upon the contracts with, *inter alia*, General Dynamics Corporation and Newport News Shipbuilding, Inc., and the products satisfying government specifications.

17. Globe Rubber and Somerville did not disclose to Globe Composite the actions described above until after Globe Composite discovered the false certifications.

18. It appears that prior to the asset purchase transaction with Globe Composite, Globe Rubber entered into certain non-solicitation agreements with Shuster Corporation. Those agreements were not disclosed in the Disclosure Schedule and were not known to Globe Composite until October 2004. At that time, Shuster Corporation notified Globe Composite of the existence of the non-solicitation agreement. Somerville's and Globe Composite's alleged violation of the non-solicitation agreement is the subject of a lawsuit pending in Massachusetts Superior Court for Bristol County, *Shuster Corporation v. Globe Composite and Richard Somerville*, Civil Action Number BRCV2005-00056.

19. The representations and warranties of Globe Rubber in the Agreement were false and fraudulent because (a) all liabilities of Globe Rubber were not reflected in its financial statements; (b) material adverse changes had occurred in Globe Rubber's business since the year-end balance sheet was calculated; (c) Globe Rubber was not in

full compliance with government authorizations and certifications; and (d) the Shuster contracts were not disclosed. Globe Rubber and Somerville knew that these representations and warranties were false.

20. To induce Globe Composite to enter the Agreement, Somerville represented to Globe Composite that Globe Rubber was in good corporate health and was in compliance with its contractual obligations, while knowing that these statements were false. For instance, in 2004 prior to the sale of assets, Somerville stated "the material we're using for the RFID conveyors are from custom alloyed blend" and "the composite chain material is a brand new material that we developed", while knowing that both of these statements were false. Further, Somerville stated, *inter alia*, "this business is worth five million dollars," while knowing that statement was false.

21. To induce Globe Composite to enter the Agreement, Roche-Somerville stated to Globe Composite that Globe Rubber was in good corporate health while knowing that these statements were false and knowing of Somerville's and Globe Rubber's fraudulent actions. For instance, in 2004 prior to the sale of assets, Roche-Somerville stated, *inter alia*, "you're getting a real jewel" and "you're getting a real bargain".

22. Globe Composite must make great expenditures in order to make the products conform to government specifications and in order to comply with the contracts assumed from Globe Rubber in the Agreement.

23. Globe Composite must make expenditures in order to defend against the Shuster claims.

24. Pursuant to the Agreement, Globe Composite withheld $165,000 of the asset purchase price and placed those funds in an escrow account to be used to pay

indemnification claims pursuant to the Agreement. Exh. A, § 2.4(d).

25. On or about January 31, 2005, Globe Composite demanded that all escrow funds be released to it in order to indemnify damages, expenses, and warranty claims. The demand is attached as Exhibit C. In accordance with the Agreement, Globe Composite submitted a Disbursement Request form to Somerville for his signature. Somerville refused to execute the form. Accordingly, the escrow funds have not been released.

26. On February 4, 2005, Somerville demanded full payment of the $400,000 promissory note issued by Globe Composite and Forsythe to Somerville. Globe Composite and Forsythe have not paid that note.

27. The fraudulent actions and breaches of Globe Rubber and Somerville preclude them from enforcing the Agreement.

CLAIM I
BREACH OF CONTRACT

28. Globe Rubber and Somerville breached the Agreement by, including but not limited to, breaching the above-described representations and warranties. Specifically, Globe Rubber and Somerville breached their representations and warranties that, *inter alia*, (a) all liabilities were reflected in its financial statements; (b) no material adverse change had occurred in its business since the year-end balance sheet; (c) it was in full compliance with each legal requirement and governmental authorization it had received; and (d) all executory contracts were disclosed.

29. Globe Rubber and Somerville breached these representations and warranties because Globe Rubber's products failed to conform to the government specifications that

they had certified the products satisfied, and because the Shuster Corporation non-solicitation agreement was not disclosed.

30. Globe Composite suffered damage as the result of Globe Rubber's actions.

## CLAIM II
## FRAUD

31. Globe Rubber, Somerville, and Roche-Somerville knew or should have known that Globe Composite would rely the above-described representations and warranties, which were false.

32. Specifically, Globe Rubber and Somerville falsely stated that, *inter alia*, (a) all liabilities were reflected in its financial statements; (b) no material adverse change had occurred in its business since the year-end balance sheet; (c) it was in full compliance with each legal requirement and governmental authorization it had received; and (d) all executory contracts were disclosed.

33. Further, prior to the asset sale, Somerville and Roche-Somerville falsely stated that Globe Rubber was in good corporate health and was in compliance with its contractual obligations, while knowing that these statements were false. Specifically, Somerville stated that materials it used to satisfy contracts was proprietary and custom made, when it was not and did not satisfy government specifications. Further, both Somerville and Roche-Somerville stated that Globe Composite's purchase of Globe Rubber assets was a "bargain" for Globe Composite because Globe Rubber was a "jewel" that had accomplished "unbelievable achievements".

34. Globe Composite reasonably relied on the false statements of each Defendant and as a result, suffered damage.

CLAIM III
G.L. c. 231A, § 1

35. An actual controversy has arisen between Globe Composite and Somerville concerning whether or not, in light of his fraud and breach of representations and warranties, Somerville is entitled to enforce the promissory notes issued by Globe Composite.

36. An actual controversy has arisen between Globe Composite and Somerville and Globe Rubber concerning whether or not Somerville and Globe Rubber are entitled to withhold the escrowed funds from Globe Composite.

37. Globe Composite will suffer damage if it is required to pay Somerville under the promissory notes.

38. Globe Composite will suffer damage if it does not receive the escrowed funds.

39. Granting declaratory and injunctive relief will terminate the controversy surrounding the promissory notes and the escrow fund.

40. Globe Composite is entitled a declaratory judgment that the promissory notes are void and that it is entitled to be paid the escrowed funds.

CLAIM IV
VIOLATION OF G.L. C.93A

41. Globe Composite, Globe Rubber, Somerville, and Roche-Somerville are all engaged in trade or commerce primarily and substantially within the Commonwealth of Massachusetts

42. The actions of Globe Rubber, Somerville, and Roche-Somerville described herein violate G.L. c.93A, § 2.

43. Globe Rubber, Somerville and Roche-Somerville engaged in these unfair and deceptive trade practices knowingly and willfully.

44. Globe Composite suffered damage in the form of a loss of money and property as the result of the unfair and deceptive trade practices of Globe Rubber, Somerville, and Roche-Somerville.

45. Globe Rubber, Somerville, and Roche-Somerville are liable to Globe Composite pursuant to G.L. c.93A, § 11.

WHEREFORE, Globe Composite demands relief as follows:

(a) that it be awarded all relief necessary to make it whole, including, but not limited to, damages resulting from purchasing the assets of Defendant Globe Rubber;

(b) that all promissory notes issued by Globe Composite to Somerville be declared void;

(c) that all amounts held in escrow be ordered paid to Globe Composite;

(d) that it be awarded all costs incurred, including reasonable attorney fees;

(e) that it be awarded interest;

(f) that be awarded multiple damages in accordance with G.L. c. 93A;

(g) that it receive such other relief which the court finds necessary and appropriate.

The plaintiff demands trial by jury.

By its attorneys,

_____
Evan T. Lawson, BBO# 289280
Kathryn E. Pieczarka, BBO# 658785
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, Massachusetts  02210
(617) 439-4990