UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
GLOBE COMPOSITE SOLUTIONS, LTD.             )
F/K/A KALM-FORSYTHE GLOBAL                  )
INNOVATIONS, LTD.,                          )
                                            )  Civil Action No. 05-10323DPW
        *Plaintiff*,                        )
                                            )
v.                                          )
                                            )
ANNE ROCHE-SOMERVILLE, individually         )
and in her capacity as Executrix of the Estate of )
Richard C. Somerville, and                  )
SOLAR CONSTRUCTION, INC., INC. F/K/A        )
GLOBE RUBBER WORKS, INC.,                   )
                                            )
        *Defendants*.                       )
_____)
_____
                                            )
ANNE ROCHE-SOMERVILLE,                      )
in her capacity as Executrix of the Estate of )
Richard C. Somerville, and                  )
SOLAR CONSTRUCTION, INC F/K/A               )
GLOBE RUBBER WORKS, INC.,                   )
                                            )
        *Plaintiffs-in-Counterclaim*,       )
                                            )
v.                                          )
                                            )
GLOBE COMPOSITE SOLUTIONS, LTD.             )
F/K/A KALM-FORSYTHE GLOBAL                  )
INNOVATIONS, LTD. and                       )
CARL W. FORSYTHE,                           )
                                            )
        *Defendants-in-Counterclaim*        )
_____)

**ANSWER OF CARL FORSYTHE TO
AMENDED COUNTERCLAIM OF ANNE ROCHE-SOMERVILLE,
IN HER CAPACITY AS EXECUTRIX OF THE ESTATE OF RICHARD C.
SOMERVILLE, AND SOLAR CONSTRUCTION, INC.**

FIRST DEFENSE

1. Admitted.

2. Admitted.

3. Carl Forsythe ("Forsythe") states that Globe Composite is a not a Texas corporation but a Texas limited liability partnership. The reminder of paragraph 3 is admitted.

4. Admitted.

5. To the extent Paragraph 5 states legal conclusions, no response is required.

6. To the extent Paragraph 6 states legal conclusions, no response is required.

7. Forsythe is without sufficient information to admit or deny Paragraph 7.

8. Forsythe is without sufficient information to admit or deny Paragraph 8.

9. Forsythe is without sufficient information to admit or deny Paragraph 9.

10. Admitted.

11. Denied.

12. Forsythe admits that Globe Composite Solutions Ltd. ("Globe Composite") executed an Asset Purchase Agreement with Globe Rubber and Richard Somerville ("Somerville") in August 2004. Forsythe admits that Exhibit A is a copy of the Asset Purchase Agreement. Forsythe admits that Exhibit B is the Globe Rubber Disclosure Schedule. These documents speak for themselves and require no further response.

13. Exhibit A is a document that speaks for itself. No further response is necessary.

14. Exhibit A is a document that speaks for itself. Forsythe admits that Exhibit C is a promissory note executed by Globe Composite and payable to Somerville. Forsythe

admits that Exhibit D is a promissory note executed by Globe Composite and payable to Somerville. Forsythe admits that Exhibit E is a promissory note executed by Globe Composite and Forsythe and payable to Somerville.

15. Exhibit C is a document that speaks for itself. No further response is necessary.

16. Exhibit D is a document that speaks for itself. No further response is necessary.

17. Exhibit E is a document that speaks for itself. Forsythe denies the remaining allegations of Paragraph 17.

18. To the extent Paragraph 18 states legal conclusions, no response is required. Forsythe denies the remaining allegations of Paragraph 18.

19. Exhibit F is a document that speaks for itself. No further response is necessary.

20. Exhibit A is a document that speaks for itself. No further response is necessary.

21. Exhibit A is a document that speaks for itself. Forsythe denies the remainder of Paragraph 21.

22. Exhibit G is a document that speaks for itself. No further response is necessary.

23. Exhibit G is a document that speaks for itself. No further response is necessary.

24. Exhibit G is a document that speaks for itself. No further response is necessary.

25. Exhibit G is a document that speaks for itself.  No further response is necessary.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Forsythe denies that Globe Composite wrongfully demanded all escrow funds. Forsythe is without sufficient information to admit or deny the remainder of Paragraph 38.

39. Exhibit H is a document that speaks for itself.  No further response is necessary.

40. Denied.

41. Denied.

42. Admitted.

43. Denied.

44. Denied.

45. Forsythe is without sufficient information to admit or deny Paragraph 45.

46. To the extent Paragraph 46 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 46.

47. Forsythe admits the allegations in the first sentence of Paragraph 47. Forsythe denies the allegations in the second sentence of Paragraph 47.

48. Denied.

49. Forsythe admits the allegations in the first sentence of Paragraph 49. Forsythe denies the allegations in the second sentence of Paragraph 49.

50. Denied.

51. Admitted.

52. Denied.

53. Denied.

54. Denied.

55. Forsythe denies the allegations in the first sentence of Paragraph 55. Forsythe admits the allegations in the second, third, and fourth sentences of Paragraph 55. Forsythe admits that the Estate and Globe Rubber asserted a declaratory judgment cross-claim against Globe Composite but denies that said claim is meritorious.

56. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

57. To the extent Paragraph 57 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 57.

58. To the extent Paragraph 58 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 58.

59. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

60. Paragraph 60 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 60.

61. Paragraph 61 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 61.

62. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

63. Paragraph 63 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 63.

64. Paragraph 64 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 64.

65. Paragraph 65 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 65.

66. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

67. Paragraph 67 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 67.

68. Paragraph 68 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 68.

69. Paragraph 69 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 69.

70. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

71. Paragraph 71 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 71.

72. Paragraph 72 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 72.

73. Paragraph 73 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 73.

74. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

75. To the extent Paragraph 75 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 75.

76. To the extent Paragraph 76 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 76.

77. To the extent Paragraph 77 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 77.

78. To the extent Paragraph 78 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 78.

79. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

80. To the extent Paragraph 80 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 80.

81. To the extent Paragraph 81 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 81.

82. To the extent Paragraph 82 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 82.

83. To the extent Paragraph 83 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 83.

84. To the extent Paragraph 84 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 84.

85. To the extent Paragraph 85 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 85.

86. To the extent Paragraph 86 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 86.

87. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

88. To the extent that paragraph 88 states legal conclusions, no response is required.  Forsythe further states that Exhibits A, C, D, E and G speak for themselves. Forsythe denies that he or Globe Composite breached the Asset Purchase Agreement, the $400,000 Note, the $200,000 Note, the $150,000 Note and/or the Employment Agreement or made any misrepresentations with respect to same and further states that Globe Composite's and Forsythe's obligations under the Asset Purchase Agreement, the $400,000 Note, the $200,000 Note, the $150,000 Note and/or the Employment

Agreement are void as a result of the conduct of Somerville and Globe Rubber as alleged in the Second Amended Complaint.

89. To the extent Paragraph 89 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 89.

90. Denied.

91. To the extent Paragraph 91 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 91.

92. To the extent Paragraph 92 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 92.

93. To the extent Paragraph 93 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 93.

94. To the extent Paragraph 94 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 94.

95. To the extent Paragraph 95 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 95.

96. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

97. To the extent Paragraph 97 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 97.

98. To the extent Paragraph 98 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 98.

99. To the extent Paragraph 99 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 99.

100. To the extent Paragraph 100 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 100.

101. To the extent Paragraph 101 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 101.

102. To the extent Paragraph 102 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 102.

103. Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

104. Exhibit A is a document that speaks for itself. No further response is necessary.

105. Exhibit A is a document that speaks for itself. No further response is necessary.

106. Exhibit A is a document that speaks for itself. No further response is necessary.

107. Admitted.

108. Exhibit A is a document that speaks for itself. No further response is necessary.

109. To the extent Paragraph 109 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 109.

110. To the extent Paragraph 110 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 110.

111. To the extent Paragraph 111 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 111.

112.    To the extent Paragraph 112 states legal conclusions, no response is required. Forsythe denies the remainder of Paragraph 112.

113.    Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

114.    Paragraph 114 is not directed to Forsythe.  Forsythe is without sufficient information to admit or deny Paragraph 114.

115.    Paragraph 115 is not directed to Forsythe.  Forsythe is without sufficient information to admit or deny Paragraph 115.

116.    Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

117.    Paragraph 117 is not directed to Forsythe.  Forsythe is without sufficient information to admit or deny Paragraph 117.

118.    Paragraph 118 is not directed to Forsythe.  Forsythe is without sufficient information to admit or deny Paragraph 118.

119.    Forsythe re-alleges and incorporates herein by reference his responses as set forth above.

120.    Paragraph 120 is not directed to Forsythe.  Forsythe is without sufficient information to admit or deny Paragraph 120.

121.    Paragraph 121 is not directed to Forsythe.  Forsythe is without sufficient information to admit or deny Paragraph 121.

122.    Paragraph 122 is not directed to Forsythe.  Forsythe is without sufficient information to admit or deny Paragraph 122.

123. Globe Composite re-alleges and incorporates herein by reference its responses as set forth above.

124. Paragraph 124 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 124.

125. Paragraph 125 is not directed to Forsythe. Forsythe is without sufficient information to admit or deny Paragraph 125.

## SECOND DEFENSE

The Complaint in counterclaim fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs-in-counterclaim's claims must fail because of the doctrine of unclean hands.

## FOURTH DEFENSE

Plaintiffs-in-counterclaim's claims must fail because of the doctrine of estoppel.

## FIFTH DEFENSE

To the extent Forsythe has any obligations to the plaintiffs-in-counterclaim, such obligations have been fully, completely, and properly performed in every respect.

## SIXTH DEFENSE

Plaintiffs-in-counterclaim's fraud claims must fail because they have failed to state the circumstances constituting fraud with particularity.

## SEVENTH DEFENSE

Plaintiffs-in-counterclaim's claims are barred by their own material breach of contract.

### EIGHTH DEFENSE

Plaintiffs-in-counterclaim's claims are barred by their own fraud.

### NINTH DEFENSE

Plaintiffs-in-counterclaim's claims are barred by their own unfair and deceptive acts or practices in violation of G.L. c. 93A.

### TENTH DEFENSE

Plaintiff-in-counterclaim has released or otherwise compromised its claims herein, and accordingly, said claims are barred by operation of law.

### ELEVENTH DEFENSE

Plaintiff-in-counterclaim, by its conduct and actions, waived any and all rights it may have had against Forsythe and therefore cannot recover in this action.

### TWELFTH DEFENSE

Without conceding that it committed any wrongful conduct, wrongdoing by Forsythe, if any, was unintentional and resulted from bona fide error.

### JURY DEMAND

Forsythe hereby demands a trial on all issues and claims so triable.

Respectfully submitted,

/s/ Clare B. Burhoe
Evan T. Lawson (BBO# 658785)
elawson@lawson-weitzen.com
Clare B. Burhoe (BBO# 632238)
cburhoe@lawson-weitzen.com
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990