UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD.<br><br>*Plaintiff,*<br><br>v.<br><br>ANNE ROCHE-SOMERVILLE, individually and in her capacity as Executrix of the Estate of Richard C. Somerville, and SOLAR CONSTRUCTION, INC., INC. F/K/A GLOBE RUBBER WORKS, INC.<br><br>*Defendants.* | Civil Action No. 05-10323DPW |

ANNE ROCHE-SOMERVILLE, in her capacity as Executor of the Estate of Richard C. Somerville, and SOLAR CONSTRUCTION, INC F/K/A GLOBE RUBBER WORKS, INC,

*Plaintiffs-in-Counterclaim,*

v.

GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD and
CARL W. FORSYTHE,

*Defendant-in-Counterclaim.*

**OPPOSITION TO MOTION TO QUASH SUBPOENA**

Plaintiff Globe Composite Solutions Ltd. (Globe Composite) hereby opposes

1

defendants', Anne Roche-Somerville, individually and in her capacity as Executrix of the Estate of Richard C. Somerville, and Solar Construction, Inc. f/k/a/ Globe Rubber Works, Inc., (collectively, Defendants) Motion to Quash Subpeona that was served by Globe Composite upon the Keeper of the Records of the Rockland Trust Co. (Rockland Trust). As grounds therefor, Globe Composite states that the Defendants' objection to the subpoena has no merit where the documents are being sought for reasons relevant to the underlying litigation and not solely to determine assets of the Defendants.

Globe Composite brings this action against Defendants for claims arising out of an asset purchase agreement between Globe Composite, Globe Rubber Works, Inc. and Richard C. Somerville executed on August 3, 2004. Specifically, Globe Composite alleges breach of contract, fraud, and violations of G.L. c. 93A as a result of, among other things, misrepresentations made by Richard C. Somerville and Anne Roche-Somerville on behalf of Globe Rubber Works, Inc. as to the financial health of Globe Rubber Works, Inc. and the value of the assets being purchased by Globe Composite. Globe Composite's claims also arise out of its discovery in December 2004 that Globe Rubber Works, Inc. had falsely certified that certain parts it manufactured for U.S. Navy submarines met government specifications. An investigation by the Department of Defense Criminal Investigation Services commenced in January 2005. Richard C. Somerville committed suicide on June 7, 2005. His wife, defendant Anne Roche-Somerville, is the Executrix of his estate. She was also an employee of Globe Rubber Works, Inc. but asserts that her role was limited.

Financial information is discoverable when relevant to a claim or defense. *See Buntzman v. Springfield Redevelopment Auth.,* 146 F.R.D. 30, 32-33 (redevelopment

authority could obtain discovery of tax returns where owner's financial condition was relevant to his claim). The documents requested in the subpoena to Rockland Trust are relevant to this action because they may show 1) the relationship of Anne Roche-Somerville to Globe Rubber Works, Inc. and its successor, Solar Construction, Inc., her position within the companies and the extent of her authority and knowledge regarding company operations, and 2) whether the Defendants have demonstrated consciousness of their own liability by sequestering assets after the execution of the asset purchase agreement.

Moreover, Globe Composite has brought claims against the Defendants for punitive damages under M.G.L. c. 93A, § 11, see *RGJ Associates, Inc. v. Stainsafe, Inc.*, 338 F.Supp.2d 215, 238 (D.Mass. 2004) (Section 11 contains a punitive damages provision if the defendant's unfair method of competition or unfair or deceptive act was "a wilful or knowing violation"). "When the complaint asserts a claim that will sustain an award of punitive damages if proven, a majority of federal courts permit discovery of the net worth and financial condition of the defendants, without requiring the plaintiff to establish a prima facie case on the issue of punitive damages." *See* Vol. 6, Moore's Federal Practice, § 26.41[8][c] and cases cited.

Finally, the documents Globe Composite seeks will allow it to identify specific accounts for purposes of seeking an attachment and/or trustee process. [1]

---

[1] In her *Memorandum and Order Re: Plaintiff's Ex Parte Motion for Attachment on Trustee Process (Docket Entry # 2) and Plaintiff's Motion for Attachment (Docket Entry # 3),* Judge Bowler found that Globe Composite demonstrated a likelihood of success on its breach of contract claim, but that it did not meet some of the other requirements for an ex parte attachment. *Id.* at 8-9.

WHEREFOR, plaintiff Globe Composite Solutions Ltd. respectfully requests that Defendant's Motion to Quash Subpoena be denied.

                                              Respectfully submitted,

                                               **/s/ Clare B. Burhoe**
                                               Evan T. Lawson, BBO# 289280
                                               Clare B. Burhoe BBO# 632238
                                               Cburhoe@lawson-weitzen.com
                                               LAWSON & WEITZEN, LLP
                                               88 Black Falcon Avenue, Suite 345
                                               Boston, Massachusetts 02210
                                               (617) 439-4990

Date: January 16, 2006