UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTHE GLOBAL )<br>INNOVATIONS, LTD., )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>RICHARD C. SOMERVILLE, )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. and )<br>ANNE ROCHE-SOMERVILLE, )<br>    *Defendants.* )<br>) | Civil Action No. 05-10323 (DPW) |

| |
|---|
| RICHARD C. SOMERVILLE, )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. and )<br>ANNE ROCHE-SOMERVILLE, )<br>    *Plaintiffs-in-Counterclaim*, )<br>)<br>v. )<br>)<br>GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTHE GLOBAL )<br>INNOVATIONS, LTD. and )<br>CARL W. FORSYTHE, )<br>    *Defendants-in-Counterclaim.* )<br>) |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE AND
EXPERT DISCLOSURE AND DEPOSITION DEADLINES**

Plaintiff Globe Composite Solutions, Ltd. (Globe Composite) hereby moves the Court to extend the discovery deadline from June 1, 2006 to **July 17, 2006** and to extend the expert disclosure deadlines and expert deposition deadline accordingly, as detailed below.

This motion should be granted for the following reasons:

1

1. This case involves disputes arising out of the purchase by Globe Composite's predecessor entity of substantially all of the assets of Globe Robber Works, Inc. (Globe Rubber), as well as certain intellectual property rights and goodwill from Richard C. Somerville, Globe Rubber's president and principal shareholder. Globe Rubber was in the business of developing and manufacturing parts from synthetic materials. Among other things, the company manufactured 92" missile hatch gaskets and sonar acoustic panels for navy submarines under contract with DFAS, General Dynamics, and Newport News Shipbuilders. Globe Rubber was contractually obligated to manufacture these parts to meet certain classified specifications and was required to certify that each shipment of parts met the specifications. Globe Composite purchased the contracts to manufacture these parts in the asset purchase. In the months following the asset purchase, Globe Composite was having trouble filling an order for 100 gaskets because it could not meet the required specifications. In December 2004, Globe Composite personnel obtained the necessary security clearances to review classified documentation passed along in the asset purchase and learned that Globe Rubber had falsely certified to the government that numerous gaskets and acoustic panels that had been shipped met the required specifications. Globe Composite reported this information to the United States Attorney, who initiated a criminal investigation, and filed this law suit.

2. On December 20, 2005, Globe Composite sent a letter to the United States Attorney requesting advice as to the extent of information and documents

containing potentially classified information that could be produced. Globe Composite's internal security compliance officer reviewed and redacted certain documents relating to the 92" gaskets and acoustic panels, which were forwarded to the United States Attorney for review. The United States Attorney subsequently instructed Globe Composite that it could produce documentation relating to the 92" gaskets, which it did, but that it could not produce any documentation or discuss any information relating to acoustic panels until the Navy/Department of Defense completed a review of the documents and made a determination as to the issues in question. These issues/documents are still under review and the United States Attorney has been unable to advise Globe Composite as to when a determination will be made.

3. Once a determination is made, Globe Composite intends to depose certain former Globe Rubber employees who may have information relating to the acoustic panels and Globe Rubber's falsification of same.

4. All parties have been working diligently to serve discovery and gather responsive discovery to produce to the opposing side. Over fifteen thousand documents have been produced by the parties and several depositions have been taken and suspended pending a determination by the government as to what can be disclosed relating to the acoustic panels.

5. The Court has set a status conference for June 15, 2006 to be advised as to the status of the government's review of the acoustic panel issue.

6. Therefore, Globe Composite requests that the Court extend the discovery deadline currently set for June 1, 2006 to **July 17, 2006**.

7. In addition, the deadline to make expert disclosures is scheduled for June 1, 2006 for plaintiff and July 3, 2006 for defendant. These deadlines were contingent on the parties completing discovery by June 1, 2006. Therefore, Globe Composite requests that the Court reset the expert disclosure deadlines to **July 17, 2006** for plaintiff and **August 21, 2006** for defendant, and reset the expert deposition deadline to **September 29, 2006.**

WHEREFORE, Globe Composite requests that the Court extend the discovery deadline to **July 17, 2006**, extend plaintiff's expert disclosure to **July 17, 2006**, extend defendants' expert disclosure deadline to **August 21, 2006**, and extend the deadline for expert depositions to **September 29, 2006**. Further, Globe Composite requests that the Court reschedule any other deadlines as appropriate.

PLAINTIFF,
By its attorneys,

   /s/ **Clare B. Burhoe**
Evan T. Lawson (BBO# 289280)
Clare B. Burhoe (BBO# 632238)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Cburhoe@lawson-weitzen.com