UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
GLOBE COMPOSITE SOLUTIONS, LTD. )
F/K/A KALM-FORSYTHE GLOBAL      )        Civil Action No. 05 10323 DPW
INNOVATIONS, LTD.               )
       Plaintiff,            )
)
v.                              )
)
RICHARD C. SOMERVILLE, ANNE     )
ROCHE-SOMERVILLE, and           )
SOLAR CONSTRUCTION, INC. F/K/A   )
GLOBE RUBBER WORKS, INC.        )
       Defendants.            )
_____)


_____
)
RICHARD C. SOMERVILLE and       )
SOLAR CONSTRUCTION, INC. F/K/A   )
GLOBE RUBBER WORKS, INC.        )
       Plaintiffs-in-Counterclaim  )
)
v.                              )
)
GLOBE COMPOSITE SOLUTIONS, LTD. )
F/K/A KALM-FORSYTH GLOBAL       )
INNOVATIONS, LTD. and           )
CARL W. FORSYTHE                )
       Defendants-in-Counterclaim  )
_____)

## DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE TO JULY 17, 2006, AND EXPERT DISCLOSURE AND DEPOSITION DEADLINES AND DEFENDANTS/PLAINTIFF'S-IN-COUNTERCLAIM CROSS-MOTION TO EXTEND DISCOVERY DEADLINE, EXPERT DISCLOSURE AND EXPERT DEPOSITION DEADLINES

Now come the Defendants/Plaintiffs-in-Counterclaim in the above-captioned matter

and file this opposition to the Plaintiff's Motion To Extend Discovery Deadline And Expert

Disclosure And Deposition Deadlines. The Defendants/Plaintiffs-in-Counterclaim do not oppose the Plaintiff's request for the extension of the deadlines, but the Defendants/Plaintiffs-in-Counterclaim do oppose the Plaintiff's request to extend the discovery deadlines only to July 17, 2006. The Defendants/Plaintiffs-in-Counterclaim hereby oppose the Plaintiff's Motion on the grounds that the parties have been unable to complete discovery because of the Plaintiff's failure to produce all responsive documents and the Plaintiff's refusal to answer certain interrogatories resulting in the inability of the parties to complete any depositions. The Plaintiff's request to extend discovery only to July 17, 2006 from June 1, 2006, when it has failed to provide the Defendants/Plaintiffs-in-Counterclaim with a date certain by which it will produce the additional documents and supplement its answers to interrogatories, is designed to pressure the Defendants/Plaintiffs-in-Counterclaim to complete discovery without having all of the relevant documents necessary to defend Plaintiff's claims. In addition, the Plaintiff's motion is contrary to a stipulation entered into between the parties.

The Defendants/Plaintiffs-in-Counterclaim respectfully move that this Court a) order the Plaintiff to produce all documents and supplement of answers to interrogatories on or before **July 17, 2006** and b) extend the discovery deadline to and including **October 16, 2006,** for the completion of discovery. Further, the Defendants/Plaintiffs-in-Counterclaim hereby move the Court to extend the expert disclosure deadlines and expert deposition deadline accordingly, as detailed below.

The Plaintiff's Motion should be denied and the Defendants/Plaintiffs-in-Counterclaim's Motion should be granted for the following reasons:

1.     This case concerns disputes that arose out of a business transaction, where Plaintiff purchased certain assets of the business of Solar Construction, Inc. f/k/a Globe Rubber Works, Inc. (hereinafter "GRW") in August, 2004.

2.     The Plaintiff breached its obligations when it failed to make a $400,000 note payment on December 1, 2004, which was required in connection with the purchase of certain assets of GRW.  After that breach by the Plaintiff, the Plaintiff claims that it learned that certain false certifications on a small number of shipments made by GRW before the closing involving a small portion of GRW's business.  Plaintiff suffered no loss from the allegedly false historical shipments. Plaintiff was never back-charged by the customers for the shipments and the products never failed.  Despite this, the Plaintiff has sought to use these allegedly false certifications as a basis to try to acquire the business of GRW without paying for it.  Plaintiff claims it does not have to (i) pay $750,000 in promissory notes it agreed to pay; (ii) pay over $1,000,000 under an employment agreement; (iii) transfer 7.5% of the equity in the Plaintiff to the Estate of Richard Somerville, as it agreed to do in the asset purchase agreement; and, (iv) release $190,000 that was set aside in an escrow account.  Plaintiff also claims it is entitled to the return of all of the moneys it paid at the closing, reimbursement for all accounting and legal fees it incurred in purchasing the assets of GRW, and other damages.  The Plaintiff never sought to rescind the transaction under which it purchased certain assets of GRW.  In essence, Plaintiff seeks to own GRW's business without having to pay for it.

3.    Defendants/Plaintiffs-in-Counterclaim served discovery requests on August 5, 2005.  Plaintiff answered interrogatories on or about November 16, 2005 and over the course of several months, has produced numerous documents.

4.    Plaintiffs, however, have withheld certain answers to interrogatories and documents, based on its claim that the discovery may require disclosure of government classified or otherwise sensitive information that Plaintiffs are not authorized to disclose or place in the public domain.  Specifically, the Plaintiffs have failed to answer any interrogatories or produce additional documents concerning the sonar acoustic panels[1] making it impossible for the Defendants/Plaintiffs-in-Counterclaim to properly defend their claims relating to the sonar acoustic panels.  Plaintiff asserts that its claims relating to the sonar acoustic panels are a significant portion of its claims.

5.    On numerous occasions, both verbally and in writing, the Defendants/Plaintiffs-in-Counterclaim have requested the Plaintiff, produce the documents concerning the sonar acoustic panels.  The Defendants/Plaintiffs-in-Counterclaim have requested this information in writing on the following occasions:

    a.  January 24, 2006;

    b.  March 8, 2006 (first letter);

    c.  March 8, 2006 (second letter);

    d.  March 15, 2006; and

    e.  May 11, 2006.

---

[1] The Plaintiffs only recently produced the allegedly false certifications and the allegedly real test results for the gaskets.

<u>See</u> January 24, 2006 letter from Jennifer C. Roman to Clare B. Burhoe;

March 8, 2006 from Jennifer C. Roman to Clare B. Burhoe; March 8, 2006

letter from Jennifer C. Roman to Clare B. Burhoe (second letter); March 15,

2006 letter from Jennifer C. Roman to Clare B. Burhoe; and, May 11, 2006

letter from Jennifer C. Roman to Clare B. Burhoe attached hereto as **Exhibits**

**A-E,** respectively.

6.    On each occasion, the Plaintiffs advised the Defendants/Plaintiffs-in-
Counterclaim that it was still awaiting a response from the U.S. Attorney's
Office.

7.    As recently as May 15, 2006, Plaintiff's counsel reported to this Court that
they did not know when they would be able to produce documents concerning
the sonar acoustic panels as they did not receive approval from the U.S.
Attorney's Office to produce the documents.  Plaintiff's inability to identify a
date certain by which it can produce the additional documents concerning the
sonar acoustic panels continues to the present.

8.    As a result of the Plaintiff's failure to produce the additional documents
concerning the sonar acoustic panels, the parties have started and suspended
three depositions.  During these depositions, Plaintiff's counsel, upon advice
of the United States Attorney's office, instructed the Plaintiff's witnesses not
to answer any questions about the sonar acoustic panels and the
Defendants/Plaintiffs-in-Counterclaim were unable to ask any questions
concerning the sonar acoustic panels or ask any questions about documents
concerning the sonar acoustic panels.  During the depositions, counsel for the

5

Defendants complained about the failure to produce documents concerning the sonar acoustic panels and the Plaintiff's attempt to block legitimate discovery avenues necessary to defend this case.  In response, Plaintiff agreed that it would not seek to use the issue of the sonar acoustic panels in the pending civil litigation until such time as counsel for the Defendants/Plaintiffs-in-Counterclaim had an opportunity to both review the documents and depose the witnesses concerning the documents.  See Excerpt from the deposition transcript of Carl W. Forsythe, attached hereto as **Exhibit F**.

9.   The parties are scheduled to appear before Magistrate Judge Bowler on June 15, 2006, at which time the Plaintiffs are to report to the Court what progress, if any, they have made in securing the documents.

10.   The Plaintiff's motion to extend the discovery deadlines only to July 15, 2006, without a date certain by which it must produce the relevant documents not previously produced is an attempt to gain an unfair tactical advantage and to place pressure on the Defendants/Plaintiffs-in-Counterclaim to complete discovery without all of the potentially relevant documents and/or information.  No deposition in this case has been completed because the Plaintiff has withheld documents and has refused to answer questions concerning the sonar acoustic panels.  The Plaintiff's motion seeking a short extension of the discovery deadline when it has failed to fulfill its discovery obligations is contrary to the stipulation entered into between the parties during the depositions.

11.     Therefore, the Defendants/ Plaintiffs-in-Counterclaim request that the Court order the Plaintiff to produce all relevant documents which have not been produced and serve complete supplemental interrogatory responses on or before **July 17, 2006** and extend the discovery deadline, currently set for June 1, 2006 to and including **October 16, 2006**.

12.     In addition, the deadline to make expert disclosures is scheduled for June 1, 2006 for Plaintiff and July 3, 2006 for the Defendants/ Plaintiffs-in-Counterclaim.  These deadlines were contingent upon the parties completing discovery by June 1, 2006.  Therefore, the Defendants/Plaintiffs-in-Counterclaim request this Court extend the expert disclosure deadlines to **November 16, 2006 for Plaintiff** and **December 15, 2006 for Defendants,** and extend the expert deposition deadline to **January 26, 2007**.

WHEREFORE, the Defendants/Plaintiffs-in-Counterclaim request the Court extend the discovery deadline to **October 16, 2006**, order the Plaintiff to produce documents and supplement its answers to interrogatories by **July 17, 2006**, extend the Plaintiff's expert disclosure to **November 16, 2006,** and the Defendants' expert disclosure to **December 15, 2006**, and extend the time for expert depositions to **January 26, 2007**.

Respectfully submitted,

The Defendants, Anne Roche-Somerville and Solar
Construction, Inc. f/k/a Globe Rubber Works, Inc.

By their attorneys,


/s/ Jennifer C. Roman
Mark S. Furman (BBO# 181680)
mfurman@tbhr-law.com
Jennifer C. Roman (BBO# 643223)
jroman@tbhr-law.com
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue
Boston, MA 02199
(617) 218-2000

Dated:  June 5, 2006

# Exhibit A

# TARLOW BREED
# HART & RODGERS, P.C.
*Counsellors at Law*

Jennifer C. Roman
Direct Dial: (617) 218-2045
E-mail: jroman@tbhr-law.com

January 24, 2006

**VIA FACSIMILE SERVICE AND FIRST CLASS MAIL**

Clare B. Burhoe, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, MA 02210

> RE:   Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations,
>        Ltd. v. Richard C. Somerville, Anne Roche-Somerville and Solar
>        Construction, Inc. f/k/a Globe Rubber Works, Inc. v. Carl W. Forsythe
>        <u>Civil Action No. 05 10323 DPW</u>

Dear Ms. Burhoe:

This letter will confirm our telephone conversation of yesterday.

As we discussed, it appears that certain documents responsive to the Defendants' First Request for the Production of Documents (the "Request") were not produced in Carl Forsythe's First Response to Production of Documents. Specifically, certain correspondence between Carl Forsythe and his investors is missing. You agreed to produce any additional documents.

In addition, you have not produced documents responsive to the Request which you have identified as "classified". Both in our discussion today and in our prior discussions regarding this issue, you told me that you provided the US Attorney's office with redacted copies of the classified documents for their review. To date, you have not received approval from the US Attorney's office to produce the redacted documents and you do not anticipate receiving said approval before Wednesday, January 26, 2006.

In light of the above, we agreed to continue the 30(b)(6) deposition of Globe Composite to February.

Kindly provide me with dates which are convenient for both you and the witnesses. As we discussed, it would be preferable to conduct the 30(b)(6) deposition over two consecutive days.



Clare B. Burhoe, Esquire
January 24, 2006
Page 2

In addition, at your request, the deposition of Bill Rodgers will be continued from its currently scheduled date of January 26, 2006, to a mutually convenient date in February.

During our telephone conversation I failed to mention to you that the following additional documents are missing from Globe Composite's production of documents:

1.  The document labeled 0011925-0011926 references a "draft problem history" of the gaskets which was to be drafted by Globe Composite and sent to General Dynamics/Electric Boat. The referenced "draft problem history" is missing.

2.  The signed Consulting Agreement between Globe Rubber Works and John Boodee.

3.  The signed Confidentiality Agreement between Globe Rubber Works and John Boodee.

4.  Strategic Procurement Services Contract and/or Purchase Order number 042-40369631, as referenced in Globe Composite Solutions, Ltd.'s Answers to Interrogatories, number 4.

5.  Strategic Procurement Services Contract and/or Purchase Order number 042-40480844, as referenced in Globe Composite Solutions, Ltd.'s Answers to Interrogatories, number 4.

Please produce all of the above referenced documents as soon as possible.

Thank you for your attention to these matters.

Very truly yours,

Jennifer C. Roman

# Exhibit B

# TARLOW BREED
# HART & RODGERS, P.C.
*Counsellors at Law*

Jennifer C. Roman
Direct Dial: (617) 218-2045
E-mail: jroman@tbhr-law.com

March 8, 2006

## VIA FACSIMILE SERVICE AND FIRST CLASS MAIL

Clare B. Burhoe, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, MA 02210

RE:    Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd.
v. Richard C. Somerville, Anne Roche-Somerville and Solar Construction, Inc.
f/k/a Globe Rubber Works, Inc. v. Carl W. Forsythe
Civil Action No. 05 10323 DPW

Dear Ms. Burhoe:

This letter will confirm our conversation of yesterday.

In response to my client's 30(b)(6) Notice of Deposition to Globe Composite Solutions, Ltd. ("Globe Composite"), Globe Composite previously indicated that the following individuals would testify on behalf of Globe Composite: Carl Forsythe, John Boodee and Kevin Lynch. We had previously agreed to combine the individual deposition of Mr. Forsythe with his testimony as a 30(b)(6) witness for Globe Composite. On March 6, 2006, this office served upon you a Notice of Deposition for Mr. Boodee and Mr. Lynch. In our conversation yesterday, you agreed to combine Mr. Boodee's and Mr. Lynch's individual depositions with their testimony as 30(b)(6) witnesses for Globe Composite.

I also requested that you make a supplemental production of documents, including the following:

1.    2005 Financial Statements for Globe Composite;

2.    2005 Tax Returns for Globe Composite;

3.    The monthly financial statements for Globe Composite from July, 2005 to the present;



Clare B. Burhoe, Esquire
March 8, 2006
Page 2

    4.      Any additional/updated information concerning the Gaskets;

    5.      Any additional/updated information concerning the Baffles; and

    6.      Any additional/updated information concerning the United States Postal Service.

As part of this supplemental production, I am also requesting that you produce the monthly sales figures for Globe Composite, the monthly sales figures for Globe Composite by product and the detail back-up for the January 31, 2005 Escrow Demand letter.

Please produce all of the above referenced documents as soon as possible

Finally, from our conversations and from the 30(b)(6) deposition wherein Carl Forsythe testified and Roger Fasnacht's deposition, I understand your office has received verbal instructions from the United States Attorney's Office not to produce any additional documents and/or discuss any issue relating to the Baffles produced by Globe Rubber Works. Please advise me as soon as possible when and if you receive additional and/or different instructions from the U.S. Attorney's Office so that we may, in accordance with our reservation of rights, complete the depositions.

Thank you for your attention to these matters.

Very truly yours,

Jennifer C. Roman

# Exhibit C

# TARLOW BREED
# HART & RODGERS, P.C.
*Counsellors at Law*

Jennifer C. Roman
Direct Dial: (617) 218-2045
E-mail: jroman@tbhr-law.com

March 8, 2006

## VIA FACSIMILE SERVICE AND FIRST CLASS MAIL

Clare B. Burhoe, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, MA 02210

RE:    Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd.
       v. Richard C. Somerville, Anne Roche-Somerville and Solar Construction, Inc.
       f/k/a Globe Rubber Works, Inc. v. Carl W. Forsythe
       <u>Civil Action No. 05 10323 DPW</u>

Dear Ms. Burhoe:

I am in receipt of your letter dated January 19, 2006 enclosing documents labeled 44717-44891 which are attachments or pages which were identified in my letter dated December 13, 2005 as missing from Globe Composite Solutions, Ltd.'s ("Globe Composite") and/or Carl Forsythe's original production of documents. I am also in receipt of your letter dated January 24, 2006 enclosing documents labeled 44997-45011.

This office, on behalf of our clients, served Anne Roche-Somerville, in her individual capacity and in her capacity as the Temporary Executrix of the Estate of Richard C. Somerville and Solar Construction f/k/a Globe Rubber Works, Inc.'s First Request For The Production Of Documents on or about August 5, 2005 (hereinafter the "Request"). This office received documents responsive to the Request from Mr. Forsythe on or about October 25, 2006 and from Globe Composite on or about October 26, 2005. Since your clients' original production, three supplemental productions have been made; two of which were after I discussed with you the fact that numerous documents were missing from the original production.

This office has reviewed the documents produced by you on or about January 19, 2006 (labeled 44717-44891) which were produced in response to my letter dated December 13, 2005. Our review of the documents reveals that several documents you identify as being included in the documents produced on or about January 19, 2006 are in fact still missing. Specifically, the following documents, as identified in my letter dated December 13, 2005, are still missing attachments:

Clare B. Burhoe, Esquire
March 8, 2006
Page 2

1.       Number 7 - March 10, 2005 e-mail from Bob Murray to Jim Campisi (0011680);

2.       Number 20 - September 3, 2004 e-mail from Carl Smith to John Boodee re: PSM-3/4 Action Items Update (0011437 - 0011438);

3.       Number 25 - January 14, 2005 e-mail from Bob Murray to John Boodee, Kevin Lynch, Nancy Walker, Rob Karnes, Tom Roberts, Mike Weixler re: FW: Preliminary summary test data Status (0011660);

4.       Number 37 - May 2, 2005 e-mail from Carl Forsythe to John Boodee, Paul Olson et al re: FW: ILS Kick Off meeting – BMC Composite Sorter Project. (0011450-0011451);

5.       Number 55 - April 27, 2005 e-mail from Forsythe to USPS (0011484);

6.       Number 59 - March 21, 2005 e-mail from Rob Karnes to Carl Forsythe et al (0011983);

7.       Number 60 - Undated e-mail from Jim Campisi to Rob Karnes (0011715), and;

8.       Number 63 - April 7, 2005 e-mail from Bob Murray to Rob Karnes (0012060).

Please produce the above-enumerated missing attachments as soon as possible.

In addition, the documents listed above do not include the documents which you previously stated Globe Composite was unable to locate. What is the current status of these documents? Has a further search been conducted?

The documents produced on or about January 24, 2006 and labeled 44997-45011 were only produced after I informed you that Mr. Forsythe's production of documents was incomplete. Specifically, the original production of documents did not include all of Mr. Forsythe's communications with his investors, as evidenced by the documents which were produced. In Mr. Forsythe's supplemental production on or about January 24, 2006, he once again failed to produce all of the documents responsive to my clients' request.

To date, Mr. Forsythe has produced the following updates:

1. December 18, 2003 (0002904-002905);

2. August 3, 2004 (0002913);

3. Undated, estimated date of February 3, 2005 (0045008-0045009);

4. Undated, estimated date of sometime before March, 2005 (0045006-0045007);

5. April 14, 2005 (0002901-0002902);

Clare B. Burhoe, Esquire
March 8, 2006
Page 3

6. Undated, estimated date of Mid-May, 2005 (0044997-0044998);

7. Undated, estimated date of Spring or Summer, 2005 (0045010);

8. June 1, 2005 (0002899-0002900 and 0045004-0045005);

9. June 28, 2005 (0002896-0002898);

10. Undated, estimated date of early to mid July, 2005 (0045002-0045003);

11. Undated, estimated date of July, 2005 (0044999-0045001); and

12. September 1, 2005 (0002892-002895).

Several of the updates listed above reference prior updates, confirming that Mr. Forsythe has not produced all available updates. For example, in the December 18, 2003 update, Mr. Forsythe stated it had been a few weeks since his last update. Yet, Mr. Forsythe has not produced any updates before December 18, 2003. In the April 14, 2005 update, Mr. Forsythe stated it had been two weeks since his last e-mail. However, Mr. Forsythe failed to produce any updates for the April 1, 2005 time period. In the September 1, 2005 update, Mr. Forsythe stated it had been "a month or so" since his last update. Mr. Forsythe failed to produce any updates for the period mid-July, 2005 through September 1, 2005.

In the updates identified by labels 0045006-0045007 and 0044997-0044998, Mr. Forsythe characterizes each of the updates as a "GCS Weekly Update." The first update (0045006-0045007) appears to have been given before March, 2005 because it references a meeting to be held with the USPS on March 16. The second update (0044997-0044998) appears to have been given in the middle of May, 2005 because it references the April sales and the hiring of Seth Coon. Because Mr. Forsythe refers to each of these updates as "GCS Weekly Updates," it is clear that several weekly updates are missing for at least the period of March, 2005 through May, 2005.

Furthermore, Mr. Forsythe has not produced any communications to his investors for the time period September 1, 2005 to the present.

In addition, the December 29, 2004 e-mail from Carl Forsythe to Gregory Moffett labeled 0004203 is missing the attachment identified as "Revised Contact List – Globe Rubber Works, Inc." and the February 8, 2005 e-mail from Bob Murray to Tom Roberts, John Boodee and Jason Dahlberg re: Bulk_Head 2005.xls 00012031 is missing the attachment identified as "Bulk_Head 2005.xls".

Your clients' piecemeal production of documents is troubling, to say the least.

Please produce all of the above referenced documents as soon as possible.



Clare B. Burhoe, Esquire
March 8, 2006
Page 4

Thank you for your attention to these matters.

Very truly yours,

Jennifer C. Roman

# Exhibit D

# TARLOW BREED
# HART & RODGERS, P.C.
*Counsellors at Law*

**Jennifer C. Roman**
Direct Dial: (617) 218-2045
E-mail: jroman@tbhr-law.com

March 15, 2006

## VIA FACSIMILE SERVICE AND FIRST CLASS MAIL

Clare B. Burhoe, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, MA 02210

RE:  Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd.
v. Richard C. Somerville, Anne Roche-Somerville and Solar Construction, Inc.
f/k/a Globe Rubber Works, Inc. v. Carl W. Forsythe
<u>Civil Action No. 05 10323 DPW</u>

Dear Ms. Burhoe:

As you are aware, in Mr. Boodee's deposition testimony, he referenced certain documents relevant to the case which were not previously produced.   Specifically, he referenced the following documents:

1.  CD-Rom from the United States Post Office containing drawings which Mr. Boodee believes are the subject of the December 14, 2000 letter to Vincent Tung of the United States Post Office from Richard Somerville, labeled number 0011516;

2.  Exclusive Provider Compliance Agreement between the United States Post Office and Globe Composite Solutions, Ltd.;

3.  The Purchase Orders received from the United States Post Office for the Detroit and Pittsburgh sorter line systems; and

4.  August 25, 2004, Conditional Acceptance from the United States Post Office.

Please produce the three documents referenced above as soon as possible.

 Clare B. Burhoe, Esquire
March 15, 2006
Page 2

In addition, Mr. Boodee stated he may have electronic copies of Mr. Forsythe's updates to his investors with the dates the updates were sent on his computer. The following updates do not have dates:

1. Undated, estimated date of February 3, 2005 (0045008-0045009);

2. Undated, estimated date of sometime before March, 2005 (0045006-0045007);

3. Undated, estimated date of Mid-May, 2005 (0044997-0044998);

4. Undated, estimated date of Spring or Summer, 2005 (0045010);

5. Undated, estimated date of early to mid July, 2005 (0045002-0045003); and

6. Undated, estimated date of July, 2005 (0044999-0045001).

I am requesting Mr. Boodee confirm whether or not he has the above updates on his computer system and if he does, that a copy of the dated updates be produced.

Thank you for your attention to these matters.

Very truly yours,

Jennifer C. Roman

# Exhibit E



**TARLOW BREED**
**HART & RODGERS**, P.C.
*Counsellors at Law*

Jennifer C. Roman
Direct Dial: (617) 218-2045
E-mail: jroman@tbhr-law.com

May 11, 2006

<u>**VIA FACSIMILE SERVICE AND FIRST CLASS MAIL**</u>

Clare B. Burhoe, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, MA 02210

    RE:    Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd.
              v. Richard C. Somerville, Anne Roche-Somerville and Solar Construction, Inc.
              f/k/a Globe Rubber Works, Inc. v. Carl W. Forsythe
              <u>Civil Action No. 05 10323 DPW</u>

Dear Ms. Burhoe:

       This letter is intended to summarize the outstanding discovery issues in the above-referenced case.

       In a series of letters I sent to you, I outlined the documents that I concluded had not been produced by your office in response to my clients' First Request For The Production Of Documents (originally served on or about August 5, 2005). After reviewing all of the documents produced by your office, I have concluded that certain documents, previously identified in letters to you dated January 24, 2006, March 8, 2006 (two letters), and March 15, 2006 have not been produced or are missing attachments.

       On May 9, 2006, we received your most recent production of documents. This production included, for the first time, what I assume to be the alleged "actual test results" and the alleged "false test results" for the 92" gaskets which form the basis for one of the claims made by your client in the case.

       The primary area of documents which have not been produced concern the baffle panels. You have previously advised me of your inability to produce documents concerning the baffle panels due to the allegedly classified nature of the documents. In addition, at the depositions of Carl Forsythe and John Boodee, you and/or Evan Lawson advised us that the witnesses, pursuant to a verbal instruction you received from the U.S. Attorney's Office, were not able to answer any questions concerning the baffle panels for the same reasons. We have



Clare B. Burhoe, Esquire
May 11, 2006
Page 2

been patient and understanding of your position.  However, the failure to produce documents and the witnesses' inability to answer any questions which even remotely concern the baffle panels prevents us from defending this issue.

I understand from speaking with you that you have been in contact with the United States Government concerning this issue and you hope to be able to resolve the issue in the near future, at which time, the previously suspended depositions of the Globe Composite witnesses will recommence and any additional depositions will take place.

In addition to the above, I have identified the following documents, as referenced in my letter dated December 13, 2005, to still be missing attachments:

1.  Number 7 - March 10, 2005 e-mail from Bob Murray to Jim Campisi (0011680);

2.  Number 20 - September 3, 2004 e-mail from Carl Smith to John Boodee re: PSM-3/4 Action Items Update (0011437 - 0011438);

3.  Number 25 - January 14, 2005 e-mail from Bob Murray to John Boodee, Kevin Lynch, Nancy Walker, Rob Karnes, Tom Roberts, Mike Weixler re: FW: Preliminary summary test data Status (0011660);

4.  Number 37 - May 2, 2005 e-mail from Carl Forsythe to John Boodee, Paul Olson et al re: FW: ILS Kick Off meeting – BMC Composite Sorter Project. (0011450-0011451);

5.  Number 55 - April 27, 2005 e-mail from Forsythe to USPS (0011484);

6.  Number 59 - March 21, 2005 e-mail from Rob Karnes to Carl Forsythe et al (0011983);

7.  Number 60 - Undated e-mail from Jim Campisi to Rob Karnes (0011715);

8.  Number 63 - April 7, 2005 e-mail from Bob Murray to Rob Karnes (0012060);

9.  December 29, 2004 e-mail from Carl Forsythe to Gregory Moffett labeled 0004203 is missing the attachment identified as "Revised Contact List – Globe Rubber Works, Inc."; and

10. February 8, 2005 e-mail from Bob Murray to Tom Roberts, John Boodee and Jason Dahlberg re: Bulk_Head 2005.xls 00012031 is missing the attachment identified as "Bulk_Head 2005.xls.

After receiving the documents produced in response to my December 13, 2005 letter, we spoke about the fact the documents, apparently labeled in a manner to correspond to the numbered requests of the letter, did not match up.  In a follow up conversation, you indicated that you thought you understood what had happened.  To date, I am not clear as to which attachments



Clare B. Burhoe, Esquire
May 11, 2006
Page 3

belong to the documents identified in my letter. Kindly produce the documents with the attachments affixed to its corresponding document.

From my January 24, 2006 letter, the following documents have not been produced:

1.   The document labeled 0011925-0011926 references a "draft problem history" of the gaskets which was to be drafted by Globe Composite and sent to General Dynamics/Electric Boat. The referenced "draft problem history" is missing;

2.   The signed Consulting Agreement between Globe Rubber Works and John Boodee;

3.   The signed Confidentiality Agreement between Globe Rubber Works and John Boodee;

4.   Strategic Procurement Services Contract and/or Purchase Order number 042-40369631, as referenced in Globe Composite Solutions, Ltd.'s Answers to Interrogatories, number 4; and

5.   Strategic Procurement Services Contract and/or Purchase Order number 042-40480844, as referenced in Globe Composite Solutions, Ltd.'s Answers to Interrogatories, number 4.

In my first letter dated March 8, 2006, letters, I expressed concern that Mr. Forsythe has failed to produce all of his updates to his investors. Since my March 8, 2006 letter, you have produced additional updates. We have also spoken about this issue over the phone. However, it still appears as though Mr. Forsythe has failed to produce all of the requested updates. Please confirm that all of Mr. Forsythe's updates to his investors have been produced.

The following documents requested in my second letter dated March 8, 2006 have not been produced:

1.   2005 Financial Statement of Globe Composite Solutions;

2.   2005 Tax Returns;

3.   monthly sales figures for Globe Composite;

4.   monthly sales figures for Globe Composite by product; and

5.   the detail back-up for the January 31, 2005 Escrow Demand letter.

Finally, the exclusive provider compliance agreement between the USPS and Globe Composite Solutions identified in my March 15, 2006 letter has not been produced.



Clare B. Burhoe, Esquire
May 11, 2006
Page 4

Since the original production of documents was made on August 5, 2005, the closure of these loose ends is long overdue. Please produce all of the above referenced documents as soon as possible.

Thank you for your attention to these matters.

Very truly yours,

Jennifer C. Roman

# Exhibit F

2-14cf.txt

00001
1                                      VOLUME I
                                       PAGES 1-170
2                                      EXHIBITS 30-50
3
            UNITED STATES DISTRICT COURT
4              DISTRICT OF MASSACHUSETTS
5           CIVIL ACTION NO.:   05 10323 DPW
6
7   GLOBE COMPOSITE SOLUTIONS,        )
    LTD. F/K/A KALM-FORSYTHE          )
8   GLOBAL INNOVATIONS, LTD.,         )
                                      )
9                        Plaintiff,   )
                                      )
10  vs.                               )
                                      )
11                                    )
    RICHARD C. SOMERVILLE, ANNE       )
12  ROCHE-SOMERVILLE, and SOLAR       )
    CONSTRUCTION, INC. F/K/A          )
13  GLOBE RUBBER WORKS, INC.,         )
                                      )
14                       Defendant.   )
                                      )
15  _____ )
                                      )
    RICHARD C. SOMERVILLE and         )
16  SOLAR CONSTRUCTION, INC.,         )
    F/K/A GLOBE RUBBER WORKS,         )
17  INC.,                             )
                                      )
18  Plaintiffs-in-Counterclaim,       )
                                      )
19  v.                                )
                                      )
20                                    )
    GLOBE COMPOSITE SOLUTIONS,        )
21  LTD. F/K/A KALM-FORSYTHE          )
    GLOBAL INNOVATIONS, LTD.,         )
22  and CARL W. FORSYTHE,             )
                                      )
23  Defendants-in-Counterclaim,       )
                                      )
24                                    )
25
            EYAL COURT REPORTING, INC., BOSTON, MA
26                  (800) 322-3925
00002
1              DEPOSITION OF CARL WILLARD FORSYTHE, a
2       witness called on behalf of the
3       Defendants/Plaintiffs-in-Counterclaim in the
4       above-entitled cause, taken before Dawn
5       Mack-Boaden, Notary Public in and for
6       Commonwealth of Massachusetts, pursuant to
7       the Massachusetts Rules of Civil Procedure,
8       at the Law Offices of Tarlow, Breed, Hart &
9       Rodgers, P.C, 101 Huntington Avenue, Boston,
10      Massachusetts, on Tuesday, February 14,
11      2006, commencing at 10:25 a.m.
12
13
14
15

                          Page 1

2-14cf.txt

```
16
17
18
19
20
21
22
23          EYAL COURT REPORTING, INC., BOSTON, MA
24                  (800) 322-3925
00003
 1   APPEARANCES
 2
     Mark S. Furman, Esquire
 3   Jennifer C. Roman, Esquire
       TARLOW, BREED, HART & RODGERS, P.C.
 4     101 Huntington Avenue
       Boston, Massachusetts 02199
 5     (617) 218-2000
       Counsels on behalf of the Plaintiff
 6
 7   Evan T. Lawson, Esquire
     Clare B. Burhoe, Esquire
 8     LAWSON & WEITZEN, LLP
       88 Black Falcon Avenue, Suite 345
 9     Boston , Massachusetts 02210
       (617) 439-4990
10     Counsels on behalf of the Defendant
11
12   ALSO PRESENT:  Eric Forni
13
14
15
16
17
18
19
20
21
22
23
24
00004
 1                          INDEX
 2
     EXAMINATION:    DIRECT  CROSS  REDIRECT  RECROSS
 3
     By Mr. Furman       6
 4
 5
 6                        EXHIBITS
     No.  Description                          Page
 7
     30   Document from Mr. Somerville            56
 8
     31   Round B Offering Confidential Private
 9        Placement Memorandum; September 20, 2003    57
10   32   Letter Dated October 2, 2003 from Commonwealth
          Corporation to Mr. Somerville           57
11
     33   Letter Dated October 27, 2003 from KBK
12        Financial, Inc. to Mr. Somerville       58
13   34   April 20, 2004 E-mail from Rob Carnes    81
14   35   E-Mail From Brian Evans to Mike Whitworth, Carl
                          Page 2
```

2-14cf.txt

23    the U.S. Attorney and the U.S. Attorney can
24    present the United States Government's
00138
1    position to the judge, and we can thrash it
2    out.
3        But we are certainly not going to risk
4    any ire on the part of the United States
5    Attorney by getting into the subject.
6        MR. FURMAN:  Is there anything in
7    writing that you have from the attorney's
8    office that speaks to this issue?
9        MR. LAWSON:  Is there anything in
10    writing?
11        MS. BURHOE:  It was a phone
12    conversation.
13        MR. LAWSON:  Phone conversations.  We
14    have communicated with the U.S. Attorney's
15    office in writing requesting guidance on
16    exactly what the parameters are of their
17    security issues and classified information
18    issues.
19        And, so far, my understanding, from
20    Attorney Burhoe, is that the request is that
21    we just not talk about it for now while they
22    make up their mind.
23        MR. FURMAN:  Why don't we go off the
24    record.
00139
1    (whereupon, an off-the-record discussion
2    took place.)
3
4        MR. FURMAN:  Okay.  We've had an
5    off-the-record discussion on the subject of
6    my desire to inquire regarding matters
7    relating to the baffles.
8        Mr. Lawson has indicated that the
9    witness will not be allowed to testify at
10    the request of the attorney's office as to
11    communications between the deponent,
12    customers, vendors; communications with Mr.
13    Somerville; third parties, such as the
14    government; suppliers; investors on the
15    subject of the baffles.
16        So we've agreed, on an interim basis,
17    while Mr. Lawson seeks to get freed up from
18    the U.S. Attorney's office request, that
19    there'd be no discovery on the subject; that
20    the Plaintiff, and I suppose counterclaim
21    defendants, will not seek to use the baffle
22    issue in an offensive manner in terms of the
23    court -- the civil court case until I've had
24    an opportunity to review the additional
00140
1    baffle documents which have been withheld
2    today, based upon the request of the United
3    States Attorney's Office, and depose Mr.
4    Forsythe and Globe Composite Solutions on
5    that subject of the baffles.
6        MR. LAWSON:  I agree with that.
7        MR. FURMAN:  Included in the subject
8    matters that are -- that the witness will
9    not testify to today are the post closing
10    manufacturing attempts to manufacture

Page 56

2-14cf.txt

```
11    baffles by Globe Composite Solutions; is
12    that correct?
13            MR. LAWSON:  Correct.
14
15    (Whereupon, an off-the-record discussion
16    took place.)
17
18            MR. FURMAN:  And in another
19    off-the-record discussion, Mr. Lawson has
20    indicated that the deponent will not be
21    allowed to testify as to the post closing
22    Globe Composite Solutions' documents, which
23    have already been produced, which relate to
24    the baffles, including, without limitation,
00141
1     to time line and other baffle-related
2     documents.
3             MR. LAWSON:  Baffling documents, yes.
4     That's correct.
5             MR. FURMAN:  And included in that, also,
6     would be documents and testimony relating to
7     any alleged damages suffered by Globe
8     Composite Solutions relating to baffles.
9             MR. LAWSON:  Yes; at this point.  I just
10    want the U.S. Attorney to clarify what we
11    can say.
12            I would expect that a great deal of it
13    would not be objectionable.
14
15    (Whereupon, an off-the-record discussion
16    took place.)
17
18            MR. FURMAN:  Included in the areas in
19    which the witness has been advised not to
20    answer are the post closing new baffle
21    orders received by Globe Composite Solutions
22    and post closing shipments by Globe
23    Composite Solutions of baffle orders.
24            And those also will be subject to the
00142
1     standstill arrangement with my having the
2     opportunity to depose Globe Composite
3     Solutions and Mr. Forsythe after I receive
4     those additional documents.
5             MR. LAWSON:  That's correct.
6     BY MR. FURMAN:
7        Q.   Okay.  Let me switch subject matters, Mr.
8     Forsythe.
9             Prior to the closing, what, if any,
10    understanding did you have regarding Roger
11    Fasnacht's duties at Globe Rubber?
12       A.   Roger was wearing two hats while he was at
13    Globe Rubber Works.
14            First is he was the CFO of the company;
15    and, secondly, he was the lead -- he played an
16    integral role in negotiating the sale of Globe
17    Rubber assets to Globe Composite Solutions/KFGI.
18       Q.   And in terms of his work regarding the
19    sale, he was the point person on the due diligence
20    process?
21       A.   Yes.
22       Q.   And he also had certain communications with
23    you on the subject of financial terms?
```

Page 57