UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTHE GLOBAL )<br>INNOVATIONS, LTD. )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD C. SOMERVILLE, ANNE )<br>ROCHE-SOMERVILLE, and )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. )<br>        Defendants. ) | Civil Action No. 05 10323 DPW |

)
RICHARD C. SOMERVILLE and )
SOLAR CONSTRUCTION, INC. F/K/A )
GLOBE RUBBER WORKS, INC. )
        Plaintiffs-in-Counterclaim )
)
v. )
)
GLOBE COMPOSITE SOLUTIONS, LTD. )
F/K/A KALM-FORSYTH GLOBAL )
INNOVATIONS, LTD. and )
CARL W. FORSYTHE )
        Defendants-in-Counterclaim )
)

## MOTION TO EXTEND DISCOVERY DEADLINE, EXPERT DISCLOSURE AND EXPERT DEPOSITION DEADLINES

Anne Roche-Somerville, ("Roche-Somerville") in her individual capacity and in her capacity as the Executrix of the Estate of Richard C. Somerville ("Somerville") and Solar Construction f/k/a Globe Rubber Works, Inc. ("Globe Rubber") (collectively the "Defendants") hereby move the Court to extend the fact discovery deadline from December

1, 2006 to **January 31, 2007**.[1]  Further, the Defendants hereby move the Court to extend the expert disclosure deadlines and expert deposition deadline accordingly, as detailed below.

This Motion should be granted for the following reasons:

1. This case concerns disputes that arose out of a business transaction, where plaintiff purchased certain assets of the business of Solar Construction, Inc. f/k/a Globe Rubber Works, Inc.  Plaintiff seeks single damages, exclusive of interest, in excess of $5 million, plus treble damages and attorney's fees under M.G.L.c. 93A.  Defendants seek single damages, exclusive of interest, in excess of $3.0 million, plus treble damages and attorney's fees under M.G.L. c. 93A.

2. Plaintiff answered interrogatories on or about November 16, 2005 and produced approximately 13,000 pages of documents on or about November 16, 2005.  Defendants answered interrogatories on or about December 5, 2005 and produced documents on or about December 7, 2005.  Certain issues remain between the parties as to the scope of what was produced and what was withheld from production.

3. Plaintiffs had withheld certain discovery responses on the basis that they may require the disclosure of government classified or otherwise sensitive information that plaintiffs are not authorized to disclose or place in the public domain.  The Plaintiffs sought guidance from the United States Attorney's Office concerning whether the documents could be released.  Although depositions had been commenced, the witnesses were instructed not to answer any questions concerning the documents which were believed to contain government classified or otherwise sensitive information.  Accordingly, the parties agreed to suspend the depositions until after receipt of further instructions from the United States Attorney's Office and/or the production of the previously withheld documents.

4. On or about November 1, 2006, the United States Attorney office approved the release of the previously withheld documents.  Subsequently, the plaintiffs produced the documents which it had previously been withholding.

5. After receipt of the previously withheld documents, the parties began discussing the scheduling of the continuation of the depositions as well as additional depositions.

---

[1] The Plaintiff and the Defendants attempted to file a Joint Motion to Extend Discovery Deadline and several drafts were exchanged.  However, counsel for the Plaintiff was unavailable today to finalize the motion as a joint motion. (See December 1, 2006 email chain between Clare Burhoe, Esquire and Jennifer C. Roman, Esquire, attached hereto as **Exhibit A**).  Accordingly, the Defendants are filing this Motion to Extend Discovery Deadline, Expert Disclosure and Expert Deposition Deadlines.

6. The defendants had previously noticed the Rule 30(b)(6) deposition of plaintiff. Pursuant to the Rule 30(b)(6) deposition notice, plaintiff designated specific Globe Composite employees as witnesses. (See January 17, 2006, letter from Clare B. Burhoe attached hereto as **Exhibit B**). The defendants started (and subsequently suspended) the combined Rule 30(b)(6) and individual deposition of two of the designated witnesses – Carl Forsythe and John Boodee. The plaintiff's have agreed to schedule the continuation of Mr. Forsythe's deposition for January 30, 2007, but are discussing taking the deposition earlier in January, 2007. (See November 30, 2006, email from Clare B. Burhoe to Jennifer C. Roman attached hereto as **Exhibit C**). A dispute has arisen with respect to the plaintiff's obligation to produce Mr. Boodee for the continuation of his deposition since Mr. Boodee has since relocated to Texas and this dispute may be the subject of a separate motion to compel. (See November 21, 2006 email chain between Clare B. Burhoe and Jennifer C. Roman attached hereto as **Exhibit D**). In addition to the completion of these two depositions, the parties have, by agreement, scheduled two depositions for December 15, 2006 – one of a third Rule 30(b)(6) designee and the continued individual deposition of another witness. In addition, the plaintiff had noticed but due to scheduling conflicts needed to cancel the deposition of Nancy Walker (originally scheduled by agreement for November 28, 2006). Since the cancellation of Ms. Walker's deposition, the plaintiff was informed that Ms. Walker may be asserting her 5th Amendment privilege against self-incrimination. (See November 28, 2006, email from Clare B. Burhoe to Jennifer C. Roman attached hereto as **Exhibit E**). The defendants would like to explore whether taking her deposition may still be beneficial. The plaintiff had also noticed, but due to scheduling conflicts needs to reschedule the deposition of Charlie Stoddard (originally scheduled for January 3, 2007). The parties are in the process of rescheduling these depositions. Defendant has noticed two additional Rule 30(b)(6) depositions of two life insurance companies and may need to schedule a few Keeper of the Records depositions.

7. Given the number of documents in the case, the nature of the issues, the outstanding depositions remaining to be scheduled and the personal and professional schedules of both witnesses and counsel, the parties have been unable to schedule and complete the depositions before the current discovery deadline of December 1, 2006.

8. As a result, additional time is needed to conduct the discovery phase of the case.

9. Therefore, the Defendants request that the Court extend the discovery deadline, currently set for December 1, 2006 to **January 31, 2007**.

10.    In addition, the Defendants request the Court schedule the deadline to make expert disclosures for **March 7, 2007** for Plaintiff and **April 11, 2007** for the Defendants and designate the expert deposition deadline as **May 11, 2007**.

WHEREFORE, the Anne Roche-Somerville, ("Roche-Somerville") in her individual capacity and in her capacity as the Executrix of the Estate of Richard C. Somerville ("Somerville") and Solar Construction f/k/a Globe Rubber Works, Inc. ("Globe Rubber") (collectively the "Defendants") hereby request the Court extend the discovery deadline to **January 31, 2007**, designate the Plaintiff's expert disclosure as **March 7, 2007** and the Defendants' expert disclosure as **April 11, 2007**, and extend the time for expert depositions to **May 11 , 2007**.

Respectfully submitted,

The Defendants, Anne Roche-Somerville and Solar Construction, Inc. f/k/a Globe Rubber Works, Inc.

By their attorneys,

/s/ Jennifer C. Roman
Mark S. Furman (BBO# 181680)
mfurman@tbhr-law.com
Jennifer C. Roman (BBO# 643223)
jroman@tbhr-law.com
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue
Boston, MA 02199
(617) 218-2000

Dated:  December 1, 2006

## LOCAL RULE 7.1 CERTIFICATION

      I hereby certify that pursuant to Local Rule 7.1(A)(2), I conferred with counsel for the Plaintiff/Defendant-in-Counterclaim, Globe Composite Solutions, Ltd., f/k/a Kalm-Forsythe Global Innovations, Ltd. and Defendant-in-Counterclaim, Carl W. Forsythe on November 28, 2006, November 29, 2006, November 30, 2006 and December 1, 2006 in a good-faith effort to resolve this motion.

December 1, 2006                   /s/ Jennifer C. Roman

## CERTIFICATE OF SERVICE

      I, Jennifer C. roman, hereby certify that on December 1, 2006, a true copy of the foregoing document was electronically filed with the Court and sent via facsimile and first class mail to the following:

    Evan T. Lawson, Esq.
    Clare B. Burhoe, Esq.
    Lawson & Weitzen, LLP
    88 Black Falcon Avenue, Suite 345
    Boston, MA 02210

                                       /s/ Jennifer C. Roman

# EXHIBIT A

Case 1:05-cv-10323-DPW   Document 60-2   Filed 12/01/2006   Page 1 of 3

| | |
|---|---|
| **From:** | Jennifer C. Roman |
| **Sent:** | Friday, December 01, 2006 12:50 PM |
| **To:** | 'Burhoe, Clare' |
| **Cc:** | Lawson, Evan; Mark S. Furman |
| **Subject:** | RE: Globe/Somerville - Insurance Companies |

Clare,

Based upon your email, I am assuming that Evan is also not available to address the draft joint motion to extend. If I don't hear anything from either you or him by 3:00 today, I will go ahead and file the Motion to Extend on behlaf of my clients only.

Jennifer

---

**From:** Burhoe, Clare [mailto:cburhoe@lawson-weitzen.com]
**Sent:** Friday, December 01, 2006 10:56 AM
**To:** Jennifer C. Roman
**Cc:** Lawson, Evan
**Subject:** RE: Globe/Somerville - Insurance Companies

Jennifer,

The stipulation looks fine, but I cant really deal with anything else today because I'm home with sick kids. Perhaps you should file the other motion on behalf of your clients and then we can discuss it further at the status hearing on Monday.

Have a good weekend.

>    -----Original Message-----
>    **From:** Jennifer C. Roman [mailto:JRoman@tbhr-law.com]
>    **Sent:** Friday, December 01, 2006 9:20 AM
>    **To:** Burhoe, Clare
>    **Cc:** Mark S. Furman
>    **Subject:** RE: Globe/Somerville - Insurance Companies
>
>    Clare,
>
>    Attached for your review is a Stipulation Regarding Taking the Deposition of AIG By Telephone. Please let me know if you wish to have any changes made or if it is acceptable to you.
>
>    Thanks, Jennifer
>
>    ---
>
>    **From:** Burhoe, Clare [mailto:cburhoe@lawson-weitzen.com]
>    **Sent:** Thursday, November 30, 2006 11:08 AM
>    **To:** Jennifer C. Roman
>    **Subject:** RE: Globe/Somerville - Insurance Companies
>
>    That's fine. Has Lincoln already indicated to you that they will be at your office on the 7th?
>
>    >    -----Original Message-----
>    >    **From:** Jennifer C. Roman [mailto:JRoman@tbhr-law.com]
>    >    **Sent:** Wednesday, November 29, 2006 7:35 PM
>    >    **To:** Burhoe, Clare
>    >    **Subject:** Globe/Somerville - Insurance Companies

12/1/2006

I assume that you will stipulate that American General's deposition can be taken over the phone. Please confirm.

Thanks,

Jennifer C. Roman
Attorney at Law
Direct Dial: (617) 218-2045
E-Mail: JRoman@tbhr-law.com



**Tarlow, Breed, Hart & Rodgers, P.C.**
101 Huntington Avenue • Prudential Center
Boston, MA 02199
(617) 218-2000 • (617) 261-7673 Fax
http://www.tbhr-law.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. If you have received this email in error please notify JRoman@tbhr-law.com immediately and delete this e-mail from your system.
**IRS Circular 230 Disclosure:** We are required to advise you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer (i) for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code, or (ii) in promoting, marketing or recommending any entity, investment plan or arrangement, or any other transaction or matter discussed herein to any taxpayer other than the intended recipient hereof.

# EXHIBIT B

# LAWSON & WEITZEN, LLP
ATTORNEYS AT LAW

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

EVAN T. LAWSON
RICHARD B. WEITZEN *
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN ***
VALERIE L. PAWSON
GEORGE F. HAILER †
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO
WILLIAM F. COYNE, JR.
DAVID A. RICH *
DENNIS J. MANESIS ++
NATALIE A. KANELLIS †

PATRICIA L. FARNSWORTH
K. SCOTT GRIGGS
MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA K. GUTERMAN, Ph.D.
J. MARK DICKISON **
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE +++
CAROLINE A. O'CONNELL *
MARISSA A. GOLDBERG
MICHAEL WILLIAMS
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
CHRISTOPHER S. FARNSWORTH
KRISTINA A. ENGBERG
C. KIMBERLY BAKEBERG

BOSTON
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSON-WEITZEN.COM
WWW.LAWSON-WEITZEN.COM

CAPE COD
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
BREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

MARLBOROUGH
LAWSON, WEITZEN & HAILER, LLP
171 LOCKE DRIVE, SUITE 101
MARLBOROUGH, MASSACHUSETTS 01752
TELEPHONE (508) 618-1025

January 17, 2006

**VIA FIRST CLASS MAIL AND FACSIMILE**
Jennifer C. Roman, Esq.
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

Re:   *Globe Composite Solutions, Ltd. v. Ann Roche-Somerville, et al.*
      District of Massachusetts: Civ. No.: 05-10323 (DPW)

Dear Jennifer:

For your information, Globe Composite Solutions Ltd. has designated the following persons to testify on its behalf as to the matters set forth in the Notice of Deposition. Said persons and the matters of which they have knowledge are as follows:

Carl Forsythe: 1-13, 15(a),(b),(c),(e),(f),(g), 16(b), 17(a)(b)(c)(d), 18-27, 49, 54-57, 59, 76-77, 81, 83-86, 87-92, 93, 100-101, 103-104, 107-108, 110-116
John Bodee:    14, 16(a), 28, 42-43, 50-51, 58, 69, 71, 78, 82, 95, 97-99, 102, 109
Kevin Lynch:   15(d), 17(e), 48, 52-53, 60-68, 70, 74-75, 79-80, 94, 96, 105-106
Nancy Walker:  29-41, 44-47, 72-73

To the extent that you may intend to depose the above designees individually as well, we would appreciate your consideration on consolidating the individual with the 30(b)(6) depositions. We understand that this will be contingent upon Judge Bowler's ruling on the *Assented Motion to Extend Discovery*.

Very truly yours,

Clare B. Burhoe

cc: client

* ALSO ADMITTED IN NY
** ALSO ADMITTED IN NH
*** ALSO ADMITTED IN CA
† ALSO ADMITTED IN DC
++ ALSO ADMITTED IN NJ & PA
+++ ALSO ADMITTED IN RI, CT, NH & ME
† ALSO ADMITTED IN NH & NY

# EXHIBIT C

| | |
|---|---|
| **From:** | Burhoe, Clare [cburhoe@lawson-weitzen.com] |
| **Sent:** | Thursday, November 30, 2006 4:47 PM |
| **To:** | Jennifer C. Roman |
| **Subject:** | Globe/Solar |

Jennifer,

The earlier dates Carl is available are December 8,11,12,13 or 14 and January 2, 4,or 5. The weeks of Dec 22 and 29 aren't good because he will be in Dallas with his family for the holidays.

Clare B. Burhoe
Lawson & Weitzen, LLP
88 Black Falcon Ave, Suite 345
Boston, MA  02110
Telephone: 617-439-4990
Facsimile:  617-439-3987

THE INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT(S) NAMED ABOVE.  THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE BE AWARE THAT ANY DISCLOSURE, COPYING, AND DISTRIBUTION OR USE OF THE CONTENTS OF THE E-MAIL MESSAGE IS PROHIBITED.  IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE OFFICE OF LAWSON & WEITZEN, LLP IMMEDIATELY BY TELEPHONE.

# EXHIBIT D

| | |
|---|---|
| From: | Jennifer C. Roman |
| Sent: | Tuesday, November 21, 2006 5:46 PM |
| To: | 'Burhoe, Clare' |
| Subject: | RE: Somerville/Globe |

Clare,

Carl's depo will start at 10:00 am.

With respect to the documents, I refer you to GRW's requests numbered as follows which are highly relevant to the litigation for a number of reasons:

11, 12, 14, 18, 20, 22, 23, 31 and 33

I'll get back to you with dates for the rescheduling of Charlie Stoddard and John Boodee.

Have a Happy Thanksgiving.

Jennifer

---

**From:** Burhoe, Clare [mailto:cburhoe@lawson-weitzen.com]
**Sent:** Tuesday, November 21, 2006 11:23 AM
**To:** Jennifer C. Roman
**Cc:** Lawson, Evan
**Subject:** RE: Somerville/Globe

Jennifer,

You do not need to re-notice the resumption of Carl's depo, but please let me know what time you'd like to begin so I can let him know.

John Boodee is available on the same dates I gave you for Carl, but we will not bring him here at our client's expense. As you are aware, it is the deponent's prerogative to designate witnesses in a 30(b)(6) deposition and we are redesignating Carl as the witness who will answer questions on the topics of the baffle panels. If you want to continue John's individual depo you can do it by phone, in Dallas, or here at your client's expense. The fact that the deposition was started and suspended does not require us to produce John here where the reason for the suspension, i.e. the baffle issue, was outside of Globe's control, and witnesses to pending litigation are not obligated to remain in state. If you feel otherwise then you can move to compel.

We will be getting the documents you marked for copying out to you today, in addition to some others I realized I hadn't made available to you when you were here. The client has provided us with all its original files on the insurance policies and we do not have the original of the March 30, 2005 fax. Are you still planning to depose the insurance companies on Dec. 21? I haven't received deposition notices for those.

With respect to your request for financial records, could you please be more specific about what you are looking for or refer me back to specific requests for production of documents? Your request could entail any number of records, which may or may not be relevant to the claims asserted in the law suit.

Finally, we have not gotten a return of service on our deposition subpoena of Charlie Stoddard but we are going to have to change the date of that depo anyway. Could you please let me know what dates you and Mark are available in Jan/Feb?

Thanks.
Clare

 -----Original Message-----

12/1/2006

**From:** Jennifer C. Roman [mailto:JRoman@cohnlaw.com]
**Sent:** Monday, November 20, 2006 3:14 PM
**To:** Burhoe, Clare
**Cc:** Mark S. Furman
**Subject:** RE: Somerville/Globe

Clare,

January 30th is the date we will continue the deposition of Carl. I will send you a confirming letter. (I assume that you do not need a separate notice of deposition to produce Carl since this is a continuation of his prior deposition. If this is not the case, please let me know).

With respect to John Boodee, as you know, John Boodee was originally designated as a GCS 30(b)(6) witness and we expressed an interest in deposing him in his individual capacity as well. We agreed to combine his individual deposition with his testimony as a 30(b)(6) witness for the convenience of everyone. You agreed to produce John Boodee for the combined deposition and we started deposing him. We were in the middle of deposing him in both his individual capacity and in his capacity as a 30(b)(6) witness when his deposition was suspended until such time as GCS produced the additional documents concerning the baffle panels.

Now that we have recently received the additional documents, we are in a position to continue with the previously noticed depositions, including John Boodee.

Under these circumstances, it is your obligation to produce John Boodee for a deposition in Boston, at our offices, at your client's expense. As I mentioned before, we understand that he will need to come up from Texas for the completion of his combined deposition, and accordingly, are flexible as to the date(s) when his deposition will be completed.

Please provide me with dates when John Boodee would be available for a deposition.

Also, please advise me as to the status of the (1) location of the original March 30, 2005 fax from Roger Fasnacht to Lincoln Financial and its availability for inspection (the original was not in the insurance file I recently reviewed in your office) and (2) when I can expect to receive the documents I requested to be copied from GCS's insurance file.

Thank you.

Jennifer

---

**From:** Burhoe, Clare [mailto:cburhoe@lawson-weitzen.com]
**Sent:** Thursday, November 16, 2006 1:31 PM
**To:** Jennifer C. Roman
**Cc:** Lawson, Evan
**Subject:** RE: Somerville/Globe

Hi Jennifer,

Carl Forsythe is available Jan. 25, Jan. 30 or Feb. 1. He will now be the 30(b)(6) designee on all topics/questions relating to the baffle panels.

I'm still trying to determine John Boodee's availability. But to a certain extent, that will depend on where and how his deposition is taken. As indicated earlier, John is now a permanent resident of Dallas so the options for resuming his deposition would include 1) taking it by phone, 2) taking it in Dallas, or 3) flying him here at your client's expense. We do not believe that the rules require us to make an out of state witness available here, especially since Mr. Boodee is no longer a 30(b)(6) designee.

Please let me know how you'd like to proceed.

Regards,
Clare

-----Original Message-----

**From:** Jennifer C. Roman [mailto:JRoman@tbhr-law.com]
**Sent:** Thursday, November 16, 2006 9:54 AM
**To:** Burhoe, Clare
**Subject:** Somerville/Globe

Hi Clare,

Where are we at with scheduling the depositions of Carl Forsythe and John Boodee for January?

Thanks,

Jennifer

Jennifer C. Roman
Attorney at Law
Direct Dial: (617) 218-2045
E-Mail: JRoman@tbhr-law.com



**Tarlow, Breed, Hart & Rodgers, P.C.**
101 Huntington Avenue • Prudential Center
Boston, MA 02199
(617) 218-2000 • (617) 261-7673 Fax
http://www.tbhr-law.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. If you have received this email in error please notify JRoman@tbhr-law.com immediately and delete this e-mail from your system.

**IRS Circular 230 Disclosure:** We are required to advise you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer (i) for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code, or (ii) in promoting, marketing or recommending any entity, investment plan or arrangement, or any other transaction or matter discussed herein to any taxpayer other than the intended recipient hereof.

12/1/2006

# EXHIBIT E

Jennifer C. Roman

**From:** Burhoe, Clare [cburhoe@lawson-weitzen.com]
**Sent:** Tuesday, November 28, 2006 3:29 PM
**To:** Jennifer C. Roman
**Subject:** RE: Globe v. Solar et al

Hi Jennifer,

In light of the case law relating to immunity and Nancy Walker's attorney's representation that she will be claiming the fifth amendment on any questions relating to the testing and certification of the baffle panels and gaskets, we will not be going forward with her deposition. If you still intend to go forward then I suggest you contact Nancy's attorney, Lee Garrison, at (508)697-2323. I do need to re-schedule the Charlie Stoddard deposition so please let me know when you and Mark are available.

As you are probably aware by now, we filed a Motion for partial Summaru Judgment on the insurance policies this afternoon. I'll have copies of the motion, supporting papers, and exhibits out to you by mail today.

Clare

> -----Original Message-----
> **From:** Jennifer C. Roman [mailto:JRoman@tbhr-law.com]
> **Sent:** Wednesday, November 22, 2006 4:53 PM
> **To:** Burhoe, Clare
> **Subject:** RE: Globe v. Solar et al
>
> Thanks Clare.
>
> I'll follow up with you on Monday regarding dates.
>
> Jennifer
>
>
> Jennifer C. Roman
> Attorney at Law
> Direct Dial: (617) 218-2045
> E-Mail: JRoman@tbhr-law.com
>
> 
>
> TARLOW BREED
> HART & RODGERS, P.C.
> Counsellors at Law
>
> **Tarlow, Breed, Hart & Rodgers, P.C.**
> 101 Huntington Avenue • Prudential Center
> Boston, MA 02199
> (617) 218-2000 • (617) 261-7673 Fax
> http://www.tbhr-law.com
>
> This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. If you have received this email in error please notify JRoman@tbhr-law.com immediately and delete this e-mail from your system.
> **IRS Circular 230 Disclosure:** We are required to advise you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer (i) for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code, or (ii) in promoting, marketing or recommending any entity, investment plan or arrangement, or any other transaction or matter discussed herein to any taxpayer other than the intended recipient hereof.
>
> **From:** Burhoe, Clare [mailto:cburhoe@lawson-weitzen.com]

12/1/2006

**To:** Jennifer C. Roman
**Cc:** Lawson, Evan
**Subject:** Globe v. Solar et al

Jennifer,

The Nancy Walker depo will not be going forward on Nov. 28. She has hired her own attorney to represent her and he is not available on that date. Please let me know what other dates you and Mark are available so I can reschedule. Thanks.

Clare B. Burhoe
Lawson & Weitzen, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02110
Telephone: 617-439-4990
Facsimile: 617-439-3987

THE INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT(S) NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE BE AWARE THAT ANY DISCLOSURE, COPYING, AND DISTRIBUTION OR USE OF THE CONTENTS OF THE E-MAIL MESSAGE IS PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE OFFICE OF LAWSON & WEITZEN, LLP IMMEDIATELY BY TELEPHONE.