UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTHE GLOBAL )<br>INNOVATIONS, LTD. )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD C. SOMERVILLE, ANNE )<br>ROCHE-SOMERVILLE, and )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. )<br>        Defendants. )<br>)<br><br>)<br>RICHARD C. SOMERVILLE and )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. )<br>        Plaintiffs-in-Counterclaim )<br>)<br>v. )<br>)<br>GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTH GLOBAL )<br>INNOVATIONS, LTD. and )<br>CARL W. FORSYTHE )<br>        Defendants-in-Counterclaim ) | Civil Action No. 05 10323 DPW |

**EMERGENCY MOTION OF THE DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM TO EXTEND THE RESPONSE DEADLINE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Anne Roche-Somerville, in her individual capacity and in her capacity as the Executrix of the Estate of Richard C. Somerville and Solar Construction f/k/a Globe Rubber Works, Inc. ("Globe Rubber") (collectively the "Defendants") hereby respectfully request that the Court enlarge the deadline for the filing of a response to the Plaintiff's Motion For

Partial Summary Judgment. The Defendants request that this Motion be heard on Monday, December 4, 2006, at the previously scheduled status conference.

In support of this Motion, the Defendants state as follows:

The subject of the Plaintiff's Partial Motion for Summary Judgment ("Summary Judgment Motion") which was filed on November 28, 2006, is two life insurance policies insuring the life of Richard Somerville – one policy was issued by Lincoln Financial Group ("Lincoln Financial") and a second policy was issued by American General Life Insurance Company ("American General") (collectively, the "Policies").

Globe Composite Solutions, Ltd. ("Globe Composite") purchased substantially all of the assets of Globe Rubber in August, 2004. The purchase was controlled by an Asset Purchase Agreement which had been negotiated between the parties. Pursuant to the terms of the Asset Purchase Agreement, the Policies were specifically excluded assets which Globe Composite did not acquire in the transaction. Up until February 1, 2005, when he was terminated without cause, Mr. Somerville was an employee of Globe Composite. Several months after the closing (and, about one month after Mr. Somerville's termination) in February and March, 2005, Globe Composite, in an attempt to circumvent the explicit terms of the Asset Purchase Agreement, submitted change of ownership and change of beneficiary forms to both Lincoln Financial and American General which purportedly bear Mr. Somerville's signature. In June, 2005, Mr. Somerville passed away. Globe Composite submitted death claims to both Lincoln Financial and American General. Lincoln Financial paid out the $250,000 death benefit to Globe Composite and American General, pursuant to an action for interpleader, deposited the $250,000 death benefit with the Court.

Depositions commenced in January and February 2006 and the Defendants started the combined Rule 30(b)(6) and individual depositions of Carl Forsythe, the President of Globe Composite and John Boodee, the Chief Operating Officer.[1] The deposition of the former Chief Financial Officer of Globe Composite, Roger Fasnacht, was also commenced. At the time the depositions began, neither side had received documents from either insurance company. Both Mr. Forsythe and Mr. Fasnacht were involved with Globe Composite's attempts to change both the ownership and the beneficiaries on the insurance policies and are believed to have relevant information concerning the insurance documents received after their depositions were commenced.

On November 10, 2006, at the Defendants' request, the Plaintiff made available for inspection documents concerning the disputed Policies. Some, but not all of the documents made available for inspection at that time, had been previously produced. In addition, the Defendants had requested the opportunity to inspect the original of a March 30, 2005, fax from Roger Fasnacht, to Lincoln Financial Group, enclosing an undated letter, which purportedly bears the signature of the decedent, Richard Somerville and is a key document in the completion of the transfer of ownership of the Lincoln Financial policy to Globe Composite. On November 21, 2006, the Plaintiff, through counsel, stated that it could not locate the original of the requested document. (See November 21, 2006, email from Clare Burhoe, Esquire to Jennifer C. Roman, Esquire attached hereto as **Exhibit A**.) The document is dated nearly two months after Mr. Somerville had been terminated from Globe Composite.

---

[1] Mr. Boodee has since been promoted to Senior Vice President, USPS Composite Sorter Installation Program and relocated to Globe Composite's Texas office.

In addition, before the filing of the Motion for Summary Judgment the parties engaged in discussions concerning the scheduling of several depositions.[2] The parties agreed to schedule the continued deposition of Roger Fasnacht for December 15, 2006, the depositions of Lincoln Financial Group and American General Life Insurance Company for December 21, 2006, and the deposition of Carl Forsythe for January 30, 2006.[3]

Despite the discussions between the parties concerning the scheduling of the completion of the depositions and the agreement to proceed with the depositions of the insurance companies on December 21,2006, on November 28, 2006, the Plaintiff filed its Summary Judgment Motion. The timing of the filing of the Plaintiff's Summary Judgment Motion imposes a December 12, 2006, opposition deadline on the Defendants.

One of the documents the Plaintiff relies on in its Summary Judgment Motion is the March 30, 2005, fax for which it was unable to locate the original. The Plaintiff's inability to produce the original March 30, 2005, fax from Roger Fasnacht to Lincoln Financial and the letter enclosed with that fax, makes the depositions of the insurance companies and the completion of the Mr. Forsythe's and Mr. Fasnacht's deposition critical to the Defendants defending against the Plaintiff's motion for partial summary judgment. In light of the above, the Defendants asked the Plaintiff for a courtesy extension on the time they have for filing an opposition to the Plaintiff's Summary Judgment Motion. The Plaintiff denied the request.

---

[2] The Defendants had been waiting for the Plaintiff to produce documents concerning the baffle panels which had been forwarded to the United States Attorney's Office for review, since the Plaintiff was concerned the documents may contain classified or otherwise sensitive information. The parties had agreed to only reschedule the depositions after a decision had been made by the United States Attorney's office concerning the documents. The United States Attorney's Office released the documents on or about November 1, 2006, the Plaintiff subsequently produced the documents, and the parties engaged in discussions concerning the scheduling of depositions.

[3] Since the filing of the Plaintiff's motion for partial summary judgment, the parties have discussed scheduling Mr. Forsythe's deposition earlier in January in order to expedite completion of discovery.

As a result of the Plaintiff's service of the Summary Judgment Motion and the Plaintiff's failure to grant the Defendants a courtesy extension of time for filing an opposition, the Defendants noticed the depositions of the insurance companies for the earliest date available to both sides – December 7, 2006. The Defendants also attempted to reschedule Mr. Fasnacht's deposition for an earlier date in December, however, he was unavailable. In addition, due to witness availability, counsel's work schedules and vacation schedules of both witnesses and counsel, the earliest date the parties were able to schedule the completion of Mr. Forsythe's deposition was January 4, 2007.

If the depositions proceed as outlined above, the Defendants expect to have the transcripts from all of the key depositions to defend against the Summary Judgment Motion back by January 18, 2007, (assuming the four relevant depositions have been completed by January 4, 2007) and the Defendants could file the opposition to the Summary Judgment Motion by February 2, 2007.

WHEREFORE, Anne Roche-Somerville, in her individual capacity and in her capacity as the Executrix of the Estate of Richard C. Somerville and Solar Construction f/k/a Globe Rubber Works, Inc. hereby respectfully request that the Court enlarge the deadline for the filing of a response to the Plaintiff's Motion For Partial Summary Judgment up to and including February 2, 2007.

        Respectfully submitted,
        The Defendants, Anne Roche-Somerville and Solar
        Construction, Inc. f/k/a Globe Rubber Works, Inc.
        By their attorneys,


        /s/ Jennifer C. Roman
        Mark S. Furman (BBO# 181680)
        mfurman@tbhr-law.com
        Jennifer C. Roman (BBO# 643223)
        jroman@tbhr-law.com
        Tarlow, Breed, Hart & Rodgers, P.C.
        101 Huntington Avenue
        Boston, MA 02199
        (617) 218-2000

Dated:  December 1, 2006

# EXHIBIT A

**From:** Burhoe, Clare [cburhoe@lawson-weitzen.com]
**Sent:** Tuesday, November 21, 2006 11:23 AM
**To:** Jennifer C. Roman
**Cc:** Lawson, Evan
**Subject:** RE: Somerville/Globe

Jennifer,

You do not need to re-notice the resumption of Carl's depo, but please let me know what time you'd like to begin so I can let him know.

John Boodee is available on the same dates I gave you for Carl, but we will not bring him here at our client's expense. As you are aware, it is the deponent's prerogative to designate witnesses in a 30(b)(6) deposition and we are redesignating Carl as the witness who will answer questions on the topics of the baffle panels. If you want to continue John's individual depo you can do it by phone, in Dallas, or here at your client's expense. The fact that the deposition was started and suspended does not require us to produce John here where the reason for the suspension, i.e. the baffle issue, was outside of Globe's control, and witnesses to pending litigation are not obligated to remain in state. If you feel otherwise then you can move to compel.

We will be getting the documents you marked for copying out to you today, in addition to some others I realized I hadn't made available to you when you were here. ==The client has provided us with all its original files on the insurance policies and we do not have the original of the March 30, 2005 fax.== Are you still planning to depose the insurance companies on Dec. 21? I haven't received deposition notices for those.

With respect to your request for financial records, could you please be more specific about what you are looking for or refer me back to specific requests for production of documents? Your request could entail any number of records, which may or may not be relevant to the claims asserted in the law suit.

Finally, we have not gotten a return of service on our deposition subpoena of Charlie Stoddard but we are going to have to change the date of that depo anyway. Could you please let me know what dates you and Mark are available in Jan/Feb?

Thanks.
Clare

> -----Original Message-----
> **From:** Jennifer C. Roman [mailto:JRoman@tbhr-law.com]
> **Sent:** Monday, November 20, 2006 3:14 PM
> **To:** Burhoe, Clare
> **Cc:** Mark S. Furman
> **Subject:** RE: Somerville/Globe
>
> Clare,
>
> January 30th is the date we will continue the deposition of Carl. I will send you a confirming letter. (I assume that you do not need a separate notice of deposition to produce Carl since this is a continuation of his prior deposition. If this is not the case, please let me know).
>
> With respect to John Boodee, as you know, John Boodee was originally designated as a GCS 30(b)(6) witness and we expressed an interest in deposing him in his individual capacity as well. We agreed to combine his individual deposition with his testimony as a 30(b)(6) witness for the convenience of everyone. You agreed to produce John Boodee for the combined deposition and we started deposing him. We were in the middle of deposing him in both his individual capacity and in his capacity as a 30(b)(6) witness when his deposition was suspended until such time as GCS produced the additional documents concerning the baffle panels.
>
> Now that we have recently received the additional documents, we are in a position to continue with the previously noticed depositions, including John Boodee.

12/1/2006

Under these circumstances, it is your obligation to produce John Boodee for a deposition in Boston, at our offices, at your client's expense. As mentioned before, we understand that he will need to come up from Texas for the completion of his combined deposition, and accordingly, are flexible as to the date(s) when his deposition will be completed.

Please provide me with dates when John Boodee would be available for a deposition.

Also, please advise me as to the status of the (1) location of the original March 30, 2005 fax from Roger Fasnacht to Lincoln Financial and its availability for inspection (the original was not in the insurance file I recently reviewed in your office) and (2) when I can expect to receive the documents I requested to be copied from GCS's insurance file.

Thank you.

Jennifer

---

**From:** Burhoe, Clare [mailto:cburhoe@lawson-weitzen.com]
**Sent:** Thursday, November 16, 2006 1:31 PM
**To:** Jennifer C. Roman
**Cc:** Lawson, Evan
**Subject:** RE: Somerville/Globe

Hi Jennifer,

Carl Forsythe is available Jan. 25, Jan. 30 or Feb. 1. He will now be the 30(b)(6) designee on all topics/questions relating to the baffle panels.

I'm still trying to determine John Boodee's availability. But to a certain extent, that will depend on where and how his deposition is taken. As indicated earlier, John is now a permanent resident of Dallas so the options for resuming his deposition would include 1) taking it by phone, 2) taking it in Dallas, or 3) flying him here at your client's expense. We do not believe that the rules require us to make an out of state witness available here, especially since Mr. Boodee is no longer a 30(b)(6) designee.

Please let me know how you'd like to proceed.

Regards,
Clare

> -----Original Message-----
> **From:** Jennifer C. Roman [mailto:JRoman@tbhr-law.com]
> **Sent:** Thursday, November 16, 2006 9:54 AM
> **To:** Burhoe, Clare
> **Subject:** Somerville/Globe
>
> Hi Clare,
>
> Where are we at with scheduling the depositions of Carl Forsythe and John Boodee for January?
>
> Thanks,
>
> Jennifer
>
> Jennifer C. Roman
> Attorney at Law
> Direct Dial: (617) 218-2045
> E-Mail: JRoman@tbhr-law.com
>
> 
>
> **Tarlow, Breed, Hart & Rodgers, P.C.**

12/1/2006

101 Huntington Avenue • Prudential Center
Boston, MA 02199
(617) 218-2000 • (617) 261-7673 Fax
http://www.tbhr-law.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. If you have received this email in error please notify JRoman@tbhr-law.com immediately and delete this e-mail from your system.

**IRS Circular 230 Disclosure:** We are required to advise you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer (i) for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code, or (ii) in promoting, marketing or recommending any entity, investment plan or arrangement, or any other transaction or matter discussed herein to any taxpayer other than the intended recipient hereof.