UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD. <br><br> *Plaintiff,* <br><br> v. <br><br> ANNE ROCHE-SOMERVILLE, individually and in her capacity as Executrix of the Estate of Richard C. Somerville, and SOLAR CONSTRUCTION, INC., INC. F/K/A GLOBE RUBBER WORKS, INC. <br><br> *Defendants.* | Civil Action No. 05-10323DPW |
| RICHARD C. SOMERVILLE, SOLAR CONSTRUCTION, INC. F/K/A GLOBE RUBBER WORKS, INC. and ANNE ROCHE-SOMERVILLE, *Plaintiffs-in-Counterclaim,* <br><br> v. <br><br> GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD. and CARL W. FORSYTHE, *Defendants-in-Counterclaim.* | |

## OPPOSITION TO EMERGENCY MOTION OF THE DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM TO EXTEND THE RESPONSE DEADLINE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Globe Composite Solutions, Ltd. (Globe Composite) hereby opposes defendants'

emergency motion to enlarge the deadline for filing a response to Globe Composite's Motion for

Partial Summary Judgment.  In support of its opposition, Globe Composite states as follows:

The Motion for Summary Judgment concerns Globe Composite's claims to establish its ownership of two term life insurance policies insuring the life of Richard C. Somerville (Somerville) issued by Lincoln Financial Group (Lincoln Financial) and American General Life Insurance (American General), and Globe Composite's right to the policy proceeds because of Somerville's suicide on June 7, 2005. The crux of the dispute is that both Globe Composite and Solar Construction, Inc. (Solar)/Estate of Somerville claim ownership of the policies. Lincoln Financial disbursed $250,000 in proceeds under its policy to Globe Composite on or about August 1, 2005. Solar/Estate of Somerville have made a claim for those proceeds in this action. The proceeds from the American General policy, also in the amount of $250,000, have been deposited with the court as part of an interpleader action filed by American General on October 25, 2005 (C.A. No. 05-CV-11925-NMG). The interpleader action was consolidated with this action on July 28, 2006. American General was dismissed from the case on September 14, 2006.

The defendants seek a six week extension of the deadline to respond to Globe Composite's Motion for Partial Summary Judgment so that they can conduct additional discovery, including resuming depositions of Carl Forsythe and Roger Fasnacht, and taking depositions of Lincoln and American General. Defendants' state that the emergency motion is necessary because Globe Composite denied their request for a routine "courtesy extension." However, an extension of six weeks to conduct significant additional discovery that could have been conducted at any time in the last six months is hardly a "courtesy extension."

Although defendants have not framed it as such, their emergency motion invokes Fed.R.Civ.P. 56(f), which "describes a method of buying time for a party who, when confronted by a summary judgment motion, can demonstrate an authentic need for, and entitlement to, an additional interval in which to marshal facts essential to mount an opposition." *Resolution Trust*

2

*Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994). While the district court is to construe such motions generously, this does not mean that "Rule 56(f) has no bite or that its prophylaxis extends to litigants who act lackadaisically.... [The rule] is designed to minister to the vigilant, not to those who slumber on perceptible rights (citations omitted.)" *Id.* at 1203-04. The movant's "explanation must take a special form: it should show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* The defendants' cannot meet these requirements.

From the time that the American General Interpleader Action was filed on October 25, 2005 and the defendants added counterclaims in this action relating to the Lincoln policy on January 6, 2006, to the time that Globe Composite's Motion for Partial Summary Judgment was filed, the defendants undertook no discovery on the issue of ownership of the policies. Globe Composite, on the other hand, was vigilant.

Globe Composite negotiated to relieve American General from the Interpleader Action in exchange for American General releasing its files to the parties (see Exhibit A), which it did on February 28, 2006 (see Exhibit B). On February 21, 2006, Globe Composite took the deposition of Roger Fasnacht, former Chief Financial Officer of Globe Rubber Works, Inc. (Globe Rubber) and Globe Composite, who was responsible for negotiating the terms of the Asset Purchase Agreement on behalf of Globe Rubber before the acquisition and who took the necessary steps to transfer the policies to Globe Composite after the acquisition (see Exhibit C). Globe Composite subpoenaed the records of Lincoln Financial on or about May 17, 2006, which were produced to Globe Composite on June 8, 2006 and, in turn, produced by Globe Composite to the defendants

3

on June 13, 2006 (Exhibits D and E).  Finally, on June 22, 2006, Globe Composite took the deposition of William Rodgers, the attorney who negotiated the terms of the Asset Purchase Agreement and ancillary documents on behalf of Globe Rubber (Exhibit F).  Globe's Motion for partial Summary Judgment is based in large part on facts gleaned from these efforts.

The defendants could have noticed and taken the depositions of Lincoln Financial and American General at any time during the past year.  Nothing prevented them from resuming the deposition of Roger Fasnacht once the records of both insurers were in their possession as of mid-June 2006.  The defendants could have served upon Globe Composite requests for production of documents or interrogatories relating to the insurance policies at any time after alleging their counterclaims, but they failed to do so.  In fact, Globe Composite allowed the defendants as a courtesy to review its files relating to the insurance policies on November 10, 2006 in the absence of any such requests.  The defendants cannot show good cause for their failure to discover facts that would allow them to oppose the Motion for Partial Summary Judgment sooner.

The defendants also have not indicated how "emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*  In support of their emergency motion, defendants point out that Globe Composite is unable to produce the original of one of the exhibits to its Motion for Partial Summary Judgment, an undated letter to Lincoln Financial signed by Somerville which was faxed to Lincoln Financial by Roger Fasnacht on March 30, 2005.  Defendants intimate that Somerville's signature may be a forgery, while conveniently ignoring the fact that Somerville had already signed the Change of Ownership forms required by both insurers at Roger Fasnacht's request, and Roger Fasnacht's deposition testimony that Somerville signed these forms without questioning Globe Composite's right to the policies

(Exhibits G, H, and Exhibit I, p. 91, l. 16 - p. 101, l. 20, p. 93, l. 17-19).

In light of the foregoing, a ruling in the defendants' favor would reward those who have slumbered rather than those who were vigilant. Globe Composite respectfully requests that the Court deny defendants' emergency motion for a six week enlargement of time to respond to Globe Composite's Motion for Summary Judgment.

By its attorneys,

/s/ Clare B. Burhoe
Evan T. Lawson, BBO# 289280
Clare B. Burhoe BBO# 632238
cburhoe@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, Massachusetts 02210
(617) 439-4990

## CERTIFICATE OF SERVICE

I, Clare B. Burhoe, hereby certify that on December 6, 2006 a true copy of the foregoing document was electronically filed with the Court and sent by first class mail to all counsel of record including Mark S. Furman and Jennifer C. Roman, Tarlow, Breed, Hart & Rodgers, PC, 101 Huntington Avenue, Suite 500, Boston, MA 02199. /s/ Clare B. Burhoe

# EXHIBIT A

**From:** Burhoe, Clare
**Sent:** Tuesday, December 20, 2005 2:42 PM
**To:** 'Bertrand, Carey'
**Subject:** RE: American General v. Kalfor et al.

Carey:

We don't have an objection to AIG being dismissed out in principle. However, it seems to me that there is likely to be other relevant information in AIG's possession, i.e. notes of telephone conversations, emails, internal communications, etc., that we would want to see. We would also want to know who at AIG has knowledge relating to the various written and telephone requests to change the owner and beneficiary of the policy, and have an opportunity to speak with them. This type of information is usually easier to get in discovery from a party. Any ideas?

Clare

> -----Original Message-----
> **From:** Bertrand, Carey [mailto:Carey.Bertrand@wilsonelser.com]
> **Sent:** Tuesday, December 20, 2005 10:51 AM
> **To:** Burhoe, Clare
> **Subject:** American General v. Kalfor et al.
>
> Hello Clare,
> I just wanted to touch base with you since I was dealing with Kathy previously. Since the co-defendants filed their answers to Kalfor's crossclaims yesterday, I am considering American General's next step. Since we have paid the money into Court and crossclaims exist, I plan on seeking dismissal of American General. Would you be willing to consider assenting to a motion to dismiss?
>
> I have already produced American General's file on this matter as exhibits to the Complaint, so you and Jennifer Roman already have everything related to the case. Of course, if you needed something down the road and American General was dismissed, you could always send out a subpoena and give me a heads up.
>
> At your convenience, let me know your thoughts. Thanks.
> -Carey
>
> Carey Bertrand
> Wilson, Elser, Moskowitz, Edelman & Dicker LLP
> 155 Federal St.
> Boston, MA 02110
> carey.bertrand@wilsonelser.com
> (617)422-5300
> (617)423-6917
>
> This communication was not intended or written to be used, and it cannot be use
> ***************************************************************
>
> CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only b
>
> For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, p

**EXHIBIT B**

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110-1727
Tel: (617) 422-5300   Fax: (617) 423-6917

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

—

www.wemed.com

**Carey Bertrand**
Writer's Ext.: 5424
BertrandC@wemed.com

February 28, 2006

**VIA FIRST CLASS MAIL**
Clare Burhoe, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Boston, MA  02210

Jennifer C. Roman, Esq.
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Prudential Center
Boston, MA  02199

> Re:   American General Life Insurance Co.
> vs.   Kalfour Solutions Group, LLC and Anne Roche-Somerville in her capacity as
>       Executrix of the Estate of Richard Somerville
>       Our File No.          :       07478.00139

Dear Attorney Burhoe and Attorney Roman:

This letter is in follow up to my email of February 28, 2006 and relates to the above-referenced matter.  Enclosed please find the "policy file" regarding Richard Somerville.  This production is being made in order to facilitate the dismissal of American General from the above-referenced matter.  I plan on filing a Motion for Final Decree of Interpleader noting that the policy file has been produced.  My hope is that you will not object to the Motion in light of American General's good faith production of the file without a discovery request.

Thank you for your attention to this matter.  Should you have any questions, please do not hesitate to telephone me.

Very truly yours,

Carey Bertrand

53927.1

**EXHIBIT C**

AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____ DISTRICT OF    MASSACHUSETTS _____

GLOBE COMPOSITE SOLUTIONS, Ltd.
f/k/a/ Kalm-Forsythe Global Innovations, Ltd.
V.
ANNE-ROCHE SOMERVILLE, Individually
and in her Capacity as Executrix of the Estate
Richard C. Somerville, et al.
V.
CARL FORSYTHE

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    05-10323 DPW

TO:    Roger Fasnacht
433 Chestnut Street
Needham, MA 02492

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

x    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210 | January 31, 2006; 10 a.m. |

x    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Schedule "A" attached.  In lieu of appearing at the deposition, you may produce the documents listed in Schedule "A" to
Lawson & Weitzen, LLP or make available same for inspection and copying on or before January 23, 2006.

| PLACE | DATE AND TIME |
|---|---|
| Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210 | January 31, 2006; 10 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(Plaintiff)_ | 12/27/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dean J. Hutchison, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210 (617)439-4990

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# RETURN OF SERVICE

**December 29, 2005**

I this day summoned the within named **Roger Fasnacht**

to appear as within directed by delivering to **him**

In Hand, to wit: **433 Chestnut Street**

in the **Needham**   District of **Massachusetts,**   an attested copy of the

subpoena together with   **$52.00**   fees for attendance and travel.

Service and Travel   **$37.00**

*Richard Hardy*
**Server**

Paid Witness   **$52.00**

Total   **$87.00**

Subscribed and sworn before me,   James M. Desrosiers

this   **29th**   day of   **December**   , 2005.

*James M Desrosiers*
**Notary Public**
**My commission expires March 7, 2008**

# EXHIBIT D



Cheryl A. Wilson
Senior Paralegal
The Lincoln National Life
   Insurance Company
Law Department, MLW1
Metro Center
350 Church Street
Hartford, CT 06103-1106

Telephone: 860 466 2858
Facsimile:  860 466 1778

**VIA: FedEx One-Day Service**                                      June 8, 2006

Evan T. Lawson, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

Re:    <u>Globe Composite Solutions, Ltd. V. Richard Somerville, et al</u>
       Subpoena for the Production of Records
       Case Number: 05-10323 DPW
       Date of Production: June 15, 2006

Dear Attorney Lawson:

Enclosed are the records as requested in the Subpoena. These records include the following: duplicate policy; policy file; information from our administrative systems; premium history; annual reports and the complaint file. Hopefully, this information will address your concerns.  If you need to contact me, my direct telephone number is (860) 466 2858.

Sincerely yours,

*Cheryl A. Wilson*

Cheryl A. Wilson

# EXHIBIT E

# LAWSON & WEITZEN, LLP

ATTORNEYS AT LAW

---

88 BLACK FALCON AVENUE, SUITE 345
BOSTON, MASSACHUSETTS 02210-2414

EVAN T. LAWSON
RICHARD B. WEITZEN
PAMELA B. BANKERT
FRANK L. BRIDGES
IRA H. ZALEZNIK
JOHN J. WELTMAN •••
VALERIE L. PAWSON
GEORGE F. HAILER, PC †
GEORGE E. CHRISTODOULO, PC
KENNETH B. GOULD
JOSEPH FRIEDMAN
JOHN A. TENNARO
WILLIAM F. COYNE, JR.
DAVID A. RICH •
DENNIS J. MANESIS ††
NATALIE A. KANELLIS†
PATRICIA L. FARNSWORTH

K. SCOTT GRIGGS
MICHAEL J. McDEVITT
STEVEN M. BUCKLEY
SONIA K. GUTERMAN, Ph.D.
J. MARK DICKISON • •
CLARE B. BURHOE
ROBERT J. ROUGHSEDGE +++
RICHARD J. SULLIVAN, JR.
CAROLINE A. O'CONNELL •
MARISSA A. GOLDBERG
MICHAEL WILLIAMS
KATHRYN E. PIECZARKA
DEAN J. HUTCHISON
SCOTT T. BUCKLEY
KRISTINA A. ENGBERG
C. KIMBERLY BAKEBERG
JAMES M. HENRY

**BOSTON**
TELEPHONE (617) 439-4990
TELECOPIER (617) 439-3987
EMAIL: POST@LAWSON-WEITZEN.COM
WWW.LAWSON-WEITZEN.COM

**CAPE COD**
LAWSON, WEITZEN & BANKERT, LLP
SIX GRANITE STATE COURT
BREWSTER, MASSACHUSETTS 02631
TELEPHONE (508) 255-3600

**MARLBOROUGH**
LAWSON, WEITZEN & HAILER, LLP
171 LOCKE DRIVE, SUITE 101
MARLBOROUGH, MASSACHUSETTS 01752
TELEPHONE (508) 618-1025

June 13, 2006

**<u>VIA FIRST CLASS MAIL</u>**
Jennifer C. Roman, Esq.
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

> Re:   *Globe Composite Solutions, Ltd. v. Ann Roche- Somerville, et al.*
>       <u>District of Massachusetts: Civil Docket No.: 05-cv-10323 (DPW)</u>

Dear Attorney Roman:

Enclosed please find the documents produced by Lincoln Financial Group in response to the Subpoena in the above-referenced matter bearing numbers LFG 1 through LFG 359.

Thank you for your attention to this matter.

Very truly yours,

Lana Ignatenko
Legal Assistant to Clare B. Burhoe

Enc.

• ALSO ADMITTED IN NY
•• ALSO ADMITTED IN NH
••• ALSO ADMITTED IN CA
+ ALSO ADMITTED IN DC
++ ALSO ADMITTED IN NJ & PA
+++ ALSO ADMITTED IN RI, CT, NH & ME
† ALSO ADMITTED IN NH & NY

**EXHIBIT F**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | JUNE 6, 2006 | 101 HUNTINGTON AVENUE, PRUDENTIAL CENTER BOSTON, MA 02109 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BILL RODGERS, ESQUIRE | IN HAND TO BILL RODGERS, ESQUIRE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| TODD J. REARDON | CONSTABLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    JUNE 6, 2006
_____
DATE

_____
SIGNATURE OF SERVER

357 CAMBRIDGE STREET
_____
ADDRESS OF SERVER

CAMBRIDGE, MA  02141

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Clare B. Burhoe, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210 (617)439-4990

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF ___MASSACHUSETTS___

GLOBE COMPOSITE SOLUTIONS, Ltd.
f/k/a/ Kalm-Forsythe Global Innovations, Ltd.
V.
ANNE-ROCHE SOMERVILLE, Individually
and in her Capacity as Executrix of the Estate
Richard C. Somerville, et al.
V.
CARL FORSYTHE

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]     05-10323 DPW

TO:     Bill Rodgers, Esq.
        Tarlow Breed Hart & Rodgers, P.C.
        101 Huntington Ave, Prudential Center
        Boston, MA 02199

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

x   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210 | DATE AND TIME<br>June 22, 2006; 2:00 p.m. |
|---|---|

x   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Schedule "A" attached.

| PLACE<br>Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210 | DATE AND TIME<br>June 22, 2006; 2:00 p.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ | 5/30/06 |

# EXHIBIT G

FEB-17-2005  10:24          781 893 7509                    781 893 7509    P.02/03
                                                            2/18/05 9:42A
                                                            0150080000742
                                                            **Change of Ownership**

 **AMERICAN GENERAL**

**American General Life Insurance Company (AGL),**
☐ Fixed Life Service Center · P. O. Box 4373, Houston, TX 77210-4373
☐ Variable Life Service Center · P. O. Box 4880, Houston, TX 77210-4880
Member of American International Group, Inc.
Instructions for completing this form are listed on the back. Please reference your contract for availability of certain requests.

| 1. | CONTRACT IDENTIFICATION | CONTRACT No.: U100052220L |
|---|---|---|

OWNER: *Globe Rubber Works, Inc.*   SSN/TIN OR EIN: 74-2922722

☐ Check Here if New Address

ADDRESS: *254 Beech St.*   PHONE No.: 781-871-3702
*Rockland  MA  02370*

EMAIL ADDRESS (optional): _____

INSURED/ANNUITANT (if other than Owner): *Richard Somerville*

| 2. | NEW OWNER(S) | NEW OWNER'S NAME: *Globe Composite Solutions, LTD* |
|---|---|---|

A. PRIMARY

SSN/TIN OR EIN: 752989890

Address: *254 Beech St.*
*Rockland  MA  02370*

Phone No.: 781-871-3702

B. CONTINGENT    NEW OWNER'S NAME: _____

SSN/TIN OR EIN: _____

Address: _____

Phone No.: _____

| 3. | SIGN HERE FOR ABOVE REQUEST | The Company is requested and directed to recognize that the present owner(s) of the Contract has hereby designated the new owner(s) (the "Owner") of the Contract. The Owner designated above shall have sole ownership and control of the Contract during the lifetime of the Insured/Annuitant and shall be entitled to all ownership rights. See back for details. |
|---|---|---|

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number, and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to back-up withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien).

You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest or dividends on your tax return.

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

_Richard Somerville_  2/14/05          _(signature)_  2/14/05
Signature of Current Owner    Date     Signature of New Owner    Date

_____    _____
Signature of Current Co-owner    Date     Signature of New Co-Owner    Date
(or other party having interest in contract)    (or other party having interest in contract)

**RETURN COMPLETED FORM TO THE ADDRESS OF THE COMPANY CHECKED ABOVE.**

████████████████████████████

Page 1 of 3

AELC 0013 Rev0403

FEB 17 2005 10:43          781 893 7509          PAGE.02

# EXHIBIT H

**Agreements and Signatures**

*This section must be completed by the current policy owner.*

*Title required if a corporation, partnership or trust.*

By signing below, you, the policy owner, certify that you have read this request and understand that it is subject to the provisions and conditions of the policies listed. You also certify that the policies are not assigned to any other person or corporation, except where otherwise noted on this request, and that no proceedings of bankruptcy or insolvency have been filed or are currently pending against you. We reserve the right to require additional information as needed.

Signed at _____ on _____

| City and State | Date |

Richard C. Somerville

Current Owner (full name)    Signature    President    Title*

*\*Two officer signatures are required for corporate owned policies.*

Paul Slaney

Current Owner (full name)    Signature    Controller    Title*

_____
Assignee, Irrevocable Beneficiary or other interested party (name and signature)

_____

Community property release - This section is applicable for community property states (AZ, CA, ID, LA, NV, NM, TX and WA). Determination of Community Property status depends on the current or former resident state of the policy owner.

By signing below, you the spouse/former spouse agree to the changes indicated above and;

☐ You give up your rights to this policy according to the community property laws in your state.

☐ You do not give up your rights to this policy.

Spouse's Signature _____ Date _____

Name (print or type) _____

---

**New Owner Information**

THIS SECTION MUST BE COMPLETED BY THE NEW OWNER

Policy Owner's address  254 Beech St.

City, State, ZIP  Rockland  MA  02370

**Taxpayer Identification Number and Certification Substitute W-9**

By signing below, you certify that the information provided is complete and accurate as shown. You also certify that you have read, understand and agree to the information provided in the Substitute W9 sections.

Under the penalties of perjury, I certify that:

- The number shown below is my correct taxpayer identification number.

  Social Security number or Tax Identification number  752989890

*This is an IRS requirement.*

- I am not subject to backup withholding either because I have not been notified by the Internal Revenue Service that I am subject as a result of a failure to report all taxable income, including all interest or dividends, or the IRS has notified me that I am no longer subject to backup withholding. (*You must cross out this item if you have failed to report all interest and dividends on your tax report.*)

- I am a U.S. person (*including a U.S. resident alien*).

Signature of new owner _____ Title _____ Date _____

Carl Forsythe
Print Name



*Life Ownership Change Form*

Personal Service Center
P.O. Box 5048 MIR1
Hartford  CT  06102-5048
Fax number  860 466-2835

| General Information | |
|---|---|
| Policy number *G1637194* | Issued by (the Company) *ING Life* |

Insured's name  *Richard C. Somerville*

Social security number  *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*

Policy Owner's name  *Globe Rubber Works, Inc.*

Social security number/Tax ID #  *74-2922722*

Policy Owner's address  *254 Beech St.*

City, State, ZIP  *Rockland, MA  02370*

Policy Owner's phone no.  *781-871-3702*     E-mail address

**New Owner Designation**

*An ownership change does not change existing beneficiary designations. To change your beneficiary, please submit a Lincoln Beneficiary Change Form.*

*The signature of all owners will be required to exercise any contractual rights under the policy.*

Please change the Owner of the policy listed above to (Select Only One): *Complete by typewriter or print in ink.*

☐ The Insured. (If more than one insured, designation assumes jointly with right of survivorship arrangement.)

☐ To one person during his or her lifetime and thereafter the Insured

_____          _____
Name                                                               Date of Birth

☐ To one person absolutely, his or her estate

_____          _____
Name                                                               Date of Birth

To multiple owners (check one):   ☐ Joint with Right of Survivorship   ☐ Tenants-in-common*

_____

*If tenant-in-common, specify shares, if not specified we will assume equal shares.

To a (check one) ☐ Corporation   ☐ Partnership   ☐ LLC  or  ☐ Other (specify)

*Globe Composite Solutions, LTD        Rockland          MA*
Legal name                                                       City                    State

☐ To a trustee or successor trustee under a formal trust agreement

Name of Trustee(s) _____

Name of Trust _____

City, State _____     Date of Trust _____

I/We hereby certify that the Trustee(s) named are the Trustee(s) for the named Trust, which is in full force and effect. The Company shall not be obligated to inquire into the terms of any trust agreement affecting this policy and shall not be chargeable with knowledge of the terms thereof. The Company may rely solely upon the signature(s) of the Trustee(s) named to any receipt, release or waiver, or to any transfer or other instrument affecting this policy or any options privileges or benefits thereunder. Unless otherwise indicated the signature(s) of all Trustee(s) named, or their successors, will be required to exercise any contractual right under the policy. The Company shall have no obligation to see to the use or application of any funds paid to the Trustee(s) in accordance with the terms of the policy. Any such payment made by the Company to the Trustee(s) shall fully discharge the Company with respect to any amounts so paid.

# EXHIBIT I

Exhibits: 1-29          Volume 1, Pages 1-168

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 0510323DPW

- - - - - - - - - - - - - - - - - - - - - - - - - -

GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A

KALM-FORSYTHE GLOBAL INNOVATIONS, LTD.

Plaintiff

v.

RICHARD C. SOMERVILLE, ANNE ROCHE-

SOMERVILLE, and SOLAR CONSTRUCTION

INC., F/K/A GLOBE RUBBER WORKS, INC.

Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - -

DEPOSITION OF ROGER FASNACHT

Tuesday, January 31, 2006, 10:25 a.m.

Lawson & Weitzen, LLP

88 Black Falcon Avenue, Suite 345

Boston, Massachusetts

- - - - - - - Reporter:  Susan J. Blatt, RPR - - - - - - -

Farmer Arsenault Brock LLC

50 Congress Street

Boston, Massachusetts 02109

617.728.4404   fax 617.728.4403

24 (Pages 90 to 93)

Roger Fasnacht
Volume 1 - January 31, 2006

90

1 assign the AIG policy to Globe Composite?
2   A. I do not recall.
3   Q. Were any steps taken at the closing to
4 assign the Lincoln Financial policy to Globe
5 Composite?
6   A. I do not recall, no.
7   Q. Can you recall whether there was any
8 discussion of the insurance policies at the closing?
9   A. No.
10   Q. Do you recall whether there's any reference
11 to the insurance policies in the asset purchase
12 agreement that's Exhibit 2?
13   A. I subsequently read it after the closing,
14 and there is not a reference to it specifically.
15   Q. Okay. After the closing, did you continue
16 to have conversations with Mr. Rodgers about the
17 transaction?
18   A. No, not too much afterwards.
19   Q. After the closing, did you have any
20 conversations with Mr. Rodgers about the insurance
21 policies?
22   A. No.
23   Q. Mr. Rodgers was or is a friend of yours; is
24 that correct?

91

1   A. Yes.
2   Q. And you play golf with him, socialize. Is
3 that true?
4   A. Periodically.
5   Q. After this lawsuit was brought, did Mr.
6 Rodgers talk to you about the insurance policies?
7   A. He did not.
8   Q. Have you had communication with Mr. Rodgers
9 since this lawsuit was brought?
10   A. I talked to him and told him I changed jobs
11 and went to another company.
12   Q. Did you have any conversations with Mr.
13 Rodgers about the substance of the issues in this
14 case at all?
15   A. No.
16   Q. Following the closing, was it part of your
17 responsibilities to effectuate the transfer of the
18 insurance policies from Globe Rubber to Globe
19 Composite?
20   A. Yes.
21   Q. And what did you do to further that part of
22 your responsibilities?
23   A. We had made contact with the insurance
24 companies to get the forms --

92

1   Q. When you say "we"?
2   A. -- to transfer -- the controller I had at
3 the time was still working in this area. So
4 initially I think I had him contact the insurance
5 company.
6   Q. That would be Mr. Slaney?
7   A. Mr. Slaney.
8   Q. Did you have any conversations with Richard
9 Somerville about the policies?
10   A. Initially, no, because we thought it was
11 just a matter of filing the paperwork with the
12 insurance companies. Subsequently they sent back
13 additional forms requesting more information about
14 the ownership.
15   Q. Okay. And did you yourself have
16 conversations with Richard Somerville about the
17 policies?
18   A. Yes.
19   Q. Approximately how many occasions?
20   A. Maybe three or four.
21   Q. During what time frame?
22   A. This would have probably been from
23 September '04 through January time period of '05.
24   Q. About how many conversations did you have?

93

1   A. I think about three, because I had to get
2 his signature on various documents.
3   Q. Can you remember the conversations as
4 discrete conversations?
5   A. Not really.
6   Q. So why don't you tell us the substance of
7 your conversations with Mr. Somerville concerning
8 the AIG and Lincoln Financial policies.
9   A. It was just simply that the insurance
10 company is looking for additional verification of
11 who owns the policies and provided various documents
12 to be signed, and they had to be signed by the
13 original owner, and I got Dick Somerville to sign
14 those documents.
15   Q. Did he sign the documents in your presence?
16   A. Yes.
17   Q. And did Mr. Somerville at any point
18 question Globe Composite's right to those policies?
19   A. No.
20   MR. LAWSON: Would you mark this the
21 next exhibit, please.
22   (Marked, Exhibit 8, fax, 3/16/05.)
23   Q. I'm going to show you Exhibit 8, which
24 is -- well, can you identify Exhibit 8?