UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTHE GLOBAL )<br>INNOVATIONS, LTD. )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD C. SOMERVILLE, ANNE )<br>ROCHE-SOMERVILLE, and )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. )<br>       Defendants. )<br>)<br>_____<br>)<br>RICHARD C. SOMERVILLE and )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. )<br>       Plaintiffs-in-Counterclaim )<br>)<br>v. )<br>)<br>GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTH GLOBAL )<br>INNOVATIONS, LTD. and )<br>CARL W. FORSYTHE )<br>       Defendants-in-Counterclaim )<br>_____) | Civil Action No. 05 10323 DPW |

**ASSENTED TO[1] MOTION OF GLOBE COMPOSITE SOLUTIONS, LTD. FOR APPROVAL OF CONFIDENTIALITY AGREEMENT AND TO FILE UNDER SEAL THE DOCUMENT GOVERNED BY THE CONFIDENTIALITY AGREEMENT**

Globe Composite Solutions, Ltd. (Globe Composite), with the assent of the defendants, Anne Roche-Somerville, Individually and in her capacity as Executrix of the Estate of Richard C. Somerville (Somerville), and Solar Construction, Inc. (Solar) (collectively, Defendants), and

---

[1] Due to the defendants' concurrence to this Motion, the nature of the relief sought. And the brevity of the Motion, no Memorandum of Law has been filed as required by Local Rule 7.1.

in accordance with paragraph 4 of the Confidentiality Agreement executed by the parties on January 2, 2007 attached hereto as Exhibit A, moves that this Court approve the Confidentiality Agreement and enter an Order requiring the parties to comply with the terms thereof. The Confidentiality Agreement governs one document produced by Globe Composite to the Defendants in this action entitled *GTC SONAR PANEL MANUFACTURING PROCEDURE,* dated August 24, 2005 and revised December 8, 2005, bates numbers 46557 to 46566, that contains confidential and proprietary internal information that is not generally available to the public. Additionally, in accordance Local Rule 7.2 and paragraph 6 of the Confidentiality Agreement, Globe Composite, with the assent of the Defendants, hereby moves that this document be filed with the Court only under seal and that it remain impounded until further order of the Court.

WHEREFORE, Globe Composite respectfully requests that this Motion be allowed and that this Court accept the document in question only under seal.

Respectfully Submitted,

GLOBE COMPOSITE SOLUTIONS, LTD.
f/k/a KALM-FORSYTHE GLOBAL
INNOVATIONS, INC.
By its counsel,


  /s/
Evan T. Lawson, BBO #289280
Clare B. Burhoe, BBO #632238
CBurhoe@Lawson-Weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, Massachusetts 02210
(617) 439-4990


**Assented to by:**

   /s/
_____
Mark S. Furman (BBO# 181680)
Jennifer C. Roman (BBO# 643223)
JRoman@tbhr-law.com
Tarlow, Breed, Hart & Rodgers, PC
101 Huntington Avenue, Suite 500
Boston, MA 02199
(617) 218-2000

Dated: January 11, 2007

## LOCAL RULE 7.1 CERTIFICATION

     I, Clare B. Burhoe, certify that on January 11, 2007 I conferred with Mark S. Furman, counsel for the Defendants, and obtained concurrence from him as to the relief sought and I further certify that due to his concurrence and the nature of this Motion, that I believe no Memorandum of Law is necessary.

                                                    _____
                                                    Clare B. Burhoe

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. f/k/a KALM-FORSYTHE GLOBAL INNOVATIONS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD C. SOMERVILLE, ANNE ROCHE-SOMERVILLE, and SOLAR CONSTRUCTION, INC. f/k/a GLOBE RUBBER WORKS, INC., <br><br> Defendants. | Civil Action No. 05-10323 (DPW) |

| |
|---|
| RICHARD C. SOMERVILLE, and SOLAR CONSTRUCTION, INC. f/k/a GLOBE RUBBER WORKS, INC., <br><br> Plaintiffs-in-Counterclaim, <br><br> v. <br><br> GLOBE COMPOSITE SOLUTIONS, LTD. f/k/a KALM-FORSYTHE GLOBAL INNOVATIONS, LTD., and CARL W. FORSYTHE, <br><br> Defendants-in-Counterclaim. |

**Confidentiality Agreement**

The Parties herein agree that certain documents produced during discovery in this action shall be disclosed only pursuant to the following terms and conditions:

1. This Agreement governs a document entitled *GTC SONAR BAFFLE PANEL MANUFACTURING PROCEDURE* dated August 24, 2005 and revised on December 8, 2005, bates numbers 46557 to 46566 (CONFIDENTIAL INFORMATION) to be produced in this case (hereafter such document is referred to as the "material described in Paragraph 1").

2. Material described in Paragraph 1, will be used by the Party to whom it is produced solely for purposes of this case and will be disclosed by the Party to whom it is produced only to those Qualified Persons who have a need to have such material in connection with this litigation, and who agree to be bound by the terms of this Agreement.

3. As used herein, the term "Qualified Person" shall mean and refer to: the Parties to this action; counsel for a Party in this action, and employees of such counsel assisting in the conduct of this case; experts or consultants assisting counsel in this litigation; employees of any Party who are required to assist counsel in the conduct of this case; directors, officers, and employees of Parties who are noticed for depositions or designated as trial witnesses and other persons who counsel for a Party in good faith believes may be fact or expert witnesses either at deposition or a trial, to the extent deemed necessary by counsel for the witnesses' preparation for testimony; and deponents, and their counsel, during the course of depositions taken in this action.

4. Before any counsel to whom material described in Paragraph 1 is produced discloses any such material to the Defendant, consultants, or expert witnesses, counsel shall first advise the individual of the terms of this Agreement, provide the individual with a copy of this Agreement and have the individual sign and date a copy in acknowledgment of his or her

2

agreement to be bound thereby. With respect to former employees of the Plaintiff and former employees of the corporate defendant, the counsel shall first advise the individual of the terms of this Agreement, provide the individual with a copy of this Agreement and ask the individual to date and sign a copy in acknowledgement of their agreement to be bound thereby. Defendant shall also assent to a motion to have this Agreement approved by the Court and entered as an Order of the Court. Defendant and Counsel for the Defendant shall be entitled to ask questions of any current employee of the Plaintiff without restriction and without following the preceding process. Employees of counsel of record in this case are expressly bound by this Agreement and, therefore, their written agreement to be bound by this Agreement is not necessary. By signing a copy of this Agreement, the individual certifies that he or she will use the material described in Paragraph 1 solely for purposes of this case, will not disclose such material, will return to counsel for the producing Party all such material at the end of this litigation, including erasing all information maintained in electronic form or any computer or disc or tape. Disclosing counsel shall maintain possession of the original of the signed Agreement during this litigation. At the conclusion of this litigation, disclosing counsel shall give all such signed acknowledgments to counsel for the Party producing the document or information.

5. Whenever material described in Paragraph 1 is to be discussed or disclosed in a deposition, any person who is not entitled to receive such documents or information under this Agreement shall be excluded from the room at the request of any Party.

6. The Parties agree that they will file a joint motion seeking the Court's approval that the material described in Paragraph 1 be filed under seal.

7. Within sixty (60) days after the conclusion of this litigation (whether by settlement, dismissal or final judgment) all originals and reproductions of material described in Paragraph 1, along with any summaries of or extracts therefrom in any form whatsoever, excluding all attorney work product, whether set down by handwriting, typewriting, printing, photostating, photocopying, magnetic impulse, mechanical or electronic recording, or any other form of data compilation, shall be returned to the producing Party's counsel.

8. Anything in this Agreement to the contrary notwithstanding, any Party may use the services of a public photocopying service, printing and binding service or computer input service with regard to material described in Paragraph 1 without regard to the provisions hereof, provided such service providers are advised of the confidential nature of the documents and asked to maintain their confidentiality.

9. Nothing in this Agreement shall be construed as a waiver of the rights of either Party to designate additional discovery as confidential under a separate agreement.

| PLAINTIFF,<br>By its attorneys, | DEFENDANTS,<br>By their attorneys, |
|---|---|
| Evan T. Lawson (BBO# 289280)<br>Clare B. Burhoe (BBO# 632238)<br>LAWSON & WEITZEN, LLP<br>88 Black Falcon Avenue, Suite 345<br>Boston, MA 02210<br>(617) 439-4990 | Mark S. Furman (BBO# 181680)<br>Jennifer C. Roman (BBO# 643223)<br>Tarlow, Breed, Hart & Rodgers, PC<br>101 Huntington Avenue, Suite 500<br>Boston, MA 02199<br>(617) 218-2000 |