UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____<br>)<br>GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTHE GLOBAL )<br>INNOVATIONS, LTD. )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD C. SOMERVILLE, ANNE )<br>ROCHE-SOMERVILLE, and )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. )<br>       Defendants. )<br>_____)<br><br>_____<br>)<br>RICHARD C. SOMERVILLE and )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. )<br>       Plaintiffs-in-Counterclaim )<br>)<br>v. )<br>)<br>GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTH GLOBAL )<br>INNOVATIONS, LTD. and )<br>CARL W. FORSYTHE )<br>       Defendants-in-Counterclaim )<br>_____) | Civil Action No. 05 10323 DPW |

**JOINT MOTION TO (i) EXTEND DISCOVERY DEADLINE TO COMPLETE THE
COMBINED RULE 30(b)(6) DEPOSITION OF PLAINTIFF AND INDIVIDUAL
DEPOSITIONS OF CARL FORSYTHE AND KEVIN LYNCH AND (ii) THE
EXPERT DISCLOSURES AND EXPERT DEPOSITION DEADLINES**

      All parties hereby move the Court to extend the discovery deadline from January 31,

2007 to allow for the completion of the combined Rule 30(b)(6) deposition of the Plaintiff

and individual depositions of Carl Forsythe and Kevin Lynch to and including **February 22,**

**2007**. The parties also request that the dates for the expert disclosures and expert depositions also be enlarged.

This Motion should be granted for the following reasons:

1. This case concerns disputes that arose out of a business transaction, where plaintiff purchased certain assets of the business of Solar Construction, Inc. f/k/a Globe Rubber Works, Inc. Plaintiff seeks single damages, exclusive of interest, in excess of $5 million, plus treble damages and attorney's fees under M.G.L.c. 93A. Defendants seek single damages, exclusive of interest, in excess of $3.0 million, plus treble damages and attorney's fees under M.G.L. c. 93A.

2. Plaintiff answered interrogatories on or about November 16, 2005 and produced approximately 13,000 pages of documents on or about November 16, 2005. Defendants answered interrogatories on or about December 5, 2005 and produced documents on or about December 7, 2005. Certain issues remain between the parties as to the scope of what was produced and what was withheld from production.

3. Plaintiffs had withheld certain discovery responses on the basis that they may require the disclosure of government classified or otherwise sensitive information that plaintiffs are not authorized to disclose or place in the public domain. The Plaintiffs sought guidance from the United States Attorney's Office concerning whether the documents could be released. Although depositions had been commenced, the witnesses were instructed not to answer any questions concerning the documents which were believed to contain government classified or otherwise sensitive information. Accordingly, the parties agreed to suspend the depositions until after receipt of further instructions from the United States Attorney's Office and/or the production of the previously withheld documents.

4. On or about November 1, 2006, the United States Attorney office approved the release of the previously withheld documents. Subsequently, the plaintiffs produced the documents which it had previously been withholding.

5. After receipt of the previously withheld documents, the parties began discussing the scheduling of the continuation of the depositions as well as additional depositions.

6. The defendants had previously noticed the Rule 30(b)(6) deposition of plaintiff. Pursuant to the Rule 30(b)(6) deposition notice, plaintiff designated specific Globe Composite employees as witnesses. The defendants started (and subsequently suspended) the combined Rule 30(b)(6) and individual deposition of Carl Forsythe, the President of Globe Composite. The parties

       had scheduled the continuation of Mr. Forsythe's deposition for January 30, 2007. However, Mr. Forsythe is currently a party in a case which is being tried in Texas and this trial is not expected to be completed by January 31, 2007. Accordingly, the Defendants will not be able to complete Mr. Forsythe's deposition until, after the expiration of the existing discovery deadline. The parties had agreed that they would complete the deposition of Mr. Forsythe and Mr. Lynch on the same day.

7. Given the number of documents in the case, the nature of the issues, the outstanding deposition remaining to be scheduled and the personal and professional schedules of both witnesses and counsel, the parties will be unable to schedule and complete the depositions before the current discovery deadline of January 31, 2007.

8. As a result, the parties need additional time to conduct the discovery phase of the case.

9. Therefore, the parties request that the Court extend the discovery deadline, currently set for January 31, 2007 to **February 22, 2007**.

10. In addition, the parties request the Court schedule the deadline to make expert disclosures for **March 21, 2007** for Plaintiff and **April 27, 2007** for the Defendants and designate the expert deposition deadline as **May 25, 2007**.

WHEREFORE, the parties request the Court extend the discovery deadline to **February 22, 2007**, the Plaintiff's expert disclosure as **March 21, 2007**, the Defendants' expert disclosures as **April 27, 2007**, and extend the time for expert depositions to **May 25, 2007**.

Respectfully submitted,

The Defendants, Anne Roche-Somerville and Solar Construction, Inc. f/k/a Globe Rubber Works, Inc.

By their attorneys,


/s/ Jennifer C. Roman
Mark S. Furman (BBO# 181680)
mfurman@tbhr-law.com
Jennifer C. Roman (BBO# 643223)
jroman@tbhr-law.com
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue
Boston, MA 02199
(617) 218-2000


The Plaintiff/Defendant-in-Counterclaim, Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd. and Defendant-in-Counterclaim Carl W. Forsythe,

By their attorneys,


/s/ Clare B. Burhoe
Evan T. Lawson (BBO# 658785)
elawson@lawson-weitzen.com
Clare B. Burhoe (BBO# 632238)
cburhoe@lawson-weitzen.com
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990


Dated:  January 31 , 2007