UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD. <br><br> *Plaintiff,* <br><br> v. <br><br> ANNE ROCHE-SOMERVILLE, individually and in her capacity as Executrix of the Estate of Richard C. Somerville, and SOLAR CONSTRUCTION, INC., INC. F/K/A GLOBE RUBBER WORKS, INC. <br><br> *Defendants.* | Civil Action No. 05-10323DPW |
| RICHARD C. SOMERVILLE, SOLAR CONSTRUCTION, INC. F/K/A GLOBE RUBBER WORKS, INC. and ANNE ROCHE-SOMERVILLE, *Plaintiffs-in-Counterclaim,* <br><br> v. <br><br> GLOBE COMPOSITE SOLUTIONS, LTD. F/K/A KALM-FORSYTHE GLOBAL INNOVATIONS, LTD. and CARL W. FORSYTHE, *Defendants-in-Counterclaim.* | |

## REVISED OPPOSITION TO APPLICATION FOR RELIEF PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Globe Composite Solutions, Ltd. (Globe Composite) hereby opposes the Application for

Relief Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure of the defendants, Anne

Roche-Somerville, in her individual capacity and in her capacity as the Executrix of the Estate of

Richard C. Somerville and Solar Construction, Inc. f/k/a/ Globe Rubber Works, Inc. (Globe

Rubber) (collectively, the defendants).  In support of its opposition, Globe Composite states as follows:

The defendants seek that the court refuse Globe Composite's application for partial summary judgment or, in the alternative, order a continuance to permit the completion of Carl Forsythe's deposition and until such time as Globe Composite is able to produce the originals of certain documents signed by Richard C. Somerville.  On December 7, 2006, this court granted defendants six weeks to conduct additional discovery before having to file an opposition to Globe Composite's Motion for Partial Summary Judgment.  Since that time, the defendants have taken depositions of American General, Roger Fasnacht, and resumed but did not complete the deposition of Carl Forsythe.  Defendants also obtained a lengthy affidavit from Lincoln Financial Group in lieu of taking its deposition.  Mr. Forsythe was deposed for nearly seven hours on January 4, 2007 during which time he was questioned on many topics, including the subject insurance policies.  Defendants' application articulates no reason that additional questioning of Mr. Forsythe on this topic is necessary, especially in light of the fact that he was also questioned on this topic during his deposition on February 14, 2006.

Defendants also seek to postpone summary judgment until such time as Globe Composite produces the originals of certain documents signed by Richard C. Somerville.  However, defendants have already had an opportunity to question Mr. Fasnacht and Mr. Forsythe on the location of said original documents and Globe Composite has acknowledged to the defendants that it has been unable to locate them after conducting a diligent search.  An additional delay is unlikely to result in new information coming to light.

For the foregoing reasons, Globe Composite respectfully requests that the Court deny defendants' Application for Relief Pursuant to Rule 56(f) of the Federal Rules of Civil

2

Procedure.

By its attorneys,


/s/ Clare B. Burhoe
Evan T. Lawson, BBO# 289280
Clare B. Burhoe BBO# 632238
cburhoe@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, Massachusetts  02210
(617) 439-4990


## CERTIFICATE OF SERVICE

I, Clare B. Burhoe, hereby certify that on February 9, 2006 a true copy of the foregoing document was electronically filed with the Court and sent by first class mail to all counsel of record including Mark S. Furman and Jennifer C. Roman, Tarlow, Breed, Hart & Rodgers, PC, 101 Huntington Avenue, Suite 500, Boston, MA 02199. /s/ Clare B. Burhoe