UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTHE GLOBAL )<br>INNOVATIONS, LTD. )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD C. SOMERVILLE, ANNE )<br>ROCHE-SOMERVILLE, and )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. )<br>        Defendants. )<br>) | Civil Action No. 05 10323 DPW |
| RICHARD C. SOMERVILLE and )<br>SOLAR CONSTRUCTION, INC. F/K/A )<br>GLOBE RUBBER WORKS, INC. )<br>        Plaintiffs-in-Counterclaim )<br>)<br>v. )<br>)<br>GLOBE COMPOSITE SOLUTIONS, LTD. )<br>F/K/A KALM-FORSYTH GLOBAL )<br>INNOVATIONS, LTD. and )<br>CARL W. FORSYTHE )<br>        Defendants-in-Counterclaim ) | |

**JOINT MOTION TO EXTEND DEADLINE FOR SERVICE OF EXPERT
DISCLOSURES OF DEFENDANTS/PLAINTIFFS-IN-COUNTERCLAIM
AND DEADLINE FOR COMPLETING EXPERT DEPOSITIONS**

Globe Composite Solutions, Ltd., f/k/a Kalm-Forsythe Global Innovations, Ltd., and

Carl W. Forsythe (together, the "Globe Composite Parties"), and Anne Roche-Somerville,

individually and as executrix of the Estate of Richard C. Somerville, and Solar Construction,

Inc., f/k/a Globe Rubber Works, Inc. (together, the "Globe Rubber Parties") (hereinafter the

Globe Composite Parties and the Globe Rubber Parties are jointly referred to as the "Parties") jointly request that this Court (1) extend the time for service of the Globe Rubber Parties' expert disclosures to 30 days after a mediation has occurred among the Parties to the above-captioned matter or July 9, 2007, whichever is earlier; and (2) extend the expert deposition deadline to 30 days after the Globe Rubber Parties serve their expert disclosures. As grounds for this motion, the Parties state as follows:

1. The Globe Composite Parties served their expert disclosures on March 21, 2007.

2. The current expert disclosure deadline for the Globe Rubber Parties is April 27, 2007.

3. The current expert discovery deadline is May 25, 2007.

4. The Parties have agreed to schedule the matter for mediation.

5. The Parties expect to be able to identify a mutually agreeable mediator and schedule a date for the mediation within the next 45 days.

### The Schedules of Counsel and Experts

6. The schedules of counsel for the Globe Rubber Parties are such that an extension of time for the filing of the expert disclosures is necessary. At the time the current schedule was agreed upon, counsel for the Globe Rubber Parties understood that they were scheduled to begin a trial on March 19, 2007, in the Middlesex Superior Court in a case entitled *Premier Capital, LLC, as successor-in-interest to Tenth RMA Partners, L.P. v. Richard D. Crawford and Cynthia A. Crawford*, docket number 02-3950 (the "Middlesex Case"). The trial was expected to last for 2-3 days. In March, however, the

    trial in the Middlesex Case was rescheduled for April 17, 2007. A final pre-trial conference in the Middlesex Case was held on April 10, 2007. On April 13, 2007, counsel was advised that the trial would commence on April 18, 2007, instead of April 17, 2007. The trial did in fact commence on April 17, 2007.

7. Attorney Furman will be out of the country starting April 26, returning to the office on May 7, 2007.

8. Further, since the current schedule was set, a case in the Barnstable Probate and Family Court on which Attorney Roman is working, entitled *Grace J. Connelly f/k/a Grace J. MacDonald v. Bruce A. MacDonald*, docket number 98D-0745-DV (the "Barnstable Case"), was scheduled for trial on April 30, 2007.

9. Attorney Roman is planning to begin maternity leave on April 27, 2007.

10. Preparing for and handling the trial of the Middlesex Case and Attorney Roman's involvement in the trial preparation of the Barnstable Case, coupled with Attorney Furman's absence and Attorney Roman's upcoming maternity leave, impacts the ability of counsel for the Globe Rubber Parties to adequately prepare the expert disclosures.

11. The Globe Rubber Parties also have had difficulties with the schedules of experts. One expert, a CPA, has just completed tax season. A second expert, a valuation expert, is busy with other cases and is away on vacation the week of April 16, 2007. A third expert, a manufacturing expert, is unavailable from April 23, 2007 through April 26, 2007.

12. Counsel for the Globe Composite Parties have not yet been able to produce to the Globe Rubber Parties certain documents which are relevant and necessary to the preparation of the reports of the Globe Rubber Parties' experts, including but not limited to:

   a. The 2006 audited financial statement of Globe Composite;

   b. The closing documents for Globe Composite's SBA 504 loan;

   c. Globe Rubber Works, Inc.'s manufacturing procedures for baffles and gaskets; and

   d. Documents referenced in Globe Composite's baffle panel manufacturing procedure.

13. Counsel for the Globe Composite Parties expect to be able to produce some of these documents this week, but will only have other documents available for production in the next few weeks. For example, Counsel for the Globe Composite Parties do not know when Globe Composite's 2006 audited financial statement will be ready nor does Counsel know when they will be in a position to produce the SBA 504 loan closing documents.

**The Need To Extend The Time For Deposing Experts**

14. The Globe Composite Parties identified four experts in their disclosure. The Globe Rubber Parties may identify as many as five experts in their disclosure.

15. There is a strong possibility that the Globe Rubber Parties will seek to depose the three Globe Composite employees identified as potential expert witnesses by the Globe Composite Parties as well as their financial expert. Similarly, the Globe Composite Parties anticipate that they will seek to depose at least

4

some, if not all, of the Globe Rubber Parties' experts after they make their disclosures.

16. The current deadline for completing expert discovery is insufficient given the likely number of expert depositions that may be conducted (potentially upward of nine depositions), the longer than expected time needed to produce certain key documents, as well as the schedules of the Globe Rubber Parties' counsel and potential experts.

17. If the mediation results in the settlement of the case, the Parties will be able to save the substantial costs associated with the expert reports and expert depositions.

WHEREFORE, the Parties respectfully request that this Court (1) extend the time that the Globe Rubber Parties have for serving their expert disclosures to 30 days after a mediation of this matter or July 9, 2007, whichever is earlier; and (2) extend the expert deposition deadline to 30 days after the Globe Rubber Parties serve their expert disclosures.

Respectfully submitted,

Plaintiff/Defendant-in-Counterclaim, Globe Composite Solutions, Ltd. f/k/a Kalm-Forsythe Global Innovations, Ltd. and Defendant-in-Counterclaim Carl W. Forsythe,

By their attorneys,

/s/ Clare B. Burhoe
Evan T. Lawson (BBO# 658785)
elawson@lawson-weitzen.com
Clare B. Burhoe (BBO# 632238)
cburhoe@lawson-weitzen.com
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

- and -

Defendants/Plaintiffs-in-Counterclaim, Anne Roche-Somerville and Solar Construction, Inc. f/k/a Globe Rubber Works, Inc.

By their attorneys,

/s/ Jennifer C. Roman
Mark S. Furman (BBO# 181680)
Jennifer C. Roman (BBO# 643223)
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue
Boston, MA 02199
(617) 218-2000

Dated: April 20, 2007